U S Bankruptcy Court - Northern District of Illinois

219 S Dearborn Street

Chicago, IL 60604

KENNETH S. GARDNER, CLERK

Date  March 17, 2008

**FILED**

**MAR 1 7 2008**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois
Chicago, IL 60604

Re:  Case Number  08 A 00089

Case Name  Frances Gecker & Official Comm of Unsecured Cred vs. MARATHON FINANCIAL INSURANCE CO., INC. RRG

Bankruptcy Judge  Doyle

To Whom It May Concern:

Pursuant to Rule 5011 of the Federal Rules of Bankruptcy Procedure, transmitted herewith is the Motion for Withdrawal of Reference.

Filed By:  Michael J Durrschmidt

Previous District Court Judge (when applicable): _____

Previous Civil Case Number (when applicable): _____

KENNETH S. GARDNER, CLERK

**08CV1550
JUDGE DOW
MAG.JUDGE NOLAN**

By:  Ms. Charlie Green
Deputy Clerk
*Ms. Charlie Green*

cc:  Bankruptcy Judge & Party Who Filed Motion for Withdrawal of Reference

FILED
MAR 1 7 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE<br><br>AUTOMOTIVE PROFESSIONALS, INC.<br><br>Debtor<br><br>FRANCES GECKER, not individually but as Chapter 11 trustee of the bankruptcy estate of Automotive Professionals, Inc., and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS of Automotive Professionals, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON FINANCIAL INSURANCE CO., INC., RRG,<br><br>Defendant. | Case No. 07-6720<br>Chapter 11<br>Hon. Carol A. Doyle<br><br>**08CV1550**<br>**JUDGE DOW**<br>**MAG.JUDGE NOLAN**<br><br>Adversary No. 08-00089 |

## MARATHON FINANCIAL INSURANCE CO., INC.'S MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Defendant Marathon Financial Insurance Co., Inc., a Risk Retention Group ("**Marathon**") and files this its Motion to Withdraw the Bankruptcy Reference and Supporting Brief in Support Thereof and would show as follows:

1. Pursuant to 28 U.S.C. § 157(d) and, Federal Rule of Bankruptcy Procedure 5011, Marathon respectfully moves for an order of the District Court withdrawing the reference to the Bankruptcy Court regarding the Complaint filed by Frances Gecker, Chapter 11 Trustee (the "Trustee") of Bankruptcy Estate of Automotive Professionals, Inc., and the Official Committee of Unsecured Creditors ("Committee") of Automotive Professionals, Inc. against Marathon Financial Insurance Co., Inc., RRG (the "Complaint"). Pursuant to Bankruptcy Rule 5011(a) this

motion must be heard by a District Judge. B.R. 5011(a); *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996); *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 785 (9th Cir. 2007); *In re Horton*, 149 B.R. 49 (Bkrtcy. S.D.N.Y. 1992).

2. Marathon respectfully submits that withdrawal of the reference is appropriate here because a) the instant motion is timely; b) Marathon has demanded and is entitled to a jury trial; and c) the claims asserted in the Complaint are substantially non-core.

3. Marathon has demanded a jury trial. Marathon has not filed a proof of claim in the API bankruptcy case and is therefore entitled to a jury trial on the Trustee's fraudulent transfer claims and non-core claims. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782, 106 L.Ed. 2d 26 (1989). Marathon is entitled to a jury trial. Marathon does not and will not consent to that jury trial being conducted by the Bankruptcy Court. This motion to withdraw the reference is timely because the Complaint was filed February 15, 2008 and the time for Marathon to answer has not yet occurred.

## BACKGROUND FACTS

4. On or about April 13, 2008 Automotive Professional, Inc. ("API") filed for Chapter 11 Bankruptcy Relief in the Northern District of Illinois.

5. On or about June 11, 2007 the Bankruptcy Court appointed Frances Gecker as Chapter 7 Trustee of the API bankruptcy estate (the "Trustee").

6. On or about June 22, 2007, the U.S. Trustee organized a creditors committee (the "Committee").

7. No bar date has been set in the API bankruptcy case and Marathon has not filed a proof of claim in the API bankruptcy case.

