**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AUTOMOTIVE PROFESSIONALS, INC. | ) | Case No. 08 C 1550 |
| | ) | |
| Debtor, | ) | Hon. Robert M. Dow, Jr. |
| | ) | |
| FRANCES GECKER, not individually but as | ) | |
| Chapter 11 trustee of the bankruptcy estate of | ) | |
| Automotive Professionals, Inc., and the | ) | |
| OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS of Automotive Professionals, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARATHON FINANCIAL INSURANCE CO., | ) | |
| INC., RRG, | ) | |
| | ) | **Hearing Date:  March 27, 2008** |
| | ) | **Hearing Time:  9:15 a.m.** |
| Defendant. | ) | |

**TRUSTEE'S PRELIMINARY RESPONSE TO MARATHON FINANCIAL
INSURANCE CO., INC.'S MOTION TO WITHDRAW THE REFERENCE**

Frances Gecker (the "Trustee"), as Chapter 11 Trustee of the bankruptcy estate of
Automotive Professionals, Inc. ("API"), by her attorneys, submits this preliminary response (the
"Preliminary Response") to Marathon Financial Insurance Co., Inc.'s Motion To Withdraw the
Reference and Brief in Support Thereof (the "Withdrawal Motion"), and states as follows:

In the Withdrawal Motion, Marathon Financial Insurance Co., Inc., RRG ("Marathon")
seeks the withdrawal of the reference of this adversary proceeding (the "Adversary") on the sole
ground that it is allegedly entitled to a jury trial in the Adversary.  As set forth more fully in the
Trustee's Motion to Strike Jury Demand, filed in the Bankruptcy Court on March 20, 2008 (the
"Motion to Strike"), the Trustee disputes Marathon's right to a jury trial in the Adversary for a

number of reasons, including the following:

1.  By seeking affirmative relief from property of API's bankruptcy estate, in its affirmative defense of contributory or comparative negligence (*See* Marathon's Answer and Affirmative Defenses, ¶ 150), Marathon has submitted to the equitable jurisdiction of the Bankruptcy Court, and thus waived its right to a jury trial;

2.  By invoking the aid of the Bankruptcy Court, predicated on its standing as a creditor of API, to (a) deny a motion to dismiss API's bankruptcy case, and thus preserve property of API's estate for distribution to its creditors, and (b) enforce a third party's compliance with Marathon's subpoena in connection with a contested matter concerning whether certain property constituted property of API's bankruptcy estate, Marathon has submitted to the equitable jurisdiction of the Bankruptcy Court, and thus waived its right to a jury trial; and

3.  Under the Seventh Amendment of the Constitution, Marathon is not entitled to a jury trial on the Trustee's claims for equitable relief set forth in Count I (seeking the equitable remedy of rescission for fraud in the inducement), Count IV (seeking the equitable remedy of rescission for breach of contract), and on the Trustee's claims under the equitable doctrines of promissory estoppel (Count V) and unjust enrichment (Count VI).

(A true and correct copy of the Motion to Strike is attached hereto and incorporated into this Preliminary Response as Exhibit A.)

The Motion to Strike is scheduled to be heard by the Bankruptcy Court on March 27, 2008, at which time the Trustee anticipates that Marathon will seek leave to file a response, and that a briefing schedule will be set.

Because the Withdrawal Motion is predicated solely on Marathon's alleged right to a jury trial in the Adversary, and that issue is currently being adjudicated in the Bankruptcy Court, the Trustee requests that any further action in connection with the Withdrawal Motion be stayed pending the Bankruptcy Court's ruling on the Motion to Strike. Staying action on the Withdrawal Motion pending the Bankruptcy Court's ruling will prevent the risk of any inconsistent rulings between this Court and the Bankruptcy Court. Moreover, in the event that the Bankruptcy Court determines that Marathon is not entitled to a jury trial in the Adversary, the Withdrawal Motion will be moot.

In addition, Marathon will not be prejudiced by the temporary stay sought by the Trustee in that discovery has not yet commenced in the Adversary, the Trustee does not believe that the Adversary will be ready for trial for several months.

It is therefore fair and equitable, and in the best interests of API's estate and judicial economy, that any action on the Withdrawal Motion be stayed pending the Bankruptcy Court's ruling on the Trustee's Motion to Strike. However, in the event that this Court determines that briefing on the Withdrawal Motion should not be stayed, the Trustee requests leave to file an additional response thereto.

Respectfully submitted,

FRANCES GECKER, not individually, but as Chapter 7 Trustee of the bankruptcy estate of Automotive Professionals, Inc.

By: _____ /s/ Micah R. Krohn _____
One of her attorneys

Frances Gecker (ARDC #6198450)
Joseph D. Frank (ARDC #6216085)
Micah R. Krohn (ARDC #6217264)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60610
Phone: (312) 276-1400
Fax:    (312) 276-0035

Dated: March 24, 2008

## CERTIFICATE OF SERVICE

I, Micah R. Krohn, an attorney, hereby certify that on **March 24, 2008**, a true and correct copy of the foregoing **Trustee's Preliminary Response To Marathon Financial Insurance Co., Inc.'s Motion To Withdraw The Reference** was filed electronically. Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System.

*/s/ Micah R. Krohn*

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AUTOMOTIVE PROFESSIONALS, INC. | ) | Case No. 07 B 06720 |
| | ) | |
| Debtor, | ) | Hon. Carol A. Doyle |
| _____ | ) | |
| | ) | |
| FRANCES GECKER, not individually but as | ) | |
| Chapter 11 trustee of the bankruptcy estate of | ) | |
| Automotive Professionals, Inc., and the | ) | |
| OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS of Automotive Professionals, Inc., | ) | |
| | ) | Adversary No. 08-89 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARATHON FINANCIAL INSURANCE CO., | ) | |
| INC., RRG, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO STRIKE JURY DEMAND

Frances Gecker (the "Trustee"), as Chapter 11 Trustee of the bankruptcy estate of Automotive Professionals, Inc. ("API," or the "Debtor"), by her attorneys, respectfully requests the entry of an order, (a) pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure, applying Rule 39 ("Rule 39") of the Federal Rules of Civil Procedure striking the jury demand (the "Jury Demand") filed in this adversary proceeding by Marathon Financial Insurance Co., Inc., RRG ("Marathon"). In support thereof, the Trustee states:

### BACKGROUND

1.     On April 13, 2007, the Debtor filed its voluntary Chapter 11 bankruptcy petition, commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

2.      As set forth below, since the commencement of the Bankruptcy Case, Marathon has continuously asserted its rights as a creditor in the case. In fact, in the seven pleadings that Marathon filed seeking relief from the Bankruptcy Court prior to the commencement of the Adversary, Marathon predicated its right to relief on its standing as a creditor, identifying itself in every instance as "Marathon Financial Insurance Company, Inc. ("Marathon"), a creditor and party in interest." By way of example, the Trustee attaches hereto as Exhibit A Marathon's Objection to Emergency Motion For Appointment of a Chapter 11 Trustee [Docket No. 67].

3.      Marathon has appeared at virtually every hearing conducted in the case, taken discovery on several key issues, including issuing three subpoenas as an officer of this Court, and played an active role in defeating the Motion to Dismiss the Bankruptcy Case filed by Michael T. McRaith, the Director of the Illinois Division of Insurance (the "Director").

4.      On April 16, 2007, certain of API's creditors filed a Motion For Abstention, or in the Alternative, For the Appointment of a Chapter 11 Trustee (the "Motion to Appoint Trustee") [Docket No. 16]. Marathon filed its objection to the Motion to Appoint Trustee on April 16, 2007 [Docket No. 67].

5.      On April 27, 2007, the Director filed its motion to dismiss the Bankruptcy Case, arguing that, among other things, API is an insurance company or its substantial equivalent, and therefore ineligible for relief under the Bankruptcy Code, and the Bankruptcy Court lacked subject matter jurisdiction over API and its assets (the "Motion to Dismiss").

6.      Marathon strenuously opposed the Motion to Dismiss. In support of its objection, Marathon actively participated in the deposition of James Hawk, Sr., API's former president and CEO, actively participated in the hearing conducted by this Court on June 4, 2007 and June 6,

2007 (the "Hearing"), and filed a number of briefs, totaling more than 35 pages, in opposition to the motion, as follows:

- Objection of Marathon Financial Insurance Company, Inc.'s [sic] To State of Illinois' Motion To Dismiss [Docket No. 78]

- Marathon Financial Insurance Company, Inc.'s Opposition To And Response To Motion Of The People Of The State Of Illinois *Ex Rel* Michael T. McRaith, Director of Insurance of the State of Illinois, To Dismiss Chapter 11 Case [Docket No. 120]

- Marathon Financial Insurance Company, Inc., RRG's Brief That Automotive Professionals, Inc. Is Not An Insurance Company [Docket No. 137]

- Marathon Financial Insurance Company, Inc., RRG's Reply Brief To The State's Supplemental Memorandum [Docket 148]

7.     On June 12, 2007, after the Motion to Dismiss and the Motion to Appoint Trustee were fully briefed and the Hearing was concluded, the Bankruptcy Court declined to dismiss the Bankruptcy Case, and instead appointed the Trustee as Chapter 11 trustee for the Debtor's estate.

8.     Subsequently, on September 7, 2007, the Trustee filed her Motion to Pay Bond (the "Bond Motion"), pursuant to which the Trustee sought authorization to pay her Chapter 11 trustee's bond with reserve funds generated from the sale of API's vehicle service contracts ("VSCs"). On September 11, 2007, the Director filed his objection to the Bond Motion, initiating a contested matter, as to which the Court set a hearing date and discovery schedule.

9.     In connection with the Bond Motion, Marathon propounded Document Requests to the Trustee, to which the Trustee responded.  In addition, Marathon issued subpoenas, as an officer of this Court, to API's former officers, William Andrew, James Hawk, Sr. and Richard Hess.   Each of those individuals responded to the document requests set forth in those subpoenas.  (A copy of the subpoena that Marathon issued to James Hawk, Sr. is attached hereto as Exhibit B (the "Hawk Subpoena").)

10.    In fact, Marathon invoked this Court's jurisdiction to enforce the Hawk Subpoena after Mr. Hawk filed a motion to quash the subpoena [Docket No. 415]. Marathon filed a response to the motion to quash on October 24, 2007 [Docket No. 436], and at a hearing conducted on October 30, 2007, this Court denied Mr. Hawk's motion to quash [Docket No. 454].

11.    Ultimately, the Office of the United States Trustee substantially reduced the amount of the bond that the Trustee was required to post, and the Trustee generated a substantial amount of undisputed funds through settlements with automobile dealers, allowing the Trustee to withdraw the Bond Motion.

The Complaint

12.    On February 15, 2008, the Trustee and the Official Committee of Unsecured Creditors of API (the "Committee") filed a six count Complaint against Marathon, asserting both legal and equitable theories of relief in connection with a number of Vehicle Service Contract Reimbursement Policies that Marathon issued to API (the "Policies"), as follows:

Count I:      Fraud in the Inducement

Count II:     Avoidance of Fraudulent Transfers Regarding Insurance Premiums

Count III:    Avoidance of Fraudulent Transfers Regarding the Issuance of Marathon Policy M34164

Count IV:     Breach of Contract

Count V:      Promissory Estoppel

Count VI:     Unjust Enrichment

13.    On February 29, 2008, Marathon filed its Jury Demand in the Adversary.

14.    On March 14, 2008, Marathon filed its Motion to Dismiss, seeking the dismissal of Counts I and II, and challenging the standing of the Committee to assert the claims set forth in

the Complaint. On March 14, 2008, Marathon filed its Motion to Withdraw the Reference.

