IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES GECKER, not individually but as Chapter 11 trustee of the bankruptcy estate of Automotive Professionals, Inc., and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS of Automotive Professionals, Inc. | § § § § § § | Civil Action No. 08-cv-01550 |
| Plaintiffs, | § § | |
| v. | § § | |
| MARATHON FINANCIAL INSURANCE CO., INC., RRG | § § § | JURY DEMANDED |
| Defendant. | § § | |

## MOTION TO SET STATUS CONFERENCE

TO THE HONORABLE, ROBERT M. DOW, UNITED STATES DISTRICT JUDGE:

COMES NOW, Marathon Financial Insurance Co. Inc, RRG ("Marathon"), Defendant in the above-referenced proceeding and files this, its Motion to Set Status Conference and would respectfully show unto the Court as follows:

1. On March 17, 2008 Marathon filed its Motion to Withdraw the Reference thereby initiating this Civil Action.

2. On March 27, 2008 a hearing was held and the Court ruled that United States Bankruptcy Judge Carol Ann Doyle should determine whether Marathon was entitled to a jury trial.

3. Judge Doyle has held that Marathon is entitled to a jury trial per her Memorandum Opinion signed on June 11, 2008, a copy of which is attached hereto as Exhibit "A".

WHEREFORE, PREMISES CONSIDERED, Marathon prays that the Court grant Marathon's Motion to Withdraw the Reference [Docket No. 1]; set a status conference; and that Marathon have such other and further relief as is just.

Respectfully submitted this 17th day of June, 2008.

        HIRSCH & WESTHEIMER, P.C.

        By: /s/ Michael J. Durrschmidt
           Michael J. Durrschmidt
           State Bar No. 06287650
           Eric S. Lipper
           Texas Bar No. 12399000
           Bank of America Center
           700 Louisiana, 25th Floor
           Houston, Texas  77002-2728
           TEL: (713) 220-9165
           FAX: (713) 223-9319
           Email: mdurrschmidt@hirschwest.com

        **COUNSEL FOR MARATHON FINANCIAL INSURANCE COMPANY, INC.**

        LAW OFFICES OF MARK A. SCHRAMM

        By: /s/ Mark A. Schramm
           Mark A. Schramm
           State Bar No. 06183571
           One East Wacker Drive, Suite 2850
           Chicago, Illinois 60601
           Telephone: (312) 222.9420
           Telecopier: (312) 222.9421
           Email: Marsch500@aol.com

        **LOCAL COUNSEL FOR MARATHON FINANCIAL INSURANCE COMPANY, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, facsimile and/or electronic mail by the Clerk of the Court via the ECM system, as listed below.

**Micah R. Krohn**
Frank/Gecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL 60610

**Alan B. Rich**
Alan b. Rich, Attorney & counselor
1201 Main Street
Suite 1910
LB 201
Dallas, TX 75202-3909

**George P. Apostolides**
Arnstein & Lehr, LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606-3913

**United States Trustee**
Office of the United States Trustee
227 West Monroe Street
Suite 3350
Chicago, IL 60606

**Carol Ann Doyle**
United States Bankruptcy Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

**Kenneth S. Gardner**
United States Bankruptcy Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| AUTOMOTIVE PROFESSIONALS, INC., | ) | |
| | ) | Case No. 07 B 06720 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | Honorable Carol A. Doyle |
| FRANCES GECKER, not individually but as | ) | |
| Ch. 11 Trustee of the bankruptcy estate of | ) | |
| Automotive Professionals, Inc. and the OFFICIAL | ) | |
| COMMITTEE OF UNSECURED CREDITORS | ) | |
| of Automotive Professionals, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adversary No. 08 A 00089 |
| | ) | |
| MARATHON FINANCIAL INSURANCE CO., | ) | |
| INC., RRG, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Frances Gecker ("Trustee"), as chapter 11 trustee of Automotive Professionals, Inc. ("API"), filed this adversary proceeding in bankruptcy court against Marathon Financial Insurance Co., Inc., RRG. Before filing for bankruptcy, API sold vehicle service contracts to consumers, many of which were backed by insurance policies issued by Marathon. The Trustee filed a complaint against Marathon alleging breach of contract, fraud in the inducement, fraudulent transfers, promissory estoppel and unjust enrichment. Marathon filed a timely jury demand, and does not consent to a jury trial in the bankruptcy court. The Trustee filed a motion to strike the jury demand.