8.  On February 15, 2008, the Trustee and the Committee filed an Adversary Complaint against Marathon regarding Marathon's pre-petition insurance contracts with API and their pre-petition business dealings. *See* Adversary Docket No. 1.

9.  On February 20, 2008, service was made on Marathon. *See* Adversary Docket. No. 4.

10. On February 29, 2008, Marathon filed its jury demand. See Adversary Docket No. 7. Marathon does not consent and will not consent to a jury trial conducted by the Bankruptcy judge.

## ARGUMENT

11. The District Court's power to withdraw a case from the Bankruptcy Court is derived from 28 U.S.C. § 157(d) which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). In the 1994 amendments Congress added sub-section (e) to section 157, which states:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157(e); *ABC-NACO, Inc. v. Klos Trucking, Inc.*, 2004 WL 728190 at *2 (N.D. Ill. March 31, 2004) ("A Bankruptcy judge may only conduct a jury trial with the express consent of the parties.")

12. The issue is whether the district court has designated the power to conduct jury trials to the bankruptcy court and whether the parties have consented. The answer to both questions must be yes for this case to stay in the bankruptcy court. Marathon does not and will not consent to jury trial in the bankruptcy court. A demand for a jury by a party entitled to same is cause for withdrawing the reference. *ABC-NACO, Inc. v. Klos Trucking, Inc.*, 2004 WL 728190 at *1 (N.D. Ill. March 31, 2004); *Paloian v. Carl Edward Trust (In re Pro Pak Services, Inc.)*, 2002 WL 31915808 at *2 (N.D. Ill. Dec. 31, 2002); *Wellman Thermal Systems Corp. v. Columbia Gas Co. (In re Wellman Thermal Systems Corp.)*, 2005 WL 4880619 at *3 (S.D. Ind. Oct. 5, 2005)(" ... the right to a jury trial is sufficient cause to withdraw the reference to bankruptcy court. *Matter of Grabell Corp.*, 967 F.2d 1152, 1156 (7th Cir. 1992) (holding where jury trial is required trial must be conducted in the district court; Bankruptcy Code does not authorize bankruptcy judges to conduct jury trials)"). Local Bankruptcy Rule of the United States Bankruptcy Court for the Northern District of Illinois 9015-1 B. ("Any bankruptcy judge designated to conduct a jury trial may conduct such a trial in any case, preceeding, or matter that may be heard under 28 U.S.C. § 157, withink which right to a jury trial exists, only upon consent of all parites.")

13. The issues to be resolved are: a) Is Marathon entitled to a jury trial; b) Are the Plaintiffs' claims core; and c) Are the Plaintiffs claims legal? In summary, Marathon is entitled to a jury trial; the Plaintiffs' claims are not core and all of the Plaintiffs' claims are legal in nature.

### MARATHON ENTITLED TO A JURY TRIAL

14. In *Granfinanciera, S.A. V. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782, 106 L.Ed. 2d 26 (1989), the U.S. Supreme Court ruled that the Seventh Amendment guarantees a party, such as Marathon, that has not filed a proof of claim a jury trial on a fraudulent transfer claim

pursuant to 11 U.S.C. § 548(a)(1) and (a)(2), where the claim is legal, as opposed to equitable in nature.

15. Marathon has not filed a claim against the API estate. The Trustee's causes of action involve private rights because they arise from issues involving pre-petition contract rights. Namely all of the Plaintiff's claims involve API and Marathon's pre-petition insurance contracts. Accordingly, the Seventh Amendment guarantees Marathon's right to a jury trial on Plaintiff's causes of action.

16. The Complaint filed by the Trustee seeks legal remedies in that it seeks the recovery of money damages. As such, Marathon is entitled to its Seventh Amendment right to a jury trial and since it has not filed a proof of claim, has not subjected itself to the equitable jurisdiction of the bankruptcy court or otherwise abrogated its Seventh Amendment right.

17. Bankruptcy courts are not authorized without the consent of all parties to conduct jury trials. *Klos Trucking, Inc.* at *2.