15.    On March 17, 2008, Marathon filed its Answer and Affirmative Defenses to the Complaint ("Ans.").

16.    Among its affirmative defenses, Marathon asserts the affirmative defense of contributory or comparative negligence. Ans., ¶ 150.

## RELIEF REQUESTED

17.    The Trustee requests the entry of an order, pursuant to Rule 39, striking the Jury Demand.

## BASIS OF THE RELIEF REQUESTED

18.    Rule 39(a) provides in relevant part that "[w]hen trial by jury has been demanded . . . [t]he trial of all issues so demanded shall be by jury, unless . . . the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."

A.    **By seeking the affirmative relief of contribution from property of the Debtor's estate, and otherwise invoking this Court's equitable jurisdiction throughout the Bankruptcy Case, Marathon has submitted to the equitable jurisdiction of this Court.**

19.    Marathon has submitted to this Court's equitable jurisdiction, and thus waived its right to a jury trial, by seeking the affirmative relief of contribution against the Debtor's estate, which, if successful, would effect an adjustment of the debtor-creditor relationship between the Debtor and Marathon, and directly impact the distribution of the Debtor's assets among the Debtor's other creditors. Ans., ¶ 150.

20.    In *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33 (1989), the Supreme Court articulated the standards for determining whether a party to an adversary proceeding in bankruptcy was entitled to a jury trial. *Id.* at 48-49. The Court held that because the Seventh

Amendment guarantees the right to a jury trial "in suits at common law," the right only applies to actions that are "legal in nature" which would have been decided in law courts rather than equity courts in 18th century England before the merger of those courts. *Id.* at 41-42.

21.    The Court used a three-part test to determine when a litigant, who had not submitted a claim against the bankruptcy estate, was entitled to a Seventh Amendment right to a jury trial:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the court of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.... The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder.

*Id.*

22.    In *Granfinanciera*, the Court held that the defendant in a fraudulent conveyance action was entitled to a jury trial where money payments of definite amounts were sought, and no facts were alleged that could give rise to an accounting or other form of equitable relief. *Id.* at 48-49.

23.    In a decision rendered after *Granfinanciera*, the Supreme Court held that a defendant that had filed a claim against the bankruptcy estate had effectively waived the right to a jury trial by triggering the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990).

24.    Since *Langenkamp*, the courts have consistently held that counterclaims and affirmative defenses filed in an adversary proceeding seeking relief from the Debtor's estate were tantamount to claims against the bankruptcy estate that would d vest the defendant of the

right to a jury trial. *See, e.g., In re Hedstrom Corp.*, 2006 WL 1120572, * 3 (N.D. Ill. Apr. 24, 2006); *In re Mantelman*, 2002 WL 922087, * 1 (N.D. Ill. May 6, 2002); *In re Iridium Operating LLC*, 285 B.R. 822, 831-34 (S.D.N.Y. 2002)); *In re Atlantic Internat'l. Mortg. Co.*, 334 B.R. 719, 721 (Bankr. M.D. Fla. 2005); *In re Glazer*, 248 B.R. 528, 533 (Bankr. N.D. Ohio 2000) (citing cases); *In re Commercial Financial Services, Inc.*, 251 B.R. 397, 406-08 (Bankr. N.D. Okla. 2000).

25.    The *Commercial Financial Services* court explained that a creditor that has chosen to participate in the allocation of the bankruptcy estate, by way of a defense that would affect the debtor-creditor relationship, has invoked the Bankruptcy Court's equitable jurisdiction and waived its right to a jury trial:

> This Court fails to see a distinction between obtaining something of value from the estate by filing a claim and obtaining something of value from the estate, *i.e.*, discharge of all or a portion of a debt to [debtor], by asserting setoff as a defense. In both cases, the estate may be diminished and [defendant] may be enriched. Nor can the Court comprehend how asserting the defense of setoff does not seek the restructuring of debtor-creditor relations between [debtor] and [defendant] in the most classic sense. Setoff, by its very definition, requires mutual *debts and claims*. 11 U.S.C. § 553(a). [Defendant] has "trigger[ed] the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." *Langenkamp*, 498 U.S. at 44, 111 S.Ct. at 331. By alleging a right of setoff, [Defendant] has chosen to participate (albeit in a limited manner) in the allocation of the bankruptcy estate.

*Id.*

26.    Like the defendant in *Commercial Financial Services*, Marathon has triggered the process of allowance and disallowance of claims, thereby subjecting itself to this Court's equitable jurisdiction. Marathon's affirmative defense seeking contribution from API's estate, if successful, would diminish API's estate and enrich Marathon just as if Marathon had filed a claim in the Bankruptcy Case, or asserted the affirmative defense of setoff.

27.    By asserting its contribution claim against the estate, Marathon has put the debtor-

creditor relationship directly at issue, and the resolution of that issue will directly impact the distribution of the Debtor's assets among the Debtor's other creditors. Thus, because Marathon seeks to elevate its claims against the Debtor's estate over the claims of the Debtor's other creditors, Marathon has submitted to this Court's equitable jurisdiction and thus waived its right to a jury trial.

28.    Moreover, Marathon has invoked this Court's equitable jurisdiction throughout the Bankruptcy Case. Marathon played an active role in defeating the Director's Motion to Dismiss, compelled the production of documents in connection with the Trustee's Bond Motion through document requests to the Trustee and three subpoenas that Marathon issued, as an officer of this Court, and successfully invoked the Court's power to enforce the Hawk Subpoena through a contested proceeding. In each case, Marathon predicated its standing before the Court on its status as a creditor of the Debtor's estate.

29.    Thus, where Marathon actively availed itself of the powers of this Court to prevent the dismissal of the Bankruptcy case and compel the production of documents from third parties, Marathon should not now be allowed to evade this Court's equitable jurisdiction in connection with the Trustee's claims to recover property of the Debtor's estate.

**B.    Marathon is not entitled to a jury trial on the Trustee's equitable claims.**

30.    Marathon has no right to a jury trial with respect to the equitable remedies sought in the Complaint. *Granfinanciera*, 492 U.S. at 48-49. The Complaint seeks the equitable relief of rescission in connection with the claims for fraud in the inducement (Counts I) and breach of contract (Count IV), and further seeks relief under the equitable doctrines of promissory estoppel (Count V) and unjust enrichment (Count VI).

31.     Therefore, in addition to the reasons set forth above, Marathon's jury demand should be stricken with respect to Counts I, IV, V and VI on account of the equitable relief sought therein.

WHEREFORE, Frances Gecker, not individually but as Chapter 11 trustee for the bankruptcy estate of Automotive Professionals, Inc., requests the entry of an order, pursuant to Rule 39, striking Marathon's Jury Demand, and granting such other relief as this Court deems just.

FRANCES GECKER, not individually, but as Chapter 11 Trustee of the bankruptcy estate of Automotive Professionals, Inc.


By: _____ /s/ Micah R. Krohn _____
                One of her attorneys


Frances Gecker (ARDC #6198450)
Joseph D. Frank (ARDC No. 6216085)
Micah R. Krohn (ARDC #6217264)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60610
Phone: (312) 276-1400
Fax:    (312) 276-0035

Dated: March 20, 2008

## CERTIFICATE OF SERVICE

I, Micah R. Krohn, an attorney, hereby certify that on **March 20, 2008**, a true and correct copy of the foregoing **Motion to Strike Jury Demand** was filed electronically. Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System.

/s/ Micah R. Krohn

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| AUTOMOTIVE PROFESSIONALS, INC. | § | Case No. 07-6720 |
| | § | Chapter 11 |
| | § | Hon. Carol A. Doyle |
| Debtor | § | |

## MARATHON FINANCIAL INSURANCE COMPANY, INC.'S
## OBJECTION TO THE EMERGENCY MOTION FOR APPOINTMENT
## OF A CHAPTER 11 TRUSTEE OR IN THE ALTERNATIVE FOR ABSTENTION
### [Docket No. 16]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Marathon Financial Insurance Company, Inc. ("Marathon"), a creditor and party in interest, and files this its Objection to the Emergency Motion for Appointment of a Chapter 11 Trustee or in the Alternative for Abstention and in support thereof, states as follows:

### RESPONSE TO EMERGENCY MOTION

1.      Marathon admits the allegations of paragraphs 1, 2, 3 and 4 of the Emergency Motion for Appointment of a Chapter 11 Trustee or in the Alternative for Abstention (the "Emergency Motion").

2.      Marathon lacks sufficient information to enable it to admit or deny the allegations of paragraph 5 of the Emergency Motion; however, Marathon does admit that Continental Insurance Services, Inc., Finance Builders, Inc., Independent Insurance Services, Inc., Jeff Frey & Associates, Performance Management Group, Inc. and Profit Portfolio ("Movants") are listed by the Debtor among the twenty largest creditors; and that the Debtor has scheduled the debt due to them as for commissions.

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

APR 2 7 2007

KENNETH S. GARDNER, CLERK
PB REP. - RD

20070235.20070341/277485.v1                    1

3.    Marathon admits the allegations of the first sentence of paragraph 6, but lacks sufficient knowledge to enable it to admit or deny the balance of paragraph 6 of the Emergency Motion.

4.    Marathon lacks sufficient knowledge to enable it to admit or deny the allegations of paragraphs 7, 8 and 9 of the Emergency Motion.

5.    Marathon admits the allegations of paragraphs 10, 11 and 12 of the Emergency Motion.

6.    Marathon lacks sufficient knowledge to enable it to admit or deny that "Due to API's refusal to pay claims ... an individual VSC holder and a vehicle dealer ..." sued, but admits that a suit was filed and admits the second sentence of paragraph 13 of the Emergency Motion.

7.    Marathon lacks sufficient knowledge to enable it to admit or deny the allegations of the first and third sentences of paragraph 14 of the Emergency Motion. Marathon denies the second sentence of paragraph 14 of the Emergency Motion.

8.    Marathon admits the allegations of paragraph 15 of the Emergency Motion.

9.    Marathon would refer the Court to the declaration of Mr. Andrew which is before the Court [Docket No. 14] for the full meaning of same, as such paragraph 16 of the Emergency Motion does not require a response, but for pleading purposes, Marathon denies the allegations of paragraph 16 of the Emergency Motion.

10.    Marathon denies the allegations of paragraph 17 of the Emergency Motion.

11.    Paragraphs 18-24 and 26 do not require a response as they are legal argument or prayers for relief.

## BACKGROUND FACTS

12.    On April 13, 2007, Automotive Professionals, Inc. (the "Debtor") filed for relief.

13.     On April 16, 2007, Continental Insurance Services, Inc , Finance Builders, Inc., Independent Insurance Services, Inc. Jeff Frey & Associates, Performance Management Group, Inc. and Profit Portfolio filed their Emergency Motion for the Appointment of a Chapter 11 Trustee or in the Alternative for Abstention.

14.     The Debtor is an administrator of vehicle service contracts ("VSCs") and oversees the administration of thousands of such contracts.  As such, the Debtor is eligible to seek relief under Title 11.  11 U.S.C. §109.

15.     The terms of the VSCs and the financial exposure of the Debtor and the insurance coverage behind the VSCs differ from state to state.