**EXHIBIT A**

The Trustee argues that Marathon is not entitled to a jury trial on the Trustee's requests for equitable relief. She also asserts that, in any event, Marathon has waived its right to a jury trial by filing the equivalent of a counterclaim for contribution against API's estate and by participating in API's bankruptcy case. Marathon counters that it has a constitutional right to a jury trial in the district court because the Trustee's claims are legal. It also contends that it has not waived its right to a jury trial because it has not filed a proof of claim in the bankruptcy case or a counterclaim seeking payment from API's bankruptcy estate.

For the reasons stated below, the court concludes that Marathon has a right to a jury trial with respect to all of the Trustee's claims and that it has not waived that right by filing an affirmative defense labeled "contribution" or participating in API's bankruptcy case.

## I. Background and Facts

The following facts are undisputed. API is an Illinois corporation that sold vehicle service contracts under which API agreed to pay certain repair costs after the manufacturer's warranty expired. API's service contracts were backed by a combination of funds on deposit in various reserve accounts and insurance policies, depending on the law of the state in which each contract was sold. Many of API's service contracts are backed by vehicle service contract reimbursement policies issued by Marathon.

API filed its voluntary chapter 11 bankruptcy petition in April 2007. In June 2007, the Trustee was appointed as chapter 11 trustee. In February 2008, the Trustee and the Official Committee of Unsecured Creditors of API filed a six-count complaint against Marathon. Underlying all six counts are allegations that Marathon made misrepresentations to API and

**EXHIBIT A**

acted fraudulently in connection with the issuance of the Marathon policies. The Trustee alleges, among other things, that Marathon misrepresented that it had obtained reinsurance coverage for API and that it consented to payments from API's reserve accounts that could eliminate any potential liability of Marathon under the policies. The Trustee also alleges that, if Marathon's interpretation of the policies prevails, neither Marathon nor any reinsurance company would ever be liable to API or its customers with respect to the vast majority of API's service contracts backed by Marathon, despite Marathon's representations to the contrary to API, dealers and consumers and despite the millions of dollars in premiums paid to Marathon. Based on these factual allegations, the Trustee asserts claims for fraud in the inducement (Count I), avoidance of fraudulent transfers regarding insurance premiums (Count II), avoidance of fraudulent transfers regarding the issuance of Marathon Policy M34164 (Count III), breach of contract (Count IV), promissory estoppel (Count V), and unjust enrichment (Count VI).

Marathon filed a motion to dismiss Counts I and II of the complaint and to dismiss the creditors' committee as a plaintiff for lack of standing, which is currently pending before the court. Marathon also filed an answer to the complaint. Among its defenses, Marathon asserts the "affirmative defense of contribution." First Amended Answer, ¶ 146. Marathon also filed a jury demand and a motion to withdraw the reference in the district court based on its asserted right to a jury trial.

The Trustee then filed the present motion to strike Marathon's jury demand. She argues that Marathon is not entitled to a jury trial with respect to the equitable relief she seeks in the complaint. She also contends that Marathon has waived its right to a jury trial by seeking contribution from API and by actively participating in API's bankruptcy case since its inception.

**EXHIBIT A**

## II.     Seventh Amendment Right to Jury Trial

The first question raised by the Trustee's motion is whether Marathon is entitled under the Seventh Amendment to a trial by jury on any of the Trustee's claims. The Seventh Amendment preserves the right to a jury trial "in Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. Amend. VII. Rule 39(a) of the Federal Rules of Civil Procedure, which applies to bankruptcy cases pursuant to Rule 9015(a) of the Federal Rules of Bankruptcy Procedure, recognizes this right. It provides that a party is entitled to a jury trial unless the court finds that "a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." Fed. Rule Civ. Proc. 39(a) (2007).

The Supreme Court articulated the standard for determining whether the right to a trial by jury exists in an action filed by a bankruptcy trustee in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989). The Court applied the following test:

> "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the court of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder.