## CORE CLAIMS

18. It has been stated that whether a proceeding is core or non-core is the most important factor in deciding to withdraw the reference. *In re Comdisco Venture, Inc.*, 2004 WL 1375353 at *2 (N.D. Ill. June 18, 2004). However, the U.S. Supreme Court has decided that Congress' designation of a proceeding as core or non-core is not dispositive for Seventh Amendment purposes. *Granfinanciera*, 492 U.S. at 60-61, 109 S.Ct. at 2800. ("This purely taxonomic change cannot alter our Seventh Amendment analysis") In this case, several other factors work in favor of withdrawing the reference. Because the issues to be decided by this case are not unique to aspects of the Bankruptcy Code, withdrawing the reference will not negatively affect uniformity or efficiency of the bankruptcy administration. Further, since this withdrawal is requested very early in this litigation, there will be no increase in cost or delay occasioned by withdrawing the reference.

19. Withdrawing the reference now also is appropriate in light of considerations of judicial economy. This case involves non-core matters which are subject to *de novo* review by the district court. As such, it is a more efficient use of judicial recourses for the case to be tried in the district court. *In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997).

20. "[A] proceeding is a core ... if it invokes a substantive right provided by title 11 or if it is a proceeding that by its nature, could arise only in the context of a bankruptcy case. *Barnett v. Stern*, 909 F. 2d 973, 981 (7th Cir. 1990) (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Non-core proceedings are "...a claim of the debtor against a third party that can be determined without respect to bankruptcy laws,...and a claim against a stranger to the bankruptcy proceeding (e.g., one who has not filed a claim) based on pre-petition contract-based rights." *Wellman Thermal Systems Corp. v. Columbia Casualty Co. (In re Wellman Thermal Systems Corp.)*, 205 WL 4880619 AT *2 (S.D. Ind. Oct. 5, 2005) (citing *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990); *U.S. Brass Corp.*, 110 F.3d at 1268; *In re Apex Exp. Corp.*, 190 F. 3d 624, 631-633 (4th Cir. 1999); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1102 (2nd Cir. 1993) "Under Seventh Circuit case law, where the issue is the scope of coverage of insurance policies the matter is non-core proceeding." *Wellman Thermal* at *2-3 citing *U.S. Brass*, 110 F.3d at 1268.

21. The Plaintiffs claim for fraud in the inducement contained in Count I of the Complaint is non-core. *In re: R.H. Transport, Inc.*, 2003 WL 2270912 (5th Cir. 2003); *In re Cannon*, 277 F. 3d 838 (6th Cir. 2002); *CDX Liquidating Trust v. Venrock Assoc.*, 2005 WL 3953895 (N.D., Ill. 2005); *Steege v. Northern Trust Bank/ O'Hare, N.A.*, 1996 WL 332428 (N.D. Ill., 1996).

22. Plaintiffs fraudulent transfer claims contained in Counts II and III may at first blush be thought of as core proceedings; however, Plaintiffs also rely heavily on the Illinois state fraudulent transfer statute. In *Granfinanciera* it was held that the designation of a proceeding as

core or non-core is not dispositive of a party's right to a jury under the Seventh Amendment. *Granfinanciera*, 492 U.S. at 60-61, 109 S.Ct. at 2800. Furthermore, the Plaintiffs by their jury pleadings have pled themselves out of Count II and Marathon has filed contemporaneously herewith a Motion to Dismiss Count II. *See* Marathon's Motion i) to Dismiss Count I (Fraud in the Inducement) of the Adversary Complaint for Lack of Particularity; ii) Count II (Fraudulent Transfer) of the Adversary Complaint for Failure to State a Claim pursuant to B.R. 7012(b); and Motion to Strike the Committee as a Party Plaintiff for Lack of Standing.

23. Plaintiffs' breach of contract claims contained in Count IV of the Complaint is non-core. *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997); *In re K&R Express Systems, Inc.*, ___ F. Supp. 2d ___, 2007 WL 2461672 * 3 (N.D. Ill. 2007); *In re Basel-Johnson*, 366 B.R. 831, 837 (Bkrtcy. N.D. Ill., 2007).