16.     It is important for the processing and timely honoring of the commitments under the VSCs for someone with knowledge of the differing terms of the VSCs and the differing terms of the coverage to be able to administer all of the VSCs for all of the customers in all of the states.  It is believed the Debtor has thousands of VSCs outstanding.

17.     This case presents issues that will be very difficult for a standing chapter 7 trustee (even if appointed as a Chapter 11 trustee) to address without extensive knowledge of the Debtors operations.   The assets will be difficult for an outsider to timely and effectively administer.  Given the nature of the VSCs, the number of the contracts, the number of bank accounts related to those contracts and the differing terms of the underlying coverage, it will be much more economical to allow management, with the assistance of Mr. Kayman and under this Court supervision to liquidate the Debtor's business.

18.     As the Movants acknowledge, Mr. Kayman has only been involved with the Debtor for a short period of time.  The Movants' attacks on Mr. Kayman are unwarranted and unfortunate.  In Marathon's experience, Mr. Kayman has attempted to formulate a business plan to process the claims under the VSCs and to keep the underlying coverage in place.  With the

20070235.20070341/227445.v1

benefit of hindsight, it is apparent that Mr. Kayman's assignment for the benefit of creditors could have been handled differently, but it was an honest and honorable attempt to operate the Debtor.

19.    Marathon is interested in having the VSCs administered in one jurisdiction and Marathon believes this can best occur under the Bankruptcy Code. Given the Debtor's filing in this Court, Marathon believes that the Debtor, with the assistance of Mr. Kayman should be given an opportunity to propose a plan. Marathon believes Mr. Kayman can put in place a mechanism to promptly allow for the payment of certain claims.

20.    Marathon believes i) that it is too soon to be moving for the appointment of a trustee; and ii) that management should be afforded an opportunity to propose a plan to allow the respective parties to honor their particular contracts. Marathon also believes that if there is a shortage in the reserve accounts, this may have an adverse effect, not only on dealers, but also the insurance companies that have the coverage behind the Debtor.

## LEGAL ARGUMENT

21.    The Movants state that they are aware that the appointment of a Chapter 11 trustee is an extraordinary remedy and that the evidence to support an appointment of a Chapter 11 Trustee must be clear and convincing. *See* Emergency Motion, ¶19.

22.    Bankruptcy Judge Gerber, in January 2006, wrote extensively regarding the appointment of a Chapter 11 trustee in the *Adelphia* case. *In re Adelphia Communications Corp.*, 336 B.R. 610 (Bankr. S.D.N.Y. 2006). Judge Gerber, relying on cases from across the nation, noted that:

        i.    The standard for the appointment of a Chapter 11 trustee is very high.

        ii.    Chapter 11 of the Bankruptcy Code is designed to allow the debtor to retain management and control of the debtor.

iii. There is a strong presumption for the debtor to remain in possession, as the appointment of a Chapter 11 Trustee is an "extraordinary remedy".

iv. Appointment of a trustee is the exception, not the rule.

v. The movant for a Chapter 11 trustee has the clear and convincing burden to show cause under Section 1604(a)(1) or (a)(2).

vi. The court has wide discretion to decide whether cause exists under Section 1104(a).

vii. Section 1104(a)(1) requires the showing of fraud, dishonesty, incompetence or gross mismanagement of the debtor's affairs by management.

viii. Under Section 1104(a)(2), the court should engage in a factual analysis regarding the pros and cons of the appointment of a Chapter 11 trustee, but all the while mindful of the principles that the appointment is the exception and an extraordinary measure.

ix. Under Section 1104(a)(2) factors to be considered are:

    a)     Trustworthiness of the debtors.

    b)     Management's past and present performance and prospects for rehabilitation.

    c)     The confidence of the business community and creditor body in management.

    d)     The benefits of the appointment of a trustee balancing the costs associated therewith.

*Adelphia*, 336 B.R. at 654-658 [citations omitted].

23.    In the present case, there is no evidence of cause for the appointment of a Chapter 11 trustee under Section 1104(a)(1). There is no fraud, dishonesty, incompetence or gross mismanagement; which seems to be conceded by the Movants. The Movants state in paragraph 21 of their Emergency Motion that they ask that the appointment of a Chapter 11 Trustee be made in the best interest of creditors, which is the request under Section 1104(a)(2).

24.    Marathon believes that a significant factor mitigating against the need for the appointment of a trustee is the very fact that the Debtor filed for bankruptcy relief. That event (the filing) together with the retention of Mr. Kayman and counsel for the Debtor provide all of the creditors with protection because of the fiduciary duty owed to the creditor body. These steps, together with the Court's supervision, will enable a timely, economical and feasible plan to be proposed by the Debtor which will allow the VSCs to be properly administered. In proposing Chapter 11, Congress recognized that benefits were inherent in leaving management in place with the expectation that management could and would carry out the fiduciary duties imposed on them by the Code. *In re Sun Cruz Casinos, LLC*, 298 B.R. 821, 830 (Bankr. S.D. Fla. 2003).

25.    Marathon does not believe that allowing multiple jurisdictional disputes regarding the VSCs and the insurance policies underlying same will ultimately be in the best interest of creditors. For example, a suit has been filed against Brokerage Professionals, Inc., James H. Hawk, Hannover Reinsurance Limited, Michael Kayman, Allen D. Kreke, William D. Ligon, Lockton Insurance Agency of Dallas, Inc., Marathon Financial Insurance Co., Inc. and Swiss Reinsurance American Corp. in the 270th Judicial District of Texas, under Cause No. 2007-22079 (the "Texas Case"). In that suit, a number of Gillman car dealerships sued over the handling of the Debtor's contracts and Mr. Kayman's handling of the assignment for the benefit of creditors. The plaintiffs in the Texas Case also attack the Debtor's contracts with its insurance carriers, those contracts are property of this estate and need to be administered in one forum, not

in multiple jurisdictions which could possibly have an adverse affect on the Debtor's ability to honor its VSCs.

26.     The Movants ignore the burdens, rights and powers conferred upon a debtor in possession pursuant to 11 U.S.C. §1107. "Chief among these … is that the debtor in possession is a *fiduciary* to all of its creditors and equity security holders." *In re Bellevue Place Assoc.*, 171 B.R. 615, 623 (Bankr. N.D. Ill. 1994). The Movants make no allegation of self dealing against the Debtor's management or Mr. Kayman. The Movants do not allege that the Debtor, together with Mr. Kayman, cannot fulfill their fiduciary duties under the Code. The only allegation is contained in what appears to be exaggerated statements of fact that there has been some degree of incompetence or mismanagement pre-petition. However, one would expect a certain amount of that to occur, otherwise the Debtor would not be in bankruptcy and certainly something more egregious is necessary for the appointment of a trustee. *Schuster v. Dragone*, 266 B.R. 268, 272 (D.Conn. 2001); *In re Clinton Centrifuge*, 85 B.R. 980, 983-84 (Bankr. E.D. Pa. 1988); *In re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 644-45 (Bankr.E.D.N.Y. 1980).

**Abstention**

27.     Abstention is not an appropriate remedy. This Court has original and exclusive jurisdiction over this case. 28 U.S.C. §1334(a), Section 1334(c) allows a court to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. §1334(c). Section 1334(c) does not authorize the bankruptcy court to abstain from the entire case, but merely a proceeding arising within the case.

28.     It is unclear what proceeding the Movants wish the Court to abstain from unless it is the entire bankruptcy case. This is not permissible. Further, the bankruptcy court with its nationwide service of process and nationwide jurisdiction is the logical forum for resolution of the issues arising in this case.

## The Court should refuse to hear from Movants

29.    Bankruptcy Rule 2019 requires counsel for movants to file a verified statement regarding their multiple creditor representations to allow the court to ascertain whether any conflicts exist.  Bankruptcy Rule 2019(a) states:

> a) Data required
>
> In a chapter 9 municipality or chapter 11 reorganization case, except with respect to a committee appointed pursuant to § 1102 or 1114 of the Code, every entity or committee representing more than one creditor or equity security holder and, unless otherwise directed by the court, every indenture trustee, shall file a verified statement setting forth (1) the name and address of the creditor or equity security holder; (2) the nature and amount of the claim or interest and the time of acquisition thereof unless it is alleged to have been acquired more than one year prior to the filing of the petition; (3) a recital of the pertinent facts and circumstances in connection with the employment of the entity or indenture trustee, and, in the case of a committee, the name or names of the entity or entities at whose instance, directly or indirectly, the employment was arranged or the committee was organized or agreed to act; and (4) with reference to the time of the employment of the entity, the organization or formation of the committee, or the appearance in the case of any indenture trustee, the amounts of claims or interests owned by the entity, the members of the committee or the indenture trustee, the times when acquired, the amounts paid therefor, and any sales or other disposition thereof. The statement shall include a copy of the instrument, if any, whereby the entity, committee, or indenture trustee is empowered to act on behalf of creditors or equity security holders. A supplemental statement shall be filed promptly, setting forth any material changes in the facts contained in the Statement filed pursuant to this subdivision.

B.R. 2019(a); *In re Oklahoma P.A.C. First Ltd. Partnership*, 122 B.R. 387 (Bankr. D. Ariz. 1990)  The law firm of Arnstein & Lehr, LLP has appeared in this case, and the case styled *Lewis et al. v. Marathon Financial Insurance Co., et al.*, Case No. 07 C 1508 pending in the United States District Court for the Northern District of Illinois for the Eastern Division (the "Illinois Case") and is representing numerous claimants and parties in interest, each of whom have differing interests in this case.  In the Illinois Case, Arnstein & Lehr, LLP seek to represent all consumer owners of VSCs and automobile dealers of VSC.   It is believed that those

constituents in this case will have adverse interests in how the VSCs are administered. As such, this Court should require the law firm to withdraw and refuse to hear argument of the Movants until that time. *Id*

WHEREFORE PREMISES CONSIDERED, Marathon Financial Insurance Company, Inc. prays that the Court deny the Emergency Motion for Appointment of a Chapter 11 Trustee or in the Alternative for Abstention, allow the Debtor to retain Mr. Keyman and its bankruptcy counsel, and for such other and further relief as is just.

Respectfully submitted this _2 7_ day of April, 2007.