Id. (citation omitted).

**EXHIBIT A**

Thus, in determining whether a litigant has a Seventh Amendment right to a jury trial, the court must decide first whether the remedy sought is legal or equitable in nature, and second, if it is legal, whether Congress has withdrawn jurisdiction by courts of law over the action and assigned it exclusively to a court, such as the bankruptcy court, in which jury trials are unavailable.

### A. The Trustee's Claims are Legal in Nature

The Trustee concedes that her claims in Counts II and III to avoid fraudulent conveyances and in Count V for promissory estoppel are legal in nature. She contends, however, that Marathon has no right to a jury trial with respect to the equitable relief sought in Counts I (fraud in the inducement), IV (breach of contract), and VI (unjust enrichment). She argues that, in those counts, she seeks disgorgement of premiums paid to Marathon based on the equitable remedies of rescission and restitution.

Under Granfinanciera, however, even if a claim historically was equitable in nature, the actual remedy sought on each count will determine whether it is legal or equitable for purposes of the Seventh Amendment. 492 U.S. at 43-45. If the plaintiff seeks only purely equitable relief (e.g., setting aside the conveyance of land in trust), the action is considered equitable in nature. Id. If the plaintiff seeks a money judgement based on an equitable claim, the claim is generally considered legal in nature. Id.; see also Grochocinski v. La Salle Bank, N.A. (In re K&R Express Systems, Inc.), 382 B.R. 443, 447-48 (N.D. Ill. 2007) (defendants entitled to jury trial for breach of fiduciary duty and unjust enrichment claims because trustee sought money damages as the remedy). Even though actions to avoid fraudulent transfers could sometimes be brought in

**EXHIBIT A**

equity in English courts, the Court in <u>Granfinanciera</u> held that, on balance, the remedy sought - a money judgment - was legal in nature so the defendant had the right to a jury trial. <u>Id.</u> at 43.

Soon after deciding <u>Granfinanciera</u>, the Court addressed the Seventh Amendment again in <u>Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry</u>, 494 U.S. 558 (1990). Consistent with its holding in <u>Granfinanciera</u>, the Court concluded in <u>Chauffeurs</u> that the action for breach of a union's duty to represent an employee was legal in nature because the claim required proof of a breach of contract and the plaintiffs sought money damages, even though the most analogous cause of action was historically brought in equity. <u>Id.</u> at 573. In doing so, the Court reiterated its long-held view that maintaining the right to a jury trial is of such importance in our history and jurisprudence that "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." <u>Id.</u> at 565 (citations omitted).

In this case, two of the three counts at issue - breach of contract and fraud in the inducement seeking money damages - are legal claims that would have been brought in courts of law in 1791. <u>See</u> <u>Chauffeurs</u>, 494 U.S. at 569-70 (breach of contract is a legal issue); <u>Buzard v. Houston</u>, 119 U.S. 347, 352-53 (1886) (fraud in the inducement claim seeking money damages is legal action); <u>see</u> <u>also</u> 27 Richard A. Lord, <u>Williston on Contracts</u> § 69:47 (4th ed. 2007) (fraud in the inducement generally enforced at law). In both counts, the Trustee seeks first a money judgment for damages in the amount of $15 million, and only in the alternative a money judgment in the amount of $12.3 million as rescission damages. Tacking on a request for rescission as an alternative remedy does not alter the fundamental nature of the claims and deprive Marathon of the right to a jury trial. See <u>Tull v. United States</u>, 481 U.S. 412, 425 (1987)

**EXHIBIT A**

(the right to a jury trial on a legal claim "cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought.").

The third claim at issue in this motion is for unjust enrichment (Count VI). The Trustee alleges that the consideration for the insurance contract was illusory, there was never a meeting of the minds sufficient to form a contract, and therefore no contract ever existed. She seeks restitution of the premiums paid to Marathon. The prayer for relief seeks a declaration that the contract is void and a money judgment of $12.3 million, the amount of premiums that API paid Marathon.