24. The Plaintiffs' claim for promissory estoppel contained in Count V of the Complaint is non-core. The promissory estoppel relates to and arises out of pre-petition conduct between API and Marathon. Promissory estoppel arises outside the context of the bankruptcy case and the cause of action is a non-core related matter. That cause of action does not "...arise under the Bankruptcy Code in the strong sense that the Code itself is like the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by...state law". *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th cir. 1997). State law claims such as promissory estoppel have been found to be non-core in nature because of their tenuous relationship to the bankruptcy case. See, *Norak v. Lorenz (in re Novank)*, 116 B.R. 626, 627-28 (N.D. Ill. 1990); *Sokol v. Mass. Mut. Life Ins. Co. (In re Sokol)*, 60 B.R. 294, 296 (Bkrtcy. N.D. Ill 1986); *Steege v. N. Trust Bank /O'Hare N.A.*, 1996 WL 332128, at * 2 (N.D. Ill. June 13, 1996).

25. The Plaintiffs claims of unjust enrichment contained in count VI of the Complaint (page 30, paragraphs 130-138) is non-core. *MBNA America Bank, N.A. V. Hill*, 436 F.3d 104

(2nd Cir. 2006); *In re K&R Express Systems, Inc.*, ___ F. Supp. 2d ___, 2007 WL 2461672 (N.D. Ill. 2007); *In re Kaiser Steel Corp.*, 109 B.R. 968, 971 (D. Colo. 1989); *In re Winsted Memorial Hosp.*, 236 B.R. 556 (Bkrtcy. D. Conn., 1999); and *In re Daley*, 224 B.R. 307, 310 (Bkrtcy. S.D. N.Y. 1998).

26. The bankruptcy court lacks authority to conduct a jury trial of the trustee's claims regardless of whether the claims are designated as core or non-core. *Jefferson National Bank v. I.A. Durbin, Inc. (In re I.A. Durbin, Inc.)*, 62 B.R. 139, 146 (S.D. Fla. 1986) ("...a case does not become a core proceeding simply because it is within a 28 U.S.C. 157 (b)(2) technical description.")

27. The fact that the issue is important to the bankruptcy case does not make it core. *Diamond Mortgage Corp. v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990). "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *In the Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cr. 1997).

28. The claims against Marathon are based on the pre-petition insurance contracts and are therefore private rights between API and Marathon. "The type of dispute at issue only has some theoretical and indirect impact on the public act of debt restructuring...The resolution of the private right dispute is hardly at the core of restructuring debtor creditor relationships...[w]e must treat such a private rights dispute as a non-core matter." *In re Apex Exp. Corp.*, 190 F.3d 624, 632 (4th Cir. 1999).

## LEGAL CLAIMS

29. All of the claims alleged by the Trustee are legal in nature as the Trustee seeks monetary damages.

30. Whether Marathon is entitled to a jury trial, a two part examine must be undertaken to decide whether historically the claim could have been brought in a court of law or equity; and also whether the remedy sought is legal or equitable. *CDX Liquidating Trust v. Venrock Assoc.*, 2005 WL 3953895 at *3 (N.D. Ill. Aug. 10, 2002) quoting *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed. 2d 26 (1989). The nature of the underlying claim (legal or equitable), determines whether the right to a jury trial exists. An action to recover a fraudulent transfer, like a breach of contract claim, asserts a private right. This is so even though Congress designated avoidance of a fraudulent transfer as a core proceeding. *Granfinanciera*, 492 U.S. at 55 n.10, 109 S.Ct. at 2797 n.10.

31. The Plaintiffs in this case seek monetary damages for each claim; therefore, the claims are legal in nature and Marathon is entitled to a jury trial. *CDX* at *3. ("The remedy the Trustee seeks for all of these claims, however, is money damages. Because the nature of the remedy trumps historical labels, the Court finds "on balance, [that] these two factors indicate ... [defendants are] entitled to a jury trial" on the Trustee's claims. *Granfinanciera*, 492 U.S. at 42.