LAW OFFICES OF MARK A. SCHRAMM

By: _____
Mark A. Schramm
Ill. Atty No. 06183571
One East Wacker Drive, Suite 2850
Chicago, Illinois 60601
Telephone: (312) 222.9420
Telecopier: (312) 222.9421
marsch500@gmail.com
**LOCAL COUNSEL FOR MARATHON
FINANCIAL INSURANCE COMPANY,
INC.**

LEAD COUNSEL (pending *pro hac vice)*:
Michael J. Durrschmidt
Texas Bar No. 06287650
Eric S. Lipper
Texas Bar No. 12399000
Hirsch & Westheimer, P.C.
700 Louisiana, Suite 2550
Houston, Texas 77002-2772
Telephone Phone: (713) 220-9165
Telecopier: (713) 223-9319

20070235.20070341/277405.v1

9

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by email transmission as listed below and on the attached service list on April 27, 2007.

| | | |
|---|---|---|
| George P. Apostolides<br>Arnstein & Lehr, LLP<br>120 S. Riverside Plaza, Suite 1200<br>Chicago, IL 60606 | Erich S Buck<br>Reed Smith LLP<br>10 S. Wacker Drive, Suite 4000<br>Chicago, IL 60606 | U.S. Trustee<br>William T. Neary<br>Office of the U.S. Trustee, Region 11<br>227 W. Monroe Street, Suite 3350<br>Chicago, IL 60606 |
| Gary E. Green, Esq.<br>Clark Hill PLC<br>150 North Michigan, Suite 2400<br>Chicago, Illinois 60601-7553 | Mary Cannon Veed<br>Arnstein & Lehr, LLP<br>120 South Riverside Plaza, Suite 1200<br>Chicago, IL 60606 | Barry A. Chatz<br>Arnstein & Lehr, LLP<br>120 S. Riverside Plaza, Suite 1200<br>Chicago, IL 60606 |
| Miriam R. Stein<br>Arnstein & Lehr, LLP<br>120 S. Riverside Plaza, Suite 1200<br>Chicago, IL 60606 | Matthew A. Swanson<br>Shaw Gussis Fishman Glantz Wolfson & Towbin LLC<br>321 North Clark Street, Suite 800<br>Chicago IL 60610 | Jeffrey B. Rose<br>Tishler & Wald, Ltd.<br>200 South Wacker Drive, Suite 3000<br>Chicago, IL 60606 |
| Bruce L. Wald<br>Tishler & Wald, Ltd.<br>200 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Kenneth G. Kubes<br>Reed Smith LLP<br>10 S. Wacker Drive, Suite 4000<br>Chicago, IL 60606 | Natalia K. Rzepka<br>Tishler & Wald, Ltd.<br>200 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Stephen T. Bobo<br>Reed Smith LLP<br>10 S. Wacker Drive, Suite 4000<br>Chicago, IL 60606 | Peter J. Roberts<br>Wolfson & Towbin LLC<br>321 North Clark Street, Suite 800<br>Chicago IL 60610 |

Mark A. Schramm

# EXHIBIT B

Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____     District of _____ Illinois _____

In re Automotive Professionals, Inc.
            Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. *                    07-6720

Chapter                    11

To: Jim Hawk
    Automotive Professionals, Inc.
    1002 East Algonquin Road
    Schaumburg, IL 60173

☐. YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place of Deposition  The Law Offices of Mark A. Schramm<br>One East Wacker Dr., Chicago IL 60601 | DATE AND TIME<br><br>October 26, 2007 at 9:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See Attached Exhibit "A"**

| PLACE  700 Louisiana, Suite 2550<br>Houston, Texas 77002 | DATE AND TIME<br><br>By 5:00 a.m. on October 26, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | DATE AND TIME |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE<br><br>9/17/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Michael J. Durrschmidt, Hirsch & Westheimer, P.C., 700 Louisiana, Suite 2550, Houston, TX 77002 (713) 220-9165

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the ...



Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 09/17/07 | 1002 East Algonquin Road, Schaumburg, IL 60173 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jim Hawk | Certified Mail, RRR and Regular Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Michael J. Durrschmidt | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____9/17/07_____
            DATE

SIGNATURE OF SERVER

Address of Server  700 Louisiana, Suite 2550
Houston, Texas 77002

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| AUTOMOTIVE PROFESSIONALS, INC. | § | Case No. 07-6720 |
| | § | Chapter 11 |
| | § | Hon. Carol A. Doyle |
| Debtor | § | |

### NOTICE OF INTENT TO TAKE ORAL
### DEPOSITION OF JIM HAWK
### AND SUBPOENA DUCES TECUM

TO:   Jim Hawk, 1002 East Algonquin Road, Schaumburg, IL 60173

YOU WILL TAKE NOTICE that the oral deposition of Jim Hawk ("Deponent") be taken by a certified court reporter in the law offices of Mark A. Schramm, One East Wacker Dr., Chicago, Illinois 60601, telephone (312) 222-9420, commencing on October 26, 2007 at 9:00 a.m. Such deposition will continue from day to day until completed. This deposition may be videotaped. The deposition will be taken pursuant to the Federal Rules of Bankruptcy Procedure, and may be used at the trial of this cause.

The deposition will relate to and regard the issue of whether the funds held by Automotive Professionals, Inc. ("API") in segregated accounts now held by the Frances Gecker, Chapter 11 Trustee of API are property of the API bankruptcy estate; are funds solely held for the benefit of others; or are trust funds.

Pursuant to Rules 7030 and 7034 of the Federal Rules of Bankruptcy Procedure, the Deponent is required to produce at or before 9:00 a.m. on October 26, 2007 the originals or exact copies of all documents listed and defined on the attached Exhibit "A", which is incorporated herein by reference for all purposes.

HIRSCH & WESTHEIMER, P.C.

By: _____
Michael J. Durrschmidt
State Bar No. 06287650
Bank of America Center, 25th Floor
700 Louisiana
Houston, Texas 77002-2728
Telephone: (713) 220-9165
Telecopier: (713) 223-9319

OF COUNSEL:

HIRSCH & WESTHEIMER, P.C.

ATTORNEYS FOR MARATHON FINANCIAL
INSURANCE CO., INC RRG

20070235.20070341/286681.v1

2

## CERTIFICATE OF SERVICE

· I certify that a true and correct copy of the foregoing Notice of Intent to Take Oral Deposition of Jim Hawk with Subpoena Duces Tecum was served by first class mail, postage prepaid on September 17, 2007 to the party listed below and on the attached service list.

Jim Hawk
Automotive Professionals, Inc.
1002 East Algonquin Road
Schaumburg, IL 60173

Michael J. Durrschmidt

## CERTIFICATE OF SERVICE

I certify that a true and correct coy of the foregoing Notice of Intent to Take Oral Deposition of Jim Hawk with Subpoena Duces Tecum was served by first class mail, postage prepaid on September 17, 2007 to the party listed below.

Jim Hawk
Automotive Professionals, Inc.
1002 East Algonquin Road
Schaumburg, IL 60173

Michael J. Durrschmidt

## SERVICE LIST

### VIA COURT'S ELECTRONIC MAIL SYSTEM:

fgecker@fgllp.com
gpapostolides@arnstein.com
tangspurger@llgm.com
pivanick@llgm.com
sbobo@reedsmith.com
ebuck@reedsmith.com
ggreen@clarkhill.com
kkubes@reedsmith.com
alevicoff@lsandd.net
phbarco@lsandd.net
mmessersmith@kayescholer.com
keanderson@kayescholer.com
USTPRegion11.ES.ECF@usdoj.gov
proberts@shawgussis.com
jrose@tishlerandwald.com
nrzepka@tishlerandwald.com
aschaeffer@bellboyd.com
mrstein@arnstein.com
mswanson@shawgussis.com
bwald@tishlerandwald.com
peter.young@kattenlaw.com
jfrank@fgllp.com
zzielinski@fgllp.com
dgramlich@llgm.com
cbarr@lordbissel.com
kcarlson@tishlerandwald.com
jdelnero@bellboyd.com
drosenberg@bellboyd.com
micahkrohn@fgllp.com
manderson@lordbissel.com
marsch500@gmail.com
nnewman@muchshelist.com
dimitri.karacazes@goldbergkohn.com
jrodin@atg.state.il.us
mcveed@arnstein.com
Richard.C.Friedman@usdoj.gov
rrichards@sonnenschein.com
pwaters@sonnenschein.com

**VIA U.S. MAIL:**

Frederick T. Johnson
Dobrowski LLP
1010 Lamar
Suite 1350
Houston, TX 77002

Tracey A. Jordan
Clausen Miller PC
10 S LaSalle Street
Chicago, IL 60603

Anthony G. Stamato
Kaye Scholer LLC
70 W. Madison St., Suite 4100
Chicago, IL 60602

Andrew M. Porter
Todd & Weld LLP
28 State Street
Boston, MA 02109

Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606

Robert M. Spalding
Kaye Scholer LLC
70 W. Madison Street
Suite 4100
Chicago, IL 60602

Dylan G. Trache
Wiley Rein LLP
7925 Jones Branch Drive, Ste. 6200
McLean, VA 22102

Carl H. Poedtke
DLA Piper US LLP
203 North LaSalle Street, Ste. 1900
Chicago, IL 60601-1293

Charles Primus
475 Broad Street
New London, CT 06320

Alexander Laughlin
Wiley Rein LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA 22102

Ronald Baug
c/o UAW Legal Services
Towers Office Park, Ste. 361
1200C Scottsville Rd
Rochester, NY 14624

## Definitions and Instructions

Definitions:

1.     The terms "document", "documents" or "documentation" mean any written, recorded or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or a copy, including, but not limited to, the following:  memoranda, reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, promissory notes, extension and renewal agreements, interoffice and intra-office communications, contracts, cables, notations of any sort of conversation, telephone call, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, rejections, comparisons, messages, correspondence, financial statements, reviews, opinions, offers, studies and investigations, and worksheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, video tape, recordings and motion pictures) and electronic, mechanical and electric records or representation of any kind, (including, without limitation, tapes, disks, and recordings) and other written, printed, typed or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, or video tape.

2.     "Pertaining to" or "Concerning" as used herein means concerning, including, evidencing, managing, referring, or relating, indirectly or directly, to the specified subject matter or any aspect or portion thereof.

3.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

4.    The word "or" is inclusive, referring to any one or more of the disjoined words or phrases, and "any" and "all" also include "each and every."

5.    Singular and masculine forms of any nouns or pronouns shall embrace and be applied as the plural or as the feminine or neuter, as appropriate to the context, and vice versa.

6.    "Debtor" shall mean Automotive Professionals, Inc. the debtor in Case No. 07-6720.

Instructions:

1.    Each category following is to be construed and responded to independently and not to be referenced to any other item herein for purposes of limitation.

2.    Documents produced pursuant to this Request should be tendered either in the precise form or manner as they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in this Request.

3.    If any party named hereinabove has ever had any of the documents referred to herein in his possession, custody, or control, but does not now, that party is requested to state the following with respect to each such document:

a.    The present location thereof, if known, or all reasons why the party cannot or does not know the location thereof;

b.    The date each such document left the possession, custody, or control of the party;

c.    The reasons why each such documents is not now in the possession, custody, or control of the party; and

d.    The names and addresses of all persons having knowledge about the matters inquired about in the immediately preceding paragraphs (a) through (d).

4.      If any document requested herein has been destroyed, you are requested to describe in detail the circumstances of and reasons for such destruction and to produce all documents which relate to either the circumstances or the reasons for such destruction.

5.      If any documents requested herein is withheld under the claim of privilege, or is not produced for whatever reason, you are requested (1) to state with specificity the claims of privilege or other reasons used to withhold production; and (2) to identify each document by date, author and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted.  You are further requested to produce those portions of any such document which are not subject to a claim of privilege or other reason for non-production by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

6.      These document requests are continuing in nature.  If further information or documents come into your possession, or are brought to your attention, during preparation for trial or during trial, supplementation of your response may be required.

## EXHIBIT "A"

1.    Produce a true and correct copy of each and every MPP Contract by and between API and any Dealer.

2.    Produce a true and correct copy of each accounting of all "Reserve Claim Escrow Accounts" maintained or established by API for any Dealer.

3.    Produce a true and correct copy of each accounting describing bank and/or brokerage accounts maintained or established by API as identified on Exhibits "A" and "B".

4.    Produce a true and correct copy of each December 2006 bank account statement for any and all "Reserve Claim Escrow Accounts" maintained or established by API for any Dealer.

5.    Produce a true and correct copy of each December 2006 bank and/or brokerage account statement for any and all bank and/or brokerage accounts maintained or established by API as identified on Exhibits "A"[1] and "B"[2].