Actions for unjust enrichment seeking restitution are typically described as equitable in nature and provide an alternative form of relief when an action under a contract fails. 26 Richard A. Lord, Williston on Contracts § 68:5 (4th ed. 2007). Once again, the Trustee seeks a money judgment as the principal remedy in Count VI. Granfinanciera suggests that this factor alone is determinative and that the claim is legal. 492 U.S. at 49 n.7. The Court explained that, even with "classical equitable remedies" like restitution and avoidance, when a money judgment is sought and no other equitable relief is requested, a complete remedy is available at law because dollars are fungible. Id. When a money judgment is sought, "any distinction that might exist between 'damages' and monetary relief under a different label is purely semantic, with no relevance to the adjudication of petitioners' Seventh Amendment claim." Id.

The Trustee argues that Chauffeurs supports her argument that this claim is equitable because the Court recognized that "we have characterized damages as equitable when they are restitutionary." 494 U.S. at 570. The Court ultimately concluded, however, that the plaintiff's claim was legal because it sought a money judgment and required proof of breach of a contract -

**EXHIBIT A**

a legal issue. 494 U.S. at 573. It did not hold that any action for money damages seeking restitution is equitable in nature for purposes of the Seventh Amendment.

The Granfinanciera Court's characterization of restitution as a remedy at law is consistent with the history of restitution. In a case decided before Granfinanciera, the Seventh Circuit examined the origins of restitution, explaining that remedies known as "restitution" were available in both courts of law and equity before their merger, and that terms such as "restitution" and "unjust enrichment" have slowly changed from distinctive causes of action to measures of damages available in many kinds of actions. First Nat'l Bank of Waukesha v. Warren, 796 F.2d 999, 1000-01 (7th Cir. 1986). The court noted that actions in which the plaintiff seeks money for its own coffers should not necessarily be considered equitable. Id. The court then declined to decide on a petition for writ of mandamus whether the plaintiffs were entitled to a jury trial on their claim of quasi-contract (unjust enrichment) because the plaintiff's rights could be vindicated on appeal after judgment. 796 F.2d at 1006.

Three years later in the same case, the Seventh Circuit affirmed the district court's judgment entered after a jury trial on the unjust enrichment claim. Federal Deposit Insur. Corp. v. Bank One, Waukesha, 881 F.2d 390, 392 (7th Cir. 1989). Although the Seventh Amendment issue was not raised on appeal, the court noted that unjust enrichment or quasi-contract claims are part of the law of contracts, and that long ago the English courts "shoehorned" restitution into the writ of assumpsit. Id. at 392. Assumpsit was an action at law for "money had and received." Gaines v. Miller, 111 U.S. 395, 397-98 (1884).

The Fifth Circuit also discussed the evolution of restitution in Austin v. Shalala, 994 F.2d 1170, 1176 (5th Cir. 1993). The court explained that an action for restitution or quasi-contract -

**EXHIBIT A**

seeking the return of money paid by mistake to one to whom it was not owed - was an action at law tried to a jury in England in 1791. Id. It therefore concluded that the defendant had the right to a jury trial under Granfinanciera. Id. at 1177-78.

Because actions for quasi-contract or unjust enrichment were heard in courts of law in 1791 and the Trustee seeks a money judgment, her claim for unjust enrichment is legal in nature. See id.; see also Grochochinski v. La Salle Bank, 382 B.R. at 448 (action for unjust enrichment is legal in nature because money judgment sought); CDX Liquidating Trust v. Venrock Assoc., No. 04C7236, 2005 WL 3953895, at *3 (N.D. Ill. Aug. 10, 2005) (though claim for breach of fiduciary duty historically sounded in equity, it is legal in nature for purposes of Seventh Amendment because trustee seeks money damages).

Thus, all six counts of the complaint in this case are legal in nature. Marathon therefore meets the first prong of the Granfinanciera test for determining whether it has a right to a jury trial in this case.

The court notes that, even if the claim in Count VI for unjust enrichment is considered equitable for purposes of the Seventh Amendment, Marathon would still be entitled to a trial by jury in this case. When a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact." Curtis v. Loether, 415 U.S. 189, 196 n.11 (1974); see also Allison v. Citgo Petroleum Corp., 151 F.3d 402, 422-23 (5th Cir. 1998). This rule is necessary to prevent the loss of the right to a jury trial through prior determination by the court of equitable claims. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 473 (1962); see also Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 650. In this case, the facts relevant to the fraudulent transfer and promissory estoppel claims

**EXHIBIT A**

(that the Trustee admits are legal) are also relevant to the Trustee's other claims, so Marathon would be entitled to have a jury decide the facts of this case in any event.