32. Recently, Judge Moran was faced with the issue of withdrawing the reference to a bankruptcy court. *Grochocinski v. La Salle Bank, N.A. (In re K&R Express Systems, Inc.)*, ___ F. Supp. ___, 2007 WL 2461672 (N.D. Ill. Aug. 23, 2007). Judge Moran's opinion dealt with the permissive provision of the first sentence of 28 U.S.C. §157(d) dealing with "cause" for withdrawing the reference. Judge Moran stated:

> The phrase "for cause shown" is not defined by the statute, but has been interpreted by case law to encompass consideration of a number of factors, including whether the claim or proceeding is core or non-core, considerations of judicial economy, convenience, the particular court's knowledge of the facts, promoting the uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial, *In re Sevko*, 143 B.R. at 117 However, the most important factor is whether a proceeding is core or non-core, as efficiency, uniformity and judicial economy concerns are largely subsumed within it. *In re Conseco*, 324 B.R. at 53.

*K&R Express*, 2007 WL 2461672 at *2 (N.D. Ill.). Next, Judge Moran considered whether the defendants were entitled to a jury trial, stating:

> The Supreme Court has established a two-part test to determine whether a claim is one in which a jury trial is afforded. First, the court must determine whether the action would historically have been brought in a court of law or a court of equity. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Second, and more importantly, we must examine the remedy sought and determine whether it is legal or equitable in nature. Id. Historically, breach of contract claims are claims at law, *Continental Cas. Co. v. Commonwealth Edison Co.*, 286 Ill.App.3d 572, 579, 221 Ill.Dec. 807, 676 N.E.2d 328 (Ill.App.Ct.1997), while breach of fiduciary duty and unjust enrichment sound in equity. *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 487 F.Supp. 999, 1005 (S.D.N.Y.1980); *Cora v. Rancilio Machine Per Caffe' S.P.A.*, 2003 U.S. Dist. LEXIS 11882 (N.D.Ill.2003). However, the remedy that the Trustee seeks in all claims is money damages. "Because the nature of the remedy trumps historical labels, the Court finds 'on balance, [that] these two factors indicate ... [defendants are] entitled to a jury trial' on Trustee's claims." In re CDX Liquidating Trust, 2005 U.S. Dist. LEXIS 16704, *9-10 quoting *Granfinanciera*, 492 U.S. at 42.

*K&R Express*, 2007 WL 2461672 at *3 (N.D. Ill.). Lastly, Judge Moran stated:

> All defendants here have demanded jury trials, and all have expressly refused to consent to the jurisdiction of the bankruptcy court. Such consent is a precondition to a jury trial in the bankruptcy court since without consent bankruptcy court determinations on non-core proceedings are not final, and are subject to de novo review by the district court. 157(c)(1). Such review of a jury verdict in the bankruptcy court would run afoul of the Seventh Amendment. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir.1990)

*K&R Express*, 2007 WL 2461672 at *4.

## CONCLUSION

For the reasons set forth above, Marathon respectfully requests that the District Court enter an order withdrawing the reference to the bankruptcy court of the Complaint by Frances Gecker, not individually but as Chapter 11 trustee of bankruptcy estate of Automotive Professionals, Inc., and the Official Committee of Unsecured Creditors against Marathon

Financial Insurance Co., Inc., RRG and grant Marathon such other and further relief as may be just and proper.

Respectfully submitted this ____ day of February, 2008.

        HIRSCH & WESTHEIMER, P.C.

        By: /s/ Michael J. Durrschmidt
           Michael J. Durrschmidt
           State Bar No. 06287650
           Eric S. Lipper
           Texas Bar No. 12399000
           Bank of America Center
           700 Louisiana, 25th Floor
           Houston, Texas 77002-2728
           TEL: (713) 220-9165
           FAX: (713) 223-9319
           Email: mdurrschmidt@hirschwest.com

        **COUNSEL FOR MARATHON FINANCIAL INSURANCE COMPANY, INC.**


        LAW OFFICES OF MARK A. SCHRAMM

        By: /s/ Mark A. Schramm
           Mark A. Schramm
           State Bar No. 06183571
           One East Wacker Drive, Suite 2850
           Chicago, Illinois 60601
           Telephone: (312) 222.9420
           Telecopier: (312) 222.9421
           Email: Marsch500@aol.com

        **LOCAL COUNSEL FOR MARATHON FINANCIAL INSURANCE COMPANY, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, facsimile and/or electronic mail by the Clerk of the Court via the ECM system, as listed below.