6.    Produce a true and correct copy of the December 2006 bank and/or brokerage account statement for the account identified in API's response to Schedule B-2 as "Marathon DDA; JP Morgan Chase #114-731527- $3,470,969.05.

7.    Produce a true and correct copy of each January 2007 bank account statement for any and all "Reserve Claim Escrow Accounts" maintained or established by API for any Dealer.

8.    Produce a true and correct copy of each January 2007 bank and/or brokerage account statement for any and all bank and/or brokerage accounts maintained or established by API as identified on Exhibits "A" and "B".

---

[1] The information in Exhibit "A" is from the API's Schedule B-2 and Attachment B-2.
[2] The information in Exhibit "B" is from API's response to question #14 of API's Statement of Financial Affairs.

9.     Produce a true and correct copy of the January 2007 bank and/or brokerage account statement for the account identified in API's response to Schedule B-2 as "Marathon DDA; JP Morgan Chase #114-731527- $3,470,969.05".

10.     Produce a true and correct copy of each February 2007 bank account statement for any and all "Reserve Claim Escrow Accounts" maintained or established by API for any Dealer.

11.     Produce a true and correct copy of each February 2007 bank and/or brokerage account statement for any and all bank and/or brokerage accounts maintained or established by API as identified on Exhibits "A" and "B".

12.     Produce a true and correct copy of the February 2007 bank and/or brokerage account statement for the account identified in API's response to Schedule B-2 as Marathon DDA; JP Morgan Chase #114-731527- $3,470,969.05.

13.     Produce a true and correct copy of the signature card for the bank and/or brokerage accounts maintained or established by API as identified on Exhibits "A" and "B".

14.     Produce a true and correct copy of the signature card for the bank and/or brokerage account statement for the account identified in API's response to Schedule B-2 as "Marathon DDA; JP Morgan Chase #114-731527 - $3,470,969.05".

15.     Produce a true and correct copy of any and all correspondence, document or e-mail from API or to API regarding the bank and/or brokerage accounts maintained or established by API as identified on Exhibits "A" and "B"; and for the account identified in API's response to Schedule B-2 as "Marathon DDA; JP Morgan Chase #114-731527 - $3,470,969.05".

16.     Produce a true and correct copy of API's 2005 audited financial statements.

LISTING OF OBLIGOR TRUST ACCOUNTS

CM/# 20070235-20070341

| | A HELD AT | B MGMT CODE | C FUND | D ACCOUNT | E ADMIN OBLIGOR | F DEALER | G INSURER | H TRADE DATE | I GROSS AMOUNT | J TOTAL SHARES |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | JP Morgan Chase | CM | 283 | 30002803 | 400 | 400 | Marathon | 3/30/07 | $2,237.47 | $543,925.51 |
| 2 | JP Morgan Chase | CM | 283 | 30002816 | 400 | 600 | Marathon | 3/30/07 | $943.46 | $230,571.77 |
| 3 | JP Morgan Chase | CM | 283 | 29980005 | 600 | 600 | Marathon | 3/30/07 | $389.18 | $94,603.45 |
| 4 | JP Morgan Chase | CM | 283 | 30002857 | 600 | 600 | Marathon | 3/30/07 | $355.02 | $355,502.70 |
| 5 | JP Morgan Chase | CM | 283 | 30002658 | 600 | 600 | Marathon | 3/30/07 | $1,482.36 | $243,151.53 |
| 6 | JP Morgan Chase | CM | 283 | 30002669 | 600 | 600 | Marathon | 3/30/07 | $1,000.22 | $239,374.93 |
| 7 | JP Morgan Chase | CM | 283 | 30002680 | 600 | 800 | Marathon | 3/30/07 | $884.77 | $209,883.03 |
| 8 | JP Morgan Chase | CM | 283 | 30002680 | 800 | 800 | Marathon | 3/30/07 | $9,860.89 | $101,908.88 |
| 9 | JP Morgan Chase | CM | 283 | 30002678 | 800 | 800 | Marathon | 3/30/07 | $419.44 | $101,908.88 |
| 10 | JP Morgan Chase | CM | 283 | 30002661 | 600 | 600 | Marathon | 3/30/07 | $17.02 | $4,126.73 |
| 11 | JP Morgan Chase | CM | 283 | 30002690 | 600 | 600 | Marathon | 3/30/07 | $18.80 | $441,611.23 |
| 12 | JP Morgan Chase | CM | 283 | 30002897 | 600 | 600 | Marathon | 3/30/07 | $1,050.17 | $255,281.64 |
| 13 | JP Morgan Chase | CM | 629 | 30002690 | 605 | 600 | Marathon | 3/30/07 | $466.45 | $120,448.05 |
| 14 | JP Morgan Chase | CM | 283 | 30002890 | 600 | 600 | Marathon | 3/30/07 | $55.20 | $13,662.84 |
| 15 | JP Morgan Chase | CM | 283 | 30002710 | 600 | 600 | Marathon | 3/30/07 | $437.65 | $105,393.38 |
| 16 | JP Morgan Chase | CM | 283 | 30002720 | 600 | 605 | Marathon | 3/30/07 | $324.31 | $324,303.61 |
| 17 | JP Morgan Chase | CM | 283 | 30002747 | 605 | 605 | Marathon | 3/30/07 | $1,334.31 | $283,721.09 |
| 18 | JP Morgan Chase | CM | 283 | 30002751 | 605 | 605 | Marathon | 3/30/07 | $679.04 | $169,074.15 |
| 19 | JP Morgan Chase | CM | 283 | 30002662 | 605 | 605 | Marathon | 3/30/07 | $272.72 | $66,291.94 |
| 20 | JP Morgan Chase | CM | 283 | 30002663 | 605 | 605 | Marathon | 3/30/07 | $399.73 | $99,161.11 |
| 21 | JP Morgan Chase | CM | 283 | 30002664 | 605 | 605 | Marathon | 3/30/07 | $15.77 | $3,823.18 |
| 22 | JP Morgan Chase | CM | 283 | 30002665 | 605 | 605 | Marathon | 3/30/07 | $312.58 | $75,985.83 |
| 23 | JP Morgan Chase | CM | 283 | 30002679 | 605 | 605 | Marathon | 3/30/07 | $180.40 | $43,854.20 |
| 24 | JP Morgan Chase | CM | 283 | 30002688 | 605 | 605 | Marathon | 3/30/07 | $1,105.60 | $288,769.40 |
| 25 | JP Morgan Chase | CM | 283 | 30002690 | 605 | 605 | Marathon | 3/30/07 | $544.82 | $132,393.93 |
| 26 | JP Morgan Chase | CM | 283 | 30002690 | 760 | 760 | Marathon | 3/30/07 | $59.68 | $14,481.26 |
| 27 | JP Morgan Chase | CM | 283 | 30002690 | 760 | 760 | Marathon | 3/30/07 | $72.37 | $17,592.32 |
| 28 | JP Morgan Chase | CM | 283 | 29980008 | 760 | 760 | Marathon | 3/30/07 | $9.68 | $2,362.11 |
| 29 | JP Morgan Chase | CM | 283 | 30002712 | 760 | 760 | Marathon | 3/30/07 | $478.26 | $116,605.44 |
| 30 | JP Morgan Chase | CM | 283 | 30002714 | 760 | 760 | Marathon | 3/30/07 | $99.34 | $24,146.34 |
| 31 | JP Morgan Chase | CM | 283 | 30002716 | 760 | 760 | Marathon | 3/30/07 | $484.79 | $117,861.03 |
| 32 | JP Morgan Chase | CM | 283 | 30002477 | 760 | 760 | Marathon | 3/30/07 | $1,394.22 | $339,004.49 |
| 33 | JP Morgan Chase | CM | 283 | 30002713 | 776 | 776 | Marathon | 3/30/07 | $3,128.88 | $760,980.07 |
| 34 | JP Morgan Chase | CM | 283 | 30002746 | 776 | 776 | Marathon | 3/30/07 | $1,210.63 | $294,309.46 |
| 35 | JP Morgan Chase | CM | 283 | 30002755 | 775 | 776 | Marathon | 3/30/07 | $857.37 | $169,609.13 |
| 36 | | | | | | | | | SUBTOTAL | $8,288,494.41 |
| 37 | Goldman Sachs-API | CM | 020-336160 | 30002490 | 400 | 400 | Marathon | 3/30/07 | see schedule B, question 14 | see schedule B, question 14 |
| 38 | Goldman Sachs-API | CM | 020-336137 | 30002466 | 400 | 400 | Marathon | 3/30/07 | | |
| 39 | Goldman Sachs-API | CM | 020-336163 | 30002487 | 400 | 400 | Marathon | 3/30/07 | $658,811.04 | $658,811.04 |



EXHIBIT A

LISTING OF OBLIGOR TRUST ACCOUNTS

CM# 20070235-20070341

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 40 | Goldman Sachs-API | CM | 020-33609-5 | 30002467 | AO | 400 | Marathon | 3/30/07 | | -$4,185,935.75 |
| 41 | Goldman Sachs-API | CM | 020-33607-9 | 30002514 | AO | 400 | Marathon | 3/30/07 | | $42,060.55 |
| 42 | Goldman Sachs-API | CM | 020-33809-7 | 30002614 | AO | 400 | Marathon | 3/30/07 | see schedule B, question 14 | see schedule B, question 14 |
| 43 | LaSalle Bank | deposit at LaSalle Bank- service pro LOC | | | | | Marathon | | | $500,000.00 |
| 44 | LaSalle Bank | deposit at state of Wisconsin- API | | | | | Marathon | | | $331,268.86 |
| 45 | | | | | | | Marathon | | transferred to API Creditors Trust, per Michael Kayman | $25,774,473.97 |
| 46 | | | | | | | | | unfunded reserve for Admin Obligor contract production | $4,015,277.00 |
| 47 | | | | | | | Marathon | | TOTAL: | $48,416,855.80 |
| 48 | | | | | | | | | (includes Ohio Indemnity and Travelers Gulf) | |