### B. Trustee's Claims are Private in Nature

Under Granfinanciera, once a court decides that the claims at issue are legal in nature, it must determine whether Congress has "withdrawn jurisdiction over [the Trustee's] action by courts of law and assigned it exclusively to non-Article III tribunals sitting without juries...." Granfinanciera, 492 U.S. at 49. In other words, the court must decide whether the Seventh Amendment confers on Marathon a right to a jury trial in the face of Congress' decision to allow a non-Article III tribunal to adjudicate the claims against it. Id. at 50. This question hinges on whether the plaintiff is pursuing private or public rights. The Court reasoned that, while "Congress may devise novel causes of action involving public rights free from the strictures of the Seventh Amendment if it assigns their adjudication to tribunals without statutory authority to employ juries as factfinders, ... it lacks the power to strip parties contesting matters of private right of their constitutional right to a trial by jury." Id. at 51. The Court concluded that a trustee's right to recover a fraudulent conveyance was a private right, even though the action was a core proceeding based on § 548(a) of the Bankruptcy Code. Id. at 55; see also 28 U.S.C. § 157(b)(2)(H).

In this case, the Trustee's claims for fraud in the inducement, breach of contract, promissory estoppel and unjust enrichment, which are neither created under the Bankruptcy Code nor core proceedings, are all private state-law causes of action as to which Congress lacks the

**EXHIBIT A**

power to eliminate the right to trial by jury. See id. at 56. Marathon therefore meets the second prong of the Granfinanciera test for determining whether it has the right to a jury trial.

### C.    Marathon Has Not Waived its Right to a Jury Trial

The Trustee next argues that, even if Marathon had a right to a jury trial under Granfinciera, it waived that right by filing what amounts to a counterclaim for contribution and by its extensive participation as a creditor in API's bankruptcy case.

The right to a jury trial in bankruptcy exists only as long as the party does not assert a claim against the bankruptcy estate. Id. at 57-58. By filing a claim against a bankruptcy estate, a creditor "triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power. In other words, the creditor's claim and [the trustee's action] become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction. As such, there is no Seventh Amendment right to a jury trial." Langenkamp v. Culp, 498 U.S. 42, 44-45 (1990) (citing Granfinanciera, 492 U.S. at 58-59 & n.14). Thus, if a defendant who might otherwise be entitled to a jury trial on legal issues files a proof of claim in the bankruptcy case, it subjects itself to the bankruptcy court's equitable power and loses its right to a jury trial. See id.; Grochocinski, 382 B.R. at 448 ("The law is clear in this circuit that such an action constitutes consent to the equitable jurisdiction of the bankruptcy court and thus effects a 'waiver' of the right to a jury trial.").

In this case, it is undisputed that Marathon has not filed a proof of claim. The Trustee contends, however, that Marathon's assertion of an affirmative defense of contribution is

**EXHIBIT A**

tantamount to filing a claim against the estate. Courts have consistently held that counterclaims and defenses filed in an adversary proceeding seeking affirmative relief from a debtor's estate constitute claims against the bankruptcy estate that divest the defendant of the right to a jury trial. See, e.g., In re Hedstrom Corp., No. 04-38543, 2006 WL 1120572, at * 3 (N.D. Ill. Apr. 24, 2006); In re Mantelmann, No. 01 C 9915, 2002 WL 922087, at *1 (N.D. Ill. May 6, 2002); In re Commercial Fin. Serv., Inc., 251 B.R. 397, 406-08 (Bankr. N.D. Okla. 2000). As the court explained in Peachtree Lane Assoc., Ltd. v. Granader, 175 B.R. 232, 237 (N.D. Ill. 1994), "the defendant lost its right to a jury trial by filing a counterclaim and thereby seeking a piece of the disputed res, the debtor's estate, which was subject to the bankruptcy court's equitable power to allow and disallow claims." The critical inquiry, therefore, is whether the party seeking a trial by jury has laid claim in any way to a piece of the bankruptcy estate.