Joseph D. Frank
Micah R. Krohn
Reed A. Heiligman
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60610

William T Neary
U.S. Trustee
Office of the U.S. Trustee, Region 11
227 W. Monroe Street
Suite 3350
Chicago, IL 60606

Barry A Chatz
George P Apostolides
Joy E Levy
Miriam R. Stein
Arnstein & Lehr LLP
120 South Riverside Plaza Ste 1200
Chicago, IL 60606

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| AUTOMOTIVE PROFESSIONALS, INC. | § | Case No. 07-6720 |
| | § | Chapter 11 |
| | § | |
| Debtor | § | |
| | § | |
| _____ | § | |
| | § | |
| FRANCES GECKER, not individually but as | § | |
| Chapter 11 trustee of the bankruptcy estate of | § | |
| Automotive Professionals, Inc., and the | § | |
| OFFICIAL COMMITTEE OF UNSECURED | § | |
| CREDITORS of Automotive Professionals, Inc. | § | Adversary No. 08-00089 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| MARATHON FINANCIAL INSURANCE CO., | § | |
| INC., RRG, | § | |
| | § | |
| Defendant. | § | |

### ORDER ON MARATHON FINANCIAL INSURANCE CO., INC.'S MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE AND BRIEF IN SUPPORT THEREOF

Came on for consideration Marathon Financial Insurance Company, Inc., A Risk Retention Group's Motion to Withdraw the Bankruptcy Reference and Supporting Brief in Support Thereof and it appearing that the Motion should be GRANTED, it is therefore,

ORDERED, that the reference to the bankruptcy court of the Complaint by Frances Gecker, not individually but as Chapter 11 trustee of bankruptcy estate of Automotive Professionals, Inc., and the Official Committee of Unsecured Creditors against Marathon Financial Insurance Co., Inc., RRG is withdrawn.

SIGNED this _____ day of _____, 2008.

_____
DISTRICT JUDGE

APPROVED AND AGREED:

By: /s/ Michael J. Durrschmidt
    Michael J. Durrschmidt
    State Bar No. 06287650
    Eric S. Lipper
    Texas Bar No. 12399000
    Bank of America Center
    700 Louisiana, 25th Floor
    Houston, Texas 77002-2728
    TEL: (713) 220-9165
    FAX: (713) 223-9319
    Email: mdurrschmidt@hirschwest.com

**COUNSEL FOR MARATHON FINANCIAL INSURANCE COMPANY, INC.**
LAW OFFICES OF MARK A. SCHRAMM

By: /s/ Mark A. Schramm
    Mark A. Schramm
    State Bar No. 06183571
    One East Wacker Drive, Suite 2850
    Chicago, Illinois 60601
    Telephone: (312) 222.9420
    Telecopier: (312) 222.9421
    Email: Marsch500@aol.com

**LOCAL COUNSEL FOR MARATHON FINANCIAL INSURANCE COMPANY, INC.**

**U.S. Bankruptcy Court**
**Northern District of Illinois (Chicago)**
**Adversary Proceeding #: 08-00089**
Internal Use Only

**FILED**
MAR 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*Assigned to:* Honorable Judge Carol A. Doyle
*Related BK Case:* 07-06720
*Related BK Title:* Automotive Professionals, Inc.
*Related BK Chapter:* 11
*Demand:* $15000000

*Date Filed:* 02/15/08

*Nature[s] of Suit:*
14 Recovery of money/property - other
13 Recovery of money/property - 548 fraudulent transfer



08CV1550
JUDGE DOW
MAG.JUDGE NOLAN

**Plaintiff**
-----------------
**Frances Gecker, not individually but as Chapter 11 trustee of bankruptcy estate of Automotive Professionals, Inc.**

represented by **Micah R Krohn**
Frank/Gecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL 60610
312- 276-1400
Fax : 312- 276-0035
Email: mkrohn@fgllp.com
*LEAD ATTORNEY*

**Official Committee of Unsecured Creditors**

represented by **George P Apostolides**
Arnstein & Lehr LLP
120 S Riverside Plaza
Suite 1200
Chicago, IL 60606
312 876-7102
Fax : 312 876-0288
Email: gpapostolides@arnstein.com
*LEAD ATTORNEY*

This is to certify that the within and attached document is a full, true and correct copy of the original thereof as the same appears on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois
KENNETH S GARDNER
CLERK OF COURT
By Ms. Charlie Green
Deputy Clerk
Dated MAR 17 2008

V.