LISTING OF DEALER OBLIGOR TRUST ACCOUNTS    CM# 20070235-20070341



**EXHIBIT B**

| # | A HELD AT | B FUND | C ACCOUNT | D DEALER RESV. | E INSURER | F TRADE DATE | G BAL AT 6/30/07 | H ACCT TYPE | I DEALERSHIP | J AGENT |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | JP Morgan Chase | 283 | 28080061 | 400 | Marathon | 3/30/07 | $103,876.81 | DO | DRK Investment Co., Inc. | DRK Investment Co., Inc. |
| 3 | JP Morgan Chase | 283 | 30002605 | 400 | Marathon | 3/30/07 | $167,608.72 | DO | Gale Toyota, Inc. | Finance Builders, Inc. |
| 4 | JP Morgan Chase | 283 | 30002605 | 400 | Marathon | 3/30/07 | see above | DO | Motion Auto Sales, Inc. | Bright & Associates, Inc. |
| 5 | JP Morgan Chase | 283 | 30002605 | 400 | Marathon | 3/30/07 | see above | DO | Dworkin Chevrolet, Inc. | Motion Dealer Services, Inc. |
| 6 | JP Morgan Chase | 283 | 30002605 | 400 | Marathon | 3/30/07 | see above | DO | Lynch Motors, Inc. | Profit Portfolio |
| 7 | JP Morgan Chase | 283 | 30002585 | 400 | Marathon | 3/30/07 | see above | DO | Midtown Toyota, Inc. and Mitsubishi - Toyota Haewai | Finance Builders, Inc. |
| 8 | JP Morgan Chase | 283 | 30002605 | 400 | Marathon | 3/30/07 | see above | DO | Plaza Ford, Inc. | Finance Builders, Inc. |
| 9 | JP Morgan Chase | 283 | 30002605 | 400 | Marathon | 3/30/07 | see above | DO | Plaza Pontiac-Buick, Inc. | Finance Builders, Inc. |
| 10 | JP Morgan Chase | 283 | 30002605 | 400 | Marathon | 3/30/07 | see above | DO | Hammonasset Ford Lincoln Mercury, Inc. | Finance Builders, Inc. |
| 11 | JP Morgan Chase | 283 | 30002505 | 400 | Marathon | 3/30/07 | $112,882.08 | DO | Profit Portfolio | Profit Portfolio |
| 12 | Goldman Sachs | 020-33611-1 | 30002505 | 400 | Marathon | 3/30/07 | $21,726.74 | DO | Auto Buick Oldsmobile, Inc. | Independent Insurance Services, Inc. |
| 13 | Goldman Sachs | 020-33612-9 | 30002505 | 400 | Marathon | 3/30/07 | $1,260,468.57 | DO | Crown Motors, LLC | Credit Insurance Agency, Inc. |
| 14 | see above | see above | 30002506 | 400 | Marathon | 3/30/07 | see above | DO | DRM Investment Co., Inc. | Bright & Associates, Inc. |
| 15 | see above | see above | 30002506 | 400 | Marathon | 3/30/07 | see above | DO | Maritime Motors, Inc. | Finance Builders, Inc. |
| 16 | see above | see above | 30002506 | 400 | Marathon | 3/30/07 | see above | DO | Minato Auto, LLC | Finance Builders, Inc. |
| 17 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Perkins (Dan) Chevrolet Geo, Inc. | F&I Coach |
| 18 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Putnam Chrysler Dodge Jeep, Inc. | Lenmore Associates |
| 19 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Rula, Inc. | Independent Insurance Services, Inc. |
| 20 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Tucker Pontiac-Buick, Inc. | Independent Insurance Services, Inc. |
| 21 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Hardenburg Auto Outlet, Inc. | Independent Insurance Services, Inc. |
| 22 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | J&J Used Cars, Inc. | Dutra Associates, Inc. |
| 23 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | King Automobiles, Inc. | National Dealer Services, Inc. |
| 24 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Melvin Motors, Inc. | Dutra Associates, Inc. |
| 25 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Ross (Kenny) Ford South, Inc. | General Services Group, Inc. |
| 26 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Scarpo (H.P.) & Sons | Lenmore Associates |
| 27 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | | DO | Shephard Auto Sales, Inc. | Motion Dealer Services, Inc. |
| 28 | see above | see above | 30002506 | 400 | Marathon | 3/30/07 | | DO | Midpoint Chev-Pontiac-Olds-Buick-GMC Trucks, Inc. | Credit Insurance Management Corporation |
| 29 | see above | see above | 30002506 | 400 | Marathon | 3/30/07 | | DO | Beyer (Don) Motors | TNT Insurance Group, LLC |

LISTING OF DEALER OBLIGOR TRUST ACCOUNTS

CM# 20070235-2007030.41

| # | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 30 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Capco Sales Incorporated | Bright & Associates, Inc. |
| 31 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Crown Motors of Chatsworth, Ltd. | Credit Insurance Agency, Inc. |
| 32 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Crown Motors of Naguanse | Credit Insurance Agency, Inc. |
| 33 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Langlen (Geno) Volkswagen, Inc. | Profit Portfolio |
| 34 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Miranda Ford, Inc. | Finance Builders, Inc. |
| 35 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Perkins (Dan) Subaru, Inc. | Lemmon Associates |
| 36 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Saturn of Branford, Inc. | Lemmon Associates |
| 37 | see above | see above | 30002606 | 490 | Marathon | 3/10/07 | see above | M | Town and Country Sports Cars, Inc. | Lemmon Associates |
| 38 | see above | see above | 30002606 | 400 | Marathon | 3/10/07 | see above | DO | World Cars USA, Inc. | Dutra Associates, Inc. |
| 39 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Maplewood Toyota, Inc. | Credit Insurance Agency, Inc. |
| 40 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Perkins (Dan) Chevrolet, Inc. | Innovative Dealer Services, Inc. |
| 41 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Welch Buick, Inc. | Lemmon Associates |
| 42 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Auto Solutions Leasing and Sales, Inc. | Independent Insurance Services, Inc. |
| 43 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Big City Motors, Inc. | Innovative Dealer Services, Inc. |
| 44 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Hamden Chrysler-Plymouth, Inc. | Innovative Dealer Services, Inc. |
| 45 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | JB Motor Car Corp. | Profit Portfolio |
| 46 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Lee's Auto Center, Inc. | Credit Insurance Management Corporation |
| 47 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Sioux Empire Automotive, Inc. | Innovative Dealer Services, Inc. |
| 48 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Valenti Auto Sales, Inc. | Finance Builders, Inc. |
| 49 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Billion (J.D.), Inc. | Continental Insurance Services, Inc. |
| 50 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Crown Motors, Ltd. | Credit Insurance Agency, Inc. |
| 51 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Haggerty (Mike) Pontiac Buick GMC, Inc. | Profit Portfolio |
| 52 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Euro Performance Cars, Inc. | Dealer Performance Group |
| 53 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Langan Volkswagen Lanken, Inc. | Finance Builders, Inc. |
| 54 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | New London Motors, Inc. | Performance Management Group, Inc. |
| 55 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | O'Keefe Chevrolet/Oldsmobile, Inc. | Dutra Associates, Inc. |

**LISTING OF DEALER OBLIGOR TRUST ACCOUNTS**

**CM# 20070235-20070341**

| # | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 56 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Valenti Motors, Inc. | Finance Builders, Inc. |
| 57 | see above | see above | 30002606 | 400 | Marathon | 3/30/07 | see above | DO | Whaling City Ford, Inc. | Profit Portfolio |
| 58 | JP Morgan Chase | 283 | 30002523 | 400 | Marathon | 3/30/07 | $18,561.80 | DO | Baugher Chevrolet-Buick, Inc. | Independent Insurance Services, Inc. |
| 59 | JP Morgan Chase | 283 | 30002530 | 400 | Marathon | 3/30/07 | $73,532.25 | DO | Barber (R.E.) Ford, Inc. | Credit Insurance Agency, Inc. |
| 60 | JP Morgan Chase | 283 | 30002531 | 400 | Marathon | 3/30/07 | $130,555.94 | DO | Broadview Auto Sales, Inc. | Independent Insurance Services, Inc. |
| 61 | JP Morgan Chase | 283 | 30002533 | 400 | Marathon | 3/30/07 | $54,651.90 | DO | Peter's Auto Sales, Inc. | Dunn Associates, Inc. |
| 62 | JP Morgan Chase | 283 | 30002634 | 400 | Marathon | 3/30/07 | $101,621.60 | DO | Putnam Sales and Service, Inc. | Profit Portfolio |
| 63 | JP Morgan Chase | 283 | 30002626 | 400 | Marathon | 3/30/07 | $180,508.32 | DO | Return of Connecticut, Inc. | Finance Builders, Inc. |
| 64 | JP Morgan Chase | 283 | 30002625 | 400 | Marathon | 3/30/07 | $172,134.49 | DO | Columbia Ford | Finance Builders, Inc. |
| 65 | JP Morgan Chase | 283 | 30002638 | 400 | Marathon | 3/30/07 | $293,243.21 | DO | Antonio Acura | Credit Insurance Management Corporation |
| 66 | JP Morgan Chase | 283 | 30002638 | 400 | Marathon | 3/30/07 | $498,790.06 | DO | Car Service, Inc. | Credit Insurance Management Corporation |
| 67 | JP Morgan Chase | 283 | 30002638 | 400 | Marathon | 3/30/07 | see above | DO | Charles Oldsmobile-Toyota-Cadillac | Credit Insurance Management Corporation |
| 68 | JP Morgan Chase | 283 | 30002538 | 400 | Marathon | 3/30/07 | see above | DO | Michael Chrysler-Plymouth | Credit Insurance Management Corporation |
| 69 | JP Morgan Chase | 283 | 30002539 | 400 | Marathon | 3/30/07 | see above | DO | Hoffman of West Simsbury, Inc. | Credit Insurance Management Corporation |
| 70 | JP Morgan Chase | 283 | 30002539 | 400 | Marathon | 3/30/07 | see above | DO | Hoffman of Simsbury, Inc. | Credit Insurance Management Corporation |
| 71 | JP Morgan Chase | 283 | 30002539 | 400 | Marathon | 3/30/07 | $3,225.42 | DO | Hoffman of Hartford, Inc. | Credit Insurance Management Corporation |
| 72 | JP Morgan Chase | 283 | 30002539 | 400 | Marathon | 3/30/07 | see above | DO | Hoffman Oldsmobile, Inc. | Credit Insurance Management Corporation |
| 73 | JP Morgan Chase | 283 | 30002539 | 400 | Marathon | 3/30/07 | see above | DO | Hoffman Ford, Inc. | Credit Insurance Management Corporation |
| 74 | JP Morgan Chase | 283 | 30002544 | 400 | Marathon | 3/30/07 | see above | DO | Miller (Paul) Nissan, LLC | Credit Insurance Management Corporation |
| 75 | JP Morgan Chase | 283 | 30002544 | 400 | Marathon | 3/30/07 | see above | DO | Miller Ford, Inc. | Management Corporation Credit Insurance |
| 76 | JP Morgan Chase | 283 | 30002544 | 400 | Marathon | 3/30/07 | see above | DO | Miller (Paul) Volkswagen, LLC | Management Corporation Credit Insurance |
| 77 | JP Morgan Chase | 283 | 30002571 | 400 | Marathon | 3/30/07 | $107,745.35 | DO | RKG Automotive, Ltd. | Dealer Performance Group |
| 78 | JP Morgan Chase | 283 | 30002576 | 400 | Marathon | 3/30/07 | $148,454.64 | DO | Mallon (Don) Chevrolet, Inc. | Finance Builders, Inc. |
| 79 | JP Morgan Chase | 283 | 30002577 | 400 | Marathon | 3/30/07 | $381,693.57 | DO | Suly's Auto Sales | Finance Builders, Inc. |
| 80 | JP Morgan Chase | 283 | 30002578 | 400 | Marathon | 3/30/07 | $184,582.93 | DO | Grossman Chevrolet-Nissan-Geo, Inc. | Profit Portfolio |
| 81 | JP Morgan Chase | 283 | 30002582 | 400 | Marathon | 3/30/07 | $127,899.61 | DO | Falvey's Motors, Inc. | Finance Builders, Inc. |