The Trustee contends that Marathon's eighth affirmative defense alleging contribution is a claim for a piece of API's estate. The Trustee argues that, if upheld, this defense would diminish API's estate and enrich Marathon just as if Marathon had filed a claim in the bankruptcy case or asserted the affirmative defense of setoff.

The court agrees that a claim for contribution would amount to a claim against the estate, triggering the process of allowance and disallowance of claims and subjecting Marathon to the court's equitable jurisdiction. Under Illinois law, "the right of contribution is one which accrues to one or more individuals who pay the debt to which all are bound. Each one who pays has the right to recover from the others the amount which he has paid in excess of his own proportionate part; the recovery is due to him alone." Gottschalk v. Gottschalk, 222 Ill.App. 56 (1921); see also 12A Ill. Law & Prac. Contribution § 2 (2008). Thus, if Marathon were seeking contribution

**EXHIBIT A**

from API's estate, it would be asserting a right to recover a portion of the amount that Marathon was liable to pay to a third party.

Based on the substance of Marathon's Eighth Affirmative Defense, however, Marathon is not seeking contribution from API. It alleges:

> "Marathon asserts the affirmative defense of contribution. Had API performed its obligations under the Policies, it would have had sufficient reserves to pay claims. API is not entitled to coverage under the Policies until API has returned the reserves improperly utilized both pre and post petition and made such funds available for the payment of claims."

Thus, Marathon asserts that it is not liable under the policies until API uses all of the reserve funds to pay claims under the service contracts. It alleges, in effect, a failure of a condition subsequent - API's use of all reserve funds in the manner required in the contract - to Marathon's duty to pay under the contract.

In determining whether a party has waived its right to a jury trial, courts look past the technical title of a defense or counterclaim and instead focus on the actual substance of the pleading to determine whether it is a claim against the bankruptcy estate. Container Recycling Alliance v. Lassman, 359 B.R. 358, 365 (D.Mass. 2007) (citing Commercial Fin. Serv., Inc., 251 B.R. at 408 ("[r]egardless of the disguise under which a claim is asserted ..., the Court must look to the substance of the assertion to determine whether the claims allowance process has been invoked.") This approach is consistent with Rule 8(c) of the Federal Rules of Civil Procedure, made applicable to this case by Rule 7008 of the Federal Rules of Bankruptcy Procedure. Rule 8(c)(2) states that "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." F.R.C.P. 8(c)(2).

**EXHIBIT A**

In this case, even though Paragraph 146 of Marathon's answer states that it "asserts the affirmative defense of contribution," it does not in fact seek contribution from API. As noted above, the right to contribution arises when two or more parties are jointly liable on a debt, and one party has paid more than its share to a third party. Marathon does not allege that it has or will have to pay more than its share of liability to a third party (such as a vehicle service contract purchaser) and is therefore entitled to be reimbursed by API for API's share of liability to the third party. Instead, Marathon asserts that it does not owe API under the contract until API complies with the contract. This is an affirmative defense to the Trustee's claims, not a counterclaim seeking a recovery from API's estate. Marathon therefore did not waive its right to a jury trial by asserting this affirmative defense.

The Trustee also argues that Marathon has waived its right to a trial by jury by its extensive involvement in proceedings in the bankruptcy case. Marathon has participated in many hearings, filed briefs with respect to many motions, identified itself as a creditor and otherwise been a very active participant in API's bankruptcy case. The Trustee cites no authority, however, for concluding that this participation resulted in a waiver of Marathon's right to a jury trial. Under <u>Granfinanciera</u> and <u>Langenkamp</u>, because Marathon has not filed a proof of claim or otherwise tried to recover a piece of API's estate, it has not waived its right to a trial by jury in this case.

**EXHIBIT A**

## Conclusion

For all of the foregoing reasons, the Trustee's motion to strike Marathon's jury demand is denied.

Dated: June 11, 2008

ENTERED:

_____
CAROL A. DOYLE
United States Bankruptcy Judge

**EXHIBIT A**