**Defendant**
-----------------
**Marathon Financial Insurance Co., Inc., RRG**

represented by **Michael J Durrschmidt**
Hirsch & Westheimer PC
700 Louisiana Suite 2550
Houston, TX 77002
713-220-9165
Fax : 713-223-9319
Email: mdurrschmidt@hirschwest.com

| Filing Date | # | Docket Text |
|---|---|---|
| 02/15/2008 | 1 | Adversary case 08-00089. (14 (Recovery of money/property - other)), (13 (Recovery of money/property - 548 fraudulent transfer)): Complaint by Frances Gecker, not individually but as Chapter 11 trustee of bankruptcy estate of Automotive Professionals, Inc., Official Committee of Unsecured Creditors against Marathon Financial Insurance Co., Inc., RRG. Fee Amount $250. Status hearing to |

| | | |
|---|---|---|
| | | be held on 3/27/2008 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit O# 16 Exhibit P# 17 Exhibit Q# 18 Exhibit R# 19 Exhibit S) (Krohn, Micah) (Entered: 02/15/2008) |
| 02/15/2008 | 2 | Summons Link Summons Issued on Marathon Financial Insurance Co., Inc., RRG Answer Due 03/17/2008 (Krohn, Micah) (Entered: 02/15/2008) |
| 02/15/2008 | 3 | Receipt of Complaint(08-00089) [cmp,cmp] ( 250.00) Filing Fee. Receipt number 8330663. Fee Amount $ 250.00 (U.S. Treasury) (Entered: 02/15/2008) |
| 02/20/2008 | 4 | Summons Service Executed on Marathon Financial Insurance Co., Inc., RRG 2/20/2008 (RE: [2] Summons Issued). (Krohn, Micah) (Entered: 02/20/2008) |
| 02/20/2008 | 5 | Amended Summons Service Executed on Marathon Financial Insurance Co., Inc., RRG 2/20/2008 (RE: [2] Summons Issued). (Krohn, Micah) Modified on 2/22/2008 to correct docket text to remove Amended (Green, Charlie). (Entered: 02/20/2008) |
| 02/22/2008 | 6 | CORRECTIVE ENTRY to correct docket text to remove Amended (RE: 5 Summons Service Executed). (Green, Charlie) (Entered: 02/22/2008) |
| 02/29/2008 | 7 | Jury Demand Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG. (Durrschmidt, Michael) (Entered: 02/29/2008) |
| 03/14/2008 | 8 | Notice of Motion and Motion to Dismiss Counts I, II and Comittee Standing of Adversary Proceeding Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG. (Attachments: # 1 Proposed Order) (Durrschmidt, Michael) Modified on 3/17/2008 **Notice of Motion missing, filer notified to file**(Green, Charlie). (Entered: 03/14/2008) |
| 03/14/2008 | 9 | Motion for Withdrawal of Reference. Fee Amount $150 Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG. (Attachments: # 1 Proposed Order) (Durrschmidt, Michael) (Entered: 03/14/2008) |
| 03/14/2008 | 10 | Receipt of Motion for Withdrawal of Reference(08-00089) [motion,mwdref] ( 150.00) Filing Fee. Receipt number 8473522. Fee Amount $ 150.00 (U.S. Treasury) (Entered: 03/14/2008) |
| 03/17/2008 | 11 | CORRECTIVE ENTRY Notice of Motion missing, filer notified to file (RE: 8 Motion to Dismiss Certain Counts of Adversary Proceeding, ). (Green, Charlie) (Entered: 03/17/2008) |
| 03/17/2008 | 12 | Answer to Complaint Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG. (Durrschmidt, Michael) (Entered: 03/17/2008) |
| 03/17/2008 | 13 | Corporate Disclosure Statement Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG. (Durrschmidt, Michael) (Entered: 03/17/2008) |