LISTING OF DEALER OBLIGOR TRUST ACCOUNTS

CM# 20070235-20070341

| | A | B | C | D | E | F | G | H | J |
|---|---|---|---|---|---|---|---|---|---|
| 82 | JP Morgan Chase | 283 | 30002806 | 400 | Marathon | 3/30/07 | $82,598.45 | DO | Grossman Chevrolet-Nissan-Geo, Inc. — Profit Portfolio |
| 83 | JP Morgan Chase | 283 | 30002899 | 400 | Marathon | 3/30/07 | $192,778.28 | DO | Newman Jeep, Inc. — Credit Insurance |
| 84 | JP Morgan Chase | 283 | 30002899 | 400 | Marathon | 3/30/07 | see above | DO | Newman Chrysler, Inc. — Management Corporation |
| 85 | JP Morgan Chase | 283 | 30002899 | 400 | Marathon | 3/5/07 | see above | DO | Gengras Enterprises — Credit Insurance |
| 86 | JP Morgan Chase | 283 | 30002801 | 400 | Marathon | 3/30/07 | $193,468.87 | DO | Gengras Enterprises — Management Corporation |
| 87 | JP Morgan Chase | 283 | 30002802 | 400 | Marathon | 3/30/07 | $56,432.19 | DO | Kelly Buick GMC Jeep Eagle — Management Corporation |
| 88 | JP Morgan Chase | 283 | 30002803 | 400 | Marathon | 3/30/07 | $30,032.99 | DO | Dodge Pontiac Buick Cadillac Oldsmobile GMC, Inc. — Independent Insurance Services, Inc. |
| 89 | JP Morgan Chase | 283 | 30002804 | 400 | Marathon | 3/30/07 | $79,408.38 | DO | Honda Automobiles Ltd. — Durfe Associates, Inc. |
| 80 | JP Morgan Chase | 283 | 30002805 | 400 | Marathon | 3/30/07 | $124,834.87 | DO | Dennik Enterprises, Inc. — Independent Insurance Services, Inc. |
| 81 | JP Morgan Chase | 283 | 30002805 | 400 | Marathon | 3/30/07 | see above | DO | Hammersley (Kenneth) Motors, Inc. — Independent Insurance Services, Inc. |
| 92 | JP Morgan Chase | 283 | 30002805 | 400 | Marathon | 3/5/07 | see above | DO | Hammersley Group, Inc. — Independent Insurance Services, Inc. |
| 93 | JP Morgan Chase | 283 | 30002807 | 400 | Marathon | 3/30/07 | $115,031.34 | DO | Harte Nissan, Inc. — Credit Insurance |
| 94 | JP Morgan Chase | 283 | 30002807 | 400 | Marathon | 3/30/07 | see above | DO | Harte (George) Nissan, Inc. — Management Corporation |
| 95 | JP Morgan Chase | 283 | 30002807 | 400 | Marathon | 3/30/07 | see above | DO | Harte Chevrolet, Inc. — Credit Insurance |
| 96 | JP Morgan Chase | 283 | 30002820 | 400 | Marathon | 3/30/07 | see above | DO | Harte Ingold, Inc. — Management Corporation |
| 96 | JP Morgan Chase | 283 | 30002820 | 400 | Marathon | 3/5/07 | $191,343.08 | DO | Girard Mitsubishi — Credit Insurance |
| 97 | JP Morgan Chase | 283 | 30002820 | 400 | Marathon | 3/5/07 | see above | DO | Girard Motor Sales, Inc. — Management Corporation / Credit Insurance |

LISTING OF DEALER OBLIGOR TRUST ACCOUNTS

CA# 20070235-20070341

| # | A | B | C | D | E | F | G | H | J |
|---|---|---|---|---|---|---|---|---|---|
| 98 | JP Morgan Chase | 283 | 30002828 | 400 | Marathon | 3/30/07 | see above | DO | Credit Insurance Management Corporation |
| 99 | JP Morgan Chase | 283 | 30002632 | 400 | Marathon | 3/30/07 | $40,771.87 | DO | Girad Motors, Inc. |
| 100 | JP Morgan Chase | 283 | 30002632 | 400 | Marathon | 3/30/07 | see above | DO | Avon Gateway, Inc. |
| 101 | JP Morgan Chase | 283 | 30002652 | 400 | Marathon | 3/30/07 | see above | DO | Westbrook Gateway, Inc. |
| 102 | JP Morgan Chase | 283 | 30002652 | 400 | Marathon | 3/30/07 | see above | DO | Connecticut Gateway, Inc. |
| 103 | JP Morgan Chase | 283 | 30002652 | 400 | Marathon | 3/30/07 | see above | DO | Milford Gateway, Inc. |
| 104 | JP Morgan Chase | 283 | 30002633 | 400 | Marathon | 3/30/07 | $318,228.36 | DO | Profit Portfolio |
| 105 | JP Morgan Chase | 283 | 30002651 | 400 | Marathon | 3/30/07 | see above | DO | National Auto Inspection, LLC |
| 106 | JP Morgan Chase | 283 | 30002651 | 400 | Marathon | 3/30/07 | $546,114.03 | DO | Lennons Associates / aitamail autonaire coraulmia |
| 107 | JP Morgan Chase | 283 | 30002887 | 400 | Marathon | 3/30/07 | $303,553.45 | DO | Consumer Protection Services / Profit Portfolio |
| 108 | JP Morgan Chase | 283 | 30002883 | 400 | Marathon | 3/30/07 | $159,800.08 | DO | McDermott Auto Dealerships |
| 109 | JP Morgan Chase | 283 | 30002883 | 400 | Marathon | 3/30/07 | $313,228.36 | DO | Green (Henry) Chevrolet, Inc. / Independent Insurance Services, Inc. |
| 110 | JP Morgan Chase | 283 | 30002709 | 400 | Marathon | 3/30/07 | see above | DO | Innovative Dealer Services, Inc. |
| 111 | JP Morgan Chase | 283 | 30002707 | 400 | Marathon | 3/30/07 | $225,371.76 | DO | Frankiman Motor Company, Inc. |
| 112 | JP Morgan Chase | 283 | 30002708 | 400 | Marathon | 3/30/07 | $643,930.86 | DO | Nissan of Norwich / credit insurance management corporation |
| 113 | JP Morgan Chase | 283 | 30002708 | 400 | Marathon | 3/30/07 | see above | DO | Toyota of Colchester / Credit Insurance Management Corporation |
| 114 | JP Morgan Chase | 283 | 30002708 | 400 | Marathon | 3/30/07 | see above | DO | DAR, Inc. / Bright & Associates, Inc. |
| 115 | JP Morgan Chase | 283 | 30002718 | 400 | Marathon | 3/30/07 | $220,173.10 | DO | Gales GMC Truck, Inc. / Finance Builders, Inc. |
| 116 | JP Morgan Chase | 283 | 30012017174 | 400 | Marathon | 3/30/07 | $278,024.45 | DO | Torrington Ford Lincoln Mercury, Inc. / Empire Quality Services, Inc. |
| 117 | S&T Bank | | 30002196803 | 400 | Marathon | 3/30/07 | $71,014.24 | DO | Wilson's (Edward J.) Sons, Inc. / Empire Quality Services, Inc. |
| 118 | S&T Bank | | 30002986880 | 400 | Marathon | 3/30/07 | $483,469.30 | DO | Your Import Center, LLC / Credit Insurance Agency, Inc. |
| 119 | S&T Bank | | 30009860031 | 400 | Marathon | 3/30/07 | $290,426.19 | DO | Ross (Kenny) Chev-Geo-Olds-Cad, Inc. / General Services Group, Inc. |
| 120 | S&T Bank | | 30009860033 | 400 | Marathon | 3/30/07 | $174,800.78 | DO | Family Chevrolet-Buick, Inc. / Ross (Kenny) Chevrolet-Geo-Oldsmobile-Cadillac, Inc. / General Services Group, Inc. |
| 121 | S&T Bank | | 30009860067 | 400 | Marathon | 3/30/07 | $355,052.44 | DO | Ross (Kenny) Ford / General Services Group, Inc. |
| 122 | S&T Bank | | | | | | | | Ross (Kenny) and Ross Chevrolet / General Services Group, Inc. |
| 123 | | | | | | | | | |
| 124 | | | | | | | $14,878,342.79 | | |



Slip Copy                                                                                      Page 1
Slip Copy, 2006 WL 1120572 (N.D.Ill.)
**(Cite as: Slip Copy)**

**C**
In re Hedstrom Corpo.
N.D.Ill.,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern
Division.
In re: HEDSTROM CORPORATION, et al., Debt-
ors,
HEDSTROM CORPORATION, ERO, INC., Ero
Industries, Inc., Priss Prints, Inc., Ero Canada, Inc.,
Plaintiffs,
v.
WAL-MART STORES, INC. and Wal-Mart
Canada, Inc., Defendants.
**No. 04-38543, 05 C 6888.**

April 24, 2006.

Patrick A. Clisham, Shaw GuissisFishman Glantz
Wolfson, Patrick A. Clishman, Shaw Gussis Fish-
man Glantz Wolfson & Towbin LLC, Chicago, IL,
for Plaintiffs.
Timothy R. Casey, Steven Scott Shonder, Gardner
Carton & Douglas LLP, Chicago, IL, for Defend-
ants.

(Jointly Administered)

*MEMORANDUM OPINION AND ORDER*

GUZMÁN, J.
*1 Plaintiffs Hedstrom Corp., Ero, Inc., Ero Indus-
tries, Inc., Priss Prints, Inc. and Ero Canada, Inc.
(collectively, "Hedstrom"), which are in Chapter 11
bankruptcy proceedings, have sued defendants Wal-
Mart Stores, Inc. ("Wal-Mart") and Wal-Mart
Canada, Inc. ("Wal-Mart Canada") for unpaid re-
ceivables. The matter is before the Court on Wal-
Mart's motion to withdraw the reference of the ad-
versary proceeding from the bankruptcy court. For
the following reasons, the motion is denied.

*Background*

October 18, 2004, Hedstrom, formerly a manufac-
turer, importer and distributor of sports leisure
products, filed for relief under Chapter 11 of the
Bankruptcy Code. (Pls.' Compl. ¶ 1.) On November
4, 2005, Hedstrom filed an adversary action against
Wal-Mart and Wal-Mart Canada for unpaid receiv-
ables. (*Id.* ¶ 6.) In its answer, Wal-Mart denied ow-
ing Hedstrom for the receivables and asserted as an
affirmative defense that it is entitled to setoffs for
liabilities and expenses arising out of products liab-
ility and patent infringement cases involving
products sold by Hedstrom to Wal-Mart.
(Wal-Mart's Answer at 6.) Wal-Mart now contends
that the adversary action is a non-core proceeding
that should be withdrawn from the bankruptcy court
and litigated here.

*Discussion*

District courts have original jurisdiction over all
cases arising under Title 11 of the Bankruptcy
Code. 28 U.S.C. § 1334(b). In this district,
however, bankruptcy cases are automatically re-
ferred to the bankruptcy court. *See* 28 U.S.C. §
157(a) (giving district courts power to refer cases
arising under Title 11 to bankruptcy court); LR
40.3.1(a) ("Pursuant to 28 U.S.C. § 157(a), all cases
under Title 11 U.S.C. and all proceedings arising
under Title 11 U.S .C. or arising in or related to any
cases under Title 11 U.S.C. are referred to the
bankruptcy judges of this District."). A district
court may withdraw a case referred to the bank-
ruptcy court "on its own motion or on timely mo-
tion of any party, for cause shown." 28 U .S.C. §
157(d). "Because withdrawal of a reference is not
intended to be an 'escape hatch' from bankruptcy
court into district court. courts prefer to grant such
relief only in a limited class of proceedings." *In re
Coe-Truman Techs., Inc.* 214 B.R. 183. 185
(N.D.Ill.1997) (citing *In re E & S Facilities, Inc.,*
181 B.R. 369 (S.D.Ind.1995), *aff'd,* 96 F.3d 949 (7th
Cir.1996)). The moving party has the burden of
proving that the reference should be withdrawn. *Id.*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 1120572 (N.D.Ill.)
**(Cite as: Slip Copy)**

(citations omitted).

Section 157(d) does not define "cause," but courts generally consider the following factors in determining whether a reference should be withdrawn: "judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the particular court's familiarity with the case, and whether the adversary proceeding is core or non-core."*Id.* at 187.

The most important factor is whether the adversary proceeding is core or non-core. *Id.*" '[A] proceeding is core ... if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." ' *Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir.1990) (quoting *In re Wood,* 825 F.2d 90, 97 (5th Cir.1987)). "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state." *In re U.S. Brass Corp.,* 110 F.3d 1261, 1268 (7th Cir.1997). Core proceedings include, among others, "matters concerning the administration of the estate," "allowance or disallowance of claims against the estate," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship." 28 U.S.C. § 157(b)(2)(A), (B), (O).

**\*2** Hedstrom is suing Wal-Mart for breach of contract, a claim that the parties agree is non-core. (Wal-Mart's Mot. Withdraw Reference at 3; Pls.' Resp. at 5-6); *see In re Coe-Truman,* 214 B.R. at 187 (noting that "breach of contract claims have consistently and traditionally been found to be non-core") (citations omitted). What they dispute, however, is whether Wal-Mart's affirmative defense of setoff transforms this otherwise non-core proceeding into a core suit.

Wal-Mart relies primarily on *In re Concept Clubs.*

*Inc.,* 154 B.R. 581 (D. Utah 1993) to support its position that the setoff defense does not alter the non-core nature of the case. In that case, the Concept Clubs bankruptcy trustee sued Jean Bob, Inc. in bankruptcy court for breach of contract and turnover of funds. *Id.* at 583.Jean Bob asserted a setoff defense, filed a jury demand and asked the court to withdraw the reference from the bankruptcy court. *Id.* Thus, the *Concept Clubs* court had to decide whether the setoff defense constituted a claim against the bankruptcy estate that waived Jean Bob's right to a jury trial and subjected it to the jurisdiction of the bankruptcy court. *Id.*

The court said no, reasoning that a claim of setoff, which seeks a monetary recovery from the bankruptcy estate, is qualitatively different from a defense of setoff, which seeks only to reduce a claim held by the estate:
[T]his court finds that ... when a creditor seeks an affirmative recovery from the estate through setoff, a proof of claim must be filed. Such a requirement follows because an affirmative recovery raised through setoff implicates the allowance and disallowance of claims against the estate.... [T]he process of claims allowance invokes the equitable powers of the bankruptcy court's jurisdiction. By contrast, setoff raised as an affirmative defense only reduces, or extinguishes, the amount sought by the trustee for the estate. When raised as an affirmative defense, the bankruptcy court's equitable jurisdiction is not required because setoff as a *defense* does not involve the claims allowance process.

*Id.* at 589 (emphasis in original) (citation omitted). Because Jean Bob sought only to reduce the amount claimed by the estate, the court concluded that its setoff defense did not invoke the bankruptcy court's jurisdiction or waive its right to a jury trial. *Id.*

The court in *In re Commercial Financial Services, Inc.* 251 B.R. 397 (Bankr.N.D.Okla.2000), a case on which Hedstrom relies, reached the opposite conclusion. In that case, Commercial Financial Services, Inc. ("CFS"), operating as a debtor-in-possession, sued defendant Jones for breach of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                   Page 3
Slip Copy, 2006 WL 1120572 (N.D.Ill.)
**(Cite as: Slip Copy)**

contract. *Id.* at 400.Like Jean Bob, Jones filed a motion to withdraw the reference and an affirmative defense of setoff and made a jury demand. *Id.*

Unlike the *Concept Clubs* court, however, the *Commercial Financial* court saw little difference between a claim of setoff and a defense of setoff: *3 This Court fails to see a distinction between obtaining something of value from the estate by filing a claim and obtaining something of value from the estate, *i.e.*, discharge of all or a portion of a debt to CFS, by asserting setoff as a defense. In both cases, the estate may be diminished and Jones may be enriched. Nor can the Court comprehend how asserting the defense of setoff does not seek the restructuring of debtor-creditor relations between CFS and Jones in the most classic sense. Setoff, by its very definition, requires mutual *debts and claims.*11 U.S.C. § 553(a). Jones has "trigger[ed] the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power ."*Langenkamp,* 498 U.S. at 44, 111 S.Ct. at 331. By alleging a right of setoff, Jones has chosen to participate (albeit in a limited manner) in the allocation of the bankruptcy estate.

*Id.* at 407 (emphasis in original). Thus, the court concluded that it had core jurisdiction over CFS's breach of contract claim and Jones' setoff defense and recommended that the district court deny the motion to withdraw. *Id.* at 408, 412-13.

This Court finds the reasoning of *Commercial Financial* more persuasive than that of *Concept Clubs.*Whether Hedstrom writes Wal-Mart a check or cancels Wal-Mart's receivable, the end result is the same: the bankruptcy estate will be significantly diminished. Because Wal-Mart's claimed setoff directly impacts the distribution of the bankrupt's assets, the Court holds that it falls within the bankruptcy court's core jurisdiction. *See In re Mantelman,* No. 01 C 9915, 2002 WL 922087, at *1 (N.D.Ill. May 6, 2002) (holding defendant waived right to jury trial, and thus basis for withdrawal of reference, by asserting defense of setoff because "[a] setoff is but another way of making a claim

against the estate, and 't invokes the equitable jurisdiction of the bankruptcy court"); *In re N. Am. Energy Conservation, Inc.,* Nos. 00-40563(PCB), 00-276, 00CIV4302(SHS), 2000 WL 1514614, at *2-3 (S.D.N.Y. Oct.12, 2000) (denying motion to withdraw reference and stating that "regardless of whether a setoff is labeled an 'affirmative defense' or a 'counterclaim,' a setoff is a claim against the bankruptcy estate").

The other factors relevant to this motion also militate against withdrawal. Judicial economy is better served by leaving the case with the bankruptcy court which, having presided over the bankruptcy case for more than a year, is already familiar with the facts and the parties. Moreover, allowing the bankruptcy court to preside over all matters related to Hedstrom, rather than splitting claims by and against Hedstrom between two courts, will conserve the parties' resources and promote the efficient administration of bankruptcy.

In short, all of the permissive withdrawal factors favor leaving this case in the bankruptcy court. Wal-Mart's motion to withdraw the reference is, therefore, denied.

*Conclusion*

*4 For the foregoing reasons, the Court denies Wal-Mart's motion to withdraw the reference [doc. no. 1]. This case is hereby terminated.

SO ORDERED.

N.D.Ill.,2006.
In re Hedstrom Corpo.
Slip Copy, 2006 WL 1120572 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 922087 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
In re Mantelman
N.D.Ill.,2002.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern
Division.
In re: Jeffrey A. MANTELMAN, Debtor.
Frances F. GECKER, not individually but as
Chapter 7 Trustee, Plaintiff,
v.
CATHERINE CLARE MANTELMAN, Defendant.
**No. 01 C 9915.**

May 6, 2002.

MEMORANDUM OPINION AND ORDER

MORAN, Senior J.
*1 The trustee has sued Catherine Clare Mantel-
man, the wife of the debtor, to recover allegedly
fraudulent transfers. Mantelman moved to withdraw
the reference, having demanded a jury. Even
though the trustee's claim is a core proceeding, any
jury trial would have to take place in district
court.*Matter of Grabill Corp.*, 967 F.2d 1152 (7th
Cir.1992). We withdrew the reference, not aware
that Mantelman had, three days before, filed an an-
swer in which she asserted a setoff as an affirmat-
ive defense. The trustee now moves to strike the
jury demand and for reconsideration of the with-
drawal of reference. The motions are granted, and
the withdrawal of reference is vacated.

Mantelman relies upon *In re Concept Clubs, Inc.*,
154 B.R. 581 (D.Utah 1993), and it does support
her position. We agree, however, with *In re North
American Energy Conservation, Inc.*, 2000 U.S.
Dist. Lexis 15084 (S.D.N.Y. Oct. 12, 2000), and *In
re Commercial Financial Services, Inc.*, 255 B.R.
68 (Bankr.N.D.Okla.2000). A setoff is but another
way of making a claim against the estate, and it in-
vokes the equitable jurisdiction of the bankruptcy
court. Once having submitted to that jurisdiction,

can and should Mantelman be permitted to, in ef-
fect, rewrite history by dropping her setoff claims?
We think the answer is probably no, but that issue,
as well as the trustee's motion to strike Mantelman's
first affirmative defense, we leave to the bank-
ruptcy court.

N.D.Ill.,2002.
In re Mantelman
Not Reported in F.Supp.2d, 2002 WL 922087
(N.D.Ill.)

END OF DOCUMENT

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AUTOMOTIVE PROFESSIONALS, INC. | ) | Case No. 07 B 06720 |
| | ) | |
| Debtor, | ) | Hon. Carol A. Doyle |
| | ) | |
| FRANCES GECKER, not individually but as | ) | |
| Chapter 11 trustee of the bankruptcy estate of | ) | |
| Automotive Professionals, Inc., and the | ) | |
| OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS of Automotive Professionals, Inc., | ) | |
| | ) | Adversary No. 08-89 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARATHON FINANCIAL INSURANCE CO., | ) | |
| INC., RRG, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER STRIKING JURY DEMAND**

This matter was heard on the motion (the "Motion") of Frances Gecker, as Chapter 11 Trustee of the bankruptcy estate of Automotive Professionals, Inc., seeking the entry of an order, pursuant to Fed.R.Bankr.P. 9015 and Fed.R.Civ.P. 39, striking the jury demand (the "Jury Demand") filed in this adversary proceeding by Marathon Financial Insurance Co., Inc., RRG; due written notice of the Motion having been served on all parties entitled thereto; the Court having heard the statements of counsel, being well advised in the premises therefore, and having jurisdiction over this core matter;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The Motion is granted, and the Jury Demand is hereby stricken.

ENTERED:

_____
UNITED STATES BANKRUPTCY COURT

{ API / 001 / 00012994.DOC /}

UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Name of Presiding Judge, Honorable ___Carol A. Doyle___

Cause No. ___07 B 06720; 08 A 00089___                    Date ___March, 27, 2008___

Title of Cause
*In re: Automotive Professionals, Inc.;*
*Frances Gecker v. Marathon Financial Insurance Co., Inc., RRG*

Brief       Statement
of Motion            Motion to Strike Jury Demand

The rules of this court require counsel to furnish the names of all parties entitled to notice of the entry of an order and the names and addresses of their attorneys. Please do this immediately below (separate lists may be appended).

Names       and
Addresses      of
moving counsel
Frances Gecker, Micah R. Krohn, FRANK/GECKER LLP, 325 North LaSalle Street, Suite 625, Chicago, Illinois 60610

Representing
Frances Gecker, not individually but as Chapter 11 Trustee of Automotive Professionals, Inc.

Name       and
Addresses      of
other      counsel
entitled      to
notice   and   names
See Certificate of Service

___Reserve space below for notations by the Courtroom Deputy___

Hand this memorandum to the Courtroom Deputy.
Counsel will not rise to address the Court until motion has been called.

{ GLENN / 009 / 00013269.DOC /}