IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES GECKER, not individually but as Chapter 11 trustee of the bankruptcy estate of Automotive Professionals, Inc. | § § § § | Civil Action No. 08-cv-01550 Hon. Robert M. Dow, Jr. |
| Plaintiffs, | § § | |
| v. | § § | |
| MARATHON FINANCIAL INSURANCE CO., INC., RRG | § § § | JURY DEMANDED |
| Defendant. | § | |

**MARATHON FINANCIAL INSURANCE CO., INC, RRG'S REPLY TO THE
TRUSTEE'S RESPONSE TO MARATHON'S MOTION TO WITHDRAW
THE BANKRUPTCY REFERENCE**

COMES NOW, Marathon Financial Insurance Co., Inc., RRG ("**Marathon**") and files

this Reply to the Trustee's Response to Marathon's Motion to Withdraw the Bankruptcy

Reference and would show as follows:

**INTRODUCTION**

On June 11, 2008, Chief Bankruptcy Judge Doyle determined that Marathon is entitled to

a jury trial. *Automotive Professionals, Inc. v. Marathon Financial Insurance Co., Inc., RRG,*

B.R.___, 2008 WL 2358590 (Bankr. N.D. Ill. Jun. 11, 2008)[1]. A copy of Judge Doyle's decision

determining that Marathon is entitled to a jury trial (the "**Decision**") is attached hereto as Exhibit

A. Since the trial will be held in the District Court, Marathon now requests that this District

Court take an active role in the pretrial matters in the lawsuit. In that endeavor, Marathon has

previously requested that this Court withdraw the reference.

---

[1] On June 17, 2008, Judge Doyle concluded that the Official Committee of Unsecured Creditors of Automotive Professionals, Inc. could not be a party Plaintiff in this litigation. *In re Automotive Professionals, Inc.* __ B.R. __, 2008 WL 2440710 (Bankr. N.D. Ill. June 17, 2008).

The Trustee spends most of her Response to Marathon's Motion to Withdraw the Reference ("**Response**") proffering innuendos about Marathon that are not productive and do nothing to assist this Court in making its decision. Quite tellingly, the Trustee in her Response ignores the findings and conclusions reached by Judge Doyle in the Decision. These findings and conclusions are vitally important to this Court's determination of Marathon's Motion to Withdraw the Reference. Those findings and conclusions include the following:

(a)     Judge Doyle concluded that all six of the Trustee's claims against Marathon are **legal** in nature. *Id.* at *5

(b)     Judge Doyle concluded that four of the Trustee's claims are private state-law claims and are **non-core** proceedings. *Id.* at *5.

(c)     Judge Doyle concluded that the Trustee's claims against Marathon are non-core and that **Marathon is entitled to a jury trial**. *Id.* at *5.

According to *Grochocinski v. LaSalle Bank, N.A.* (*In re K & R Express Systems, Inc.*), 382 B.R. 443, 447 (N.D. Ill. 2007) these findings alone justify this Court withdrawing the reference. Notably, of all the factors cited by the Trustee in her Response, she fails to address the most important one, that being the core/non-core issue. *Id.* at 446-47 ("… the most important factor is whether a proceeding is core or non-core, as efficiency, uniformity and judicial economy concerns are largely subsumed within it.") And, it should also not go unnoticed by this Court that the bankruptcy court cannot make a final decision in a non–core case, but merely makes recommendations that are subject to de novo review by the district court. *Growe ex rel. Great Northern Paper, Inc. v. Bilodard Inc.*, 325 B.R. 490, 492-93 (D. Me. 2005). Obviously having two jury trials is a waste of judicial resources and Marathon wants to avoid that possibility – this case should be tried once.

## WITHDRAWAL OF THE REFERENCE IS APPROPRIATE

Marathon recognizes that it bears the burden to demonstrate that withdrawal of the reference is appropriate. *In re HA 2003, Inc.*, 2004 WL 609799( N.D. Ill., Mar. 24, 2004). Marathon has met that burden by demonstrating that it is entitled to a jury trial, that it has not consented to a jury trial in bankruptcy court and that the claims asserted against it are private and legal in nature and non-core. Judge Doyle, in her Decision, agrees that Marathon is entitled to a jury trial and discusses each of the other elements supporting withdrawal of the reference. *See API*, 2008 WL 2358590. In addition, this case involves non-core claims to which Marathon has timely made a jury demand. Marathon has demonstrated its right to a jury trial and has not consented to a jury trial in the bankruptcy court; therefore, cause for discretionary withdrawal of the reference under 28 U.S.C. § 157(d) has been shown. *In re VW Group, Inc.*, 359 B.R. 441, 446 (S.D. N.Y. 2007); *In re CIS Corp.*, 172 B.R. 748, 755 (S.D. N.Y. 1994); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993). Further, the cases cited by the Trustee in her Response unambiguously demonstrate that the reference should be withdrawn.

The Trustee on page 6 of her Response cites the Court to *In re Technologies Liquidations Co.*; however, that case does not support the Trustee's argument because the issue involved in that case was a **core** claim. *In re Technologies*, 2007 WL 1152518 *1 (W.D. Pa. Apr. 17, 2007)("...this is a **core proceeding**...") [Emphasis Supplied]. Likewise in each of the other three cases cited by the Trustee on page 6 of her Response, the cases involve a **core proceeding**. *See, e.g.*, *American Classic Voyages Co. v Westaff (USA), Inc. (In re American Classic Voyages Co.), 337 B.R. 509, 512 (D. Del. 2006)(" Moreover, because it is a core proceeding ..."); Bilodard, 325 B.R. 490 (core proceeding); In re Commercial Financial Services, Inc.*, 239 B. R. 586, (Bankr. N.D. Okla., 1999)(" It should come as no surprise to Brady that her post-petition

encounters with a bankrupt debtor and a bankruptcy estate fall within the bankruptcy court's jurisdiction.")

To further illuminate this point, and in stark contrast to the position articulated by the Trustee, in the *Bilodard* case the court actually concluded that a non-core case should be heard by the District Court as quoted below:

> While bankruptcy judges may render final judgments in core matters, *see* 28 U.S.C. § 157(b), they may only issue proposed findings of fact and conclusions of law in non-core proceedings. *See* 28 U.S.C. § 157(c)(1). The District Court must then make a de novo determination as to any findings or conclusions to which a party objects. *Id.* Because of the heightened scrutiny required of the District Court **in reviewing non-core matters,** the argument for withdrawal in such cases is stronger. In many such cases, **a proceeding in District Court will enable the parties to obtain a final judgment more expeditiously and efficiently** than a proceeding in Bankruptcy Court followed by a de novo review by the District Court. **When a party makes a valid jury demand in a non core matter,** such **concerns are heightened** even further **since substantial involvement by the District Court** at some point in the proceedings **becomes even more likely.** In addition, the nature of **non-core claims,** which generally **relate only indirectly to bankruptcy law, alleviates concerns that withdrawal will disrupt the uniform administration of bankruptcy law.**

[Emphasis supplied.] *Bilodard* at 492-93.

The *Bilodard* case was not decided in a vacuum for it relied on the Second Circuit's decision in *Orion Pictures*. Similarly, the *Enron Corp.* case followed this same logic and held that the most important factor in determining whether to withdraw the reference is whether the claims are core or non-core and that the reference should be withdrawn in cases involving non-core matters. *In re Enron Corp.*, 295 B.R. 21 (S.D. N.Y., 2003)(citing *In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2d Cir. 1996) and *Orion Pictures* at 1101. This is also consistent with case law in the Northern District of Illinois. *In re Conseco Finance Corp.*, 324 B.R. 50, 53 (N.D. Ill. 2005)("…whether the claim is core or non-core is the 'most important' factor…")(citing *Burger Boys* and *Orion Pictures*); *Peachtree Home Assoc., Ltd. v. Granader*, 175 B.R. 232, 235 (N.D. Ill. 1994) ("'cause' to withdraw the reference automatically exists in cases where the party

seeking withdrawal is entitled to a jury trial under the Seventh Amendment"). *In re Dreis & Krupm Mfg. Co.*, 1995 WL 41416 *3 (N.D. Ill. Jan 31, 1995).

As District Judge Nordberg held in the *Sevko* case "[t]he existence of a jury trial demand is only a factor for non-core proceedings, because a jury verdict, like any judgment in the bankruptcy court on a non-core proceeding, is merely a recommendation to the district court. Requiring two jury trials would be a waste of judicial resources." *In re Sevko, Inc.,* 143 B.R. 114, 117 (N.D. Ill. 1992). Accordingly, when the Trustee cites cases dealing with core proceedings, she is missing the import of the combination of a non-core proceeding with a right to trial by jury. Interestingly, the Trustee cites the *Sevko* case in her Response, together with the *CDX Liquidating Trust* and *HA 2003* cases for the list of factors to be considered by the Court. *See,* Trustee's Response, p. 7. However, the Trustee does not provide the Court with the complete list. The Trustee has conveniently left off the most important factor, the core/non-core factor. *K & R Express,* 382 F.Supp. at 447; *In re Pro-Pak Services, Inc.,* 2002 WL 31915808 *2 (N.D. Ill. Dec. 31, 2002); *Sevko,* 143 B.R. at 117, *Conseco,* 324 B.R. at 53.

In the present case, which now clearly involves non-core matters, this Court should follow the guidance of *Conseco* and withdraw the reference to avoid unnecessary duplication of judicial resources. The following quote from *Conseco* supports this point:

> Given that bankruptcy courts can adjudicate core matters to final binding judgment and that such cases often involve facts with which the bankruptcy court is already familiar as well as legal issues within the bankruptcy court's expertise, precedent teaches that hearing core matters in a district court raises a material risk of the "inefficient allocation of judicial resources." *In re Orion,* 4 F.3d at 1101. In contrast, **the fact that a proceeding is non-core implicates the weighty considerations of judicial economy and an expedient bankruptcy process articulated by the Fifth Circuit in *Holland.*** Indeed, in some cases, **withdrawing the reference for non-core matters avoids unnecessary duplication of judicial effort.**

*In re Conseco*, 324 B.R. 50, 54 (N.D. Ill 2005). Again, because Judge Doyle has already decided that Marathon is entitled to a jury trial and that the Trustee's claims are non-core, the reference should be withdrawn.

Despite the clarity of the law in this area it is particularly disturbing that the Trustee has dropped from the list the factor often considered by the Northern District of Illinois to be the most important factor. See, *In re HA 2003*, at \*2 citing *In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997). In the *In re HA 2003* case, the court wrote that the list of factors to be considered are "judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the particular court's familiarity with the case, **and whether the adversary proceeding is core or non-core.**" [Emphasis Supplied] *In re HA 2003, Inc.*, 2004 WL 609799 \*2 (N.D. Ill. Mar. 24, 2004). It is now apparent that to create an argument for this Court the Trustee perceptibly decided to selectively choose the factors she included in her Response and did not accurately cite the case law to this Court.

The Trustee continues with that charade and also misleadingly cites the Court to the *CDX Liquidating Trust v. Venrock Assoc.* case; however, that case involves a **core** proceeding so its holding is understandable in that context. 2005 WL 3953895 \*2 (N.D. Ill. Aug. 10, 2005) ("Trustee's claim of equitable subordination is a core claim"). To restate the obvious again after reading the cases, the position expressed by Marathon here that the "core/non-core" issue is a key factor was clearly affirmed by Judge Guzman in *CDX* when he held that "[t]he most important factor, however, is whether a proceeding is core or non-core, as efficiency, uniformity and judicial economy concerns are largely subsumed within it." *Id.* at \*1 (citing to *In re Conseco Finance Corp.* 324 B.R. 50, 53 (N.D. Ill. 2005).

In addition, and while the *HA 2003* case may initially seem helpful to the Trustee's position, a close reading of that case demonstrates that there were a number of bankruptcy issues at play in the *HA 2003* litigation. In the *HA 2003* case, i) the litigation between the Debtor and the insider had been ongoing for fifteen (15) months, ii) the insurers had been involved in the adversary proceeding as they had reserved certain rights in providing a defense; and iii) the case involved certain legal questions particular to bankruptcy such as a) whether the relevant exclusion argued by the insurers could arise in a bankruptcy case, and b) whether the Plaintiff could bring the claim on behalf of the bankruptcy estate. *HA 2003* at *1 and *2. In the *HA 2003* case, the court held that, because of the extensive litigation involving the debtor, the insider and the insurers, and the bankruptcy-related issues, it was better to allow the bankruptcy court to retain the reference. *Id.* at *3. These factors are not present in this adversary.

In this case, **the litigation was initiated on February 15, 2008**; however, as is reflected on the docket sheet for the Bankruptcy Court adversary proceeding, there has been no substantial involvement of the Bankruptcy Court in this litigation, other than Judge Doyle's published decisions in favor of Marathon. (The other published opinion was issued in the main bankruptcy case, denying the Trustee's Motion to Authorize the Committee to join as a Plaintiff.) Marathon requests the Court take judicial notice of the Bankruptcy Court's docket sheet in this adversary proceeding pursuant to Rule 201 of the Federal Rules of Evidence. A copy of the docket sheet for the adversary proceeding is attached as Exhibit B.

The Trustee also attempts to demonstrate that the Bankruptcy Court has some familiarity with the issues involving the case by attaching an incomplete passage from the transcript of the June 6, 2007 hearing on the Motion to Appoint a Trustee. That hearing preceded the filing of this litigation by eight months. However, during the June 6, 2007 hearing on the Motion to Appoint a Trustee, the Bankruptcy Court did not involve itself in any specific matters involving

Marathon, or the Marathon insurance contracts, but dealt with issues involving API's pre-petition activities solely in the context of determining whether a trustee should be appointed for the debtor, API. At the conclusion of the hearing, Judge Doyle stated:

> But I am fairly appalled by what's happened in this case pre-petition, and I'm not sure what Mr. Andrew can contribute on that, but taking loans on funds that are put in many different places to be reserved for payment of consumer claims and using those funds to get a loan for the parent; keeping 300,000 of those to buy out a business partner; selling contracts to take in more money after the debtor is sure that it's not going to be able to go forward with these contracts; essentially getting money from consumers to fund its ongoing operations without any – knowing that it cannot live up to those contracts, I don't know what Mr. Andrew can tell me that would convince me that those are not things that constitute gross mismanagement, dishonesty. **I won't go so far as fraud. I did use that term before and I shouldn't have used it so loosely with respect to Marathon.**
>
> * * *
>
> But I think it's apparent that **I have not, in fact, ruled on any specific findings of fact and conclusions of law. That's why the debtor is sort of conceding the point at this time so that perhaps I won't do that, and so I'm not intending to.**" 109, Line 25 – 110, Line 5

[Emphasis supplied] *See*, Transcript pgs. 104 and 109 attached as Exhibit C. At that point, and in order to avoid any findings, API as debtor withdrew its objection to the appointment of a Trustee, concluding that portion of the proceedings. Further, and with regard to Marathon, Judge Doyle specifically limited questions being asked by Marathon's counsel at that hearing. Judge Doyle stated: "I don't want Marathon litigating issues that are really . . . **I don't want you litigating your case.**" [Emphasis supplied] *See*, Transcript, p. 80 attached as Exhibit D.

The Trustee also alleges that Marathon is forum shopping because it did not ask for a jury trial in the *Lewis v. Marathon Financial Insurance Corp., et al.* case, Case No. 07-1508, which was filed in the Northern District Court of Illinois before Judge Gettleman. No jury demand was necessary because that case was immediately subject to Marathon's motion to dismiss. Plaintiffs were then given two opportunities to file an Amended Complaint, the last such order being

entered on April 19, 2007. Revealing that the claims were inherently suspect no subsequent Amended Complaint was ever filed, and after several continuances requested by Plaintiffs, that case was voluntarily dismissed on September 10, 2007. A copy of the docket from the *Lewis* case is attached hereto as Exhibit E and Marathon requests the Court take judicial notice of the docket from the *Lewis* case.

The bottom line is that Marathon is entitled to a jury trial on the Trustee's private legal claims which are non-core. It makes no sense to have the Bankruptcy Court retain this adversary proceeding any longer, as ultimately this Court must conduct the jury trial, and in doing so, this Court should become familiar with the issues particular to this non-core litigation.

WHEREFORE, PREMISES CONSIDERED, Marathon prays that the Court grant Marathon's Motion to Withdraw the Reference [Docket No. 1]; and that Marathon have such other and further relief as is just.

Respectfully submitted this 1st day of July, 2008.

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael J. Durrschmidt
    Michael J. Durrschmidt
    State Bar No. 06287650
    Eric S. Lipper
    Texas Bar No. 12399000
    700 Louisiana, 25th Floor
    Houston, Texas 77002-2728
    Telephone: (713) 220-9165
    Facsimile: (713) 223-9319
    Email: mdurrschmidt@hirschwest.com

**COUNSEL FOR MARATHON FINANCIAL INSURANCE COMPANY, INC.**

LAW OFFICES OF MARK A. SCHRAMM

By: /s/ Mark A. Schramm
    Mark A. Schramm
    State Bar No. 06183571
    One East Wacker Drive, Suite 2850
    Chicago, Illinois 60601
    Telephone:  (312) 222.9420
    Facsimile:  (312) 222.9421
    Email: Marsch500@aol.com

**LOCAL COUNSEL FOR MARATHON FINANCIAL INSURANCE COMPANY, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, facsimile and/or electronic mail by the Clerk of the Court via the ECM system, as listed below.

**Micah R. Krohn**
Frank/Gecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL 60610

**United States Trustee**
Office of the United States Trustee
227 West Monroe Street
Suite 3350
Chicago, IL 60606

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt

20070235.20070235/312352.v1

EXHIBIT A

Westlaw.

--- B.R. ----
--- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.)
(Cite as: --- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.))

Page 1

**H**
In re Automotive Professionals, Inc.
Bkrtcy.N.D.Ill.,2008.
Only the Westlaw citation is currently available.
United States Bankruptcy Court,N.D.
Illinois,Eastern Division.
In re AUTOMOTIVE PROFESSIONALS, INC.,
Debtor.
Frances Gecker, not individually but as Ch. 11
Trustee of the bankruptcy estate of Automotive
Professionals, Inc. and the Official Committee of
Unsecured Creditors of Automotive Professionals,
Inc., Plaintiffs,
v.
Marathon Financial Insurance Co., Inc., RRG, De-
fendant.
Bankruptcy No. 07 B 06720.
Adversary No. 08 A 00089.

June 11, 2008.

**Background:** Chapter 11 trustee brought adversary
proceeding against insurer that had issued a policy
backing extended warranty coverage sold by debt-
or, in which trustee sought to recover from insurer
on fraud in the inducement, breach of contract, un-
just enrichment and promissory estoppel claims. In-
surer filed timely demand for jury trial, and trustee
moved to strike jury trial demand on theory that in-
surer had no underlying right to jury trial or had, by
its conduct, waived its jury trial right.

**Holdings:** The Bankruptcy Court, Carol A. Doyle,
J., held that:
(1) breach of contract and fraud in inducement
claims asserted by Chapter 11 trustee against in-
surer that had issued a policy backing extended
warranty coverage sold by debtor were legal in
nature;
(2) even unjust enrichment claim asserted by trustee
had to be regarded as legal in nature, given that the
remedy sought by trustee for the allegedly illusory
nature of coverage offered by insurer was money
judgment in amount of insurance premiums paid;

(3) trustee's claims against insurer that had issued a
policy backing extended warranty coverage sold by
debtor, for fraud in the inducement, breach of con-
tract, unjust enrichment and promissory estoppel,
were private state law causes of action as to which
Congress lacked power to eliminate insurer's right
to trial by jury;
(4) insurer did not, by asserting putative
"contribution" claim, waive its Seventh Amend-
ment right to jury trial; and
(5) insurer, by its extensive involvement in pro-
ceedings in bankruptcy case, did not waive its Sev-
enth Amendment jury trial right.

Motion to strike denied.

**[1] Jury 230 ⌾0**

230 Jury
In determining whether litigant has Seventh
Amendment right to jury trial, court must decide,
first, whether the remedy sought is legal or equit-
able in nature, and second, if it is legal, whether
Congress has withdrawn jurisdiction by courts of
law over the action and assigned it exclusively to a
court, such as bankruptcy court, in which jury trials
are unavailable. U.S.C.A. Const.Amend. 7.

**[2] Bankruptcy 51 ⌾0**

51 Bankruptcy
Breach of contract and fraud in inducement claims
asserted by Chapter 11 trustee against insurer that
had issued a policy backing extended warranty cov-
erage sold by debtor were legal in nature, for pur-
poses of assessing whether insurer had Seventh
Amendment right to jury trial thereon, where prin-
cipal remedy sought by trustee was money judg-
ment in trustee's favor in amount of insurance
premiums paid by debtor; trustee's tacking on of re-
quest for rescission as alternate remedy did not alter
fundamental nature of trustee's claims or deprive
insurer of right to jury trial. U.S.C.A.
Const.Amend. 7.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- B.R. ----
--- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.)
(Cite as: --- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.))

Page 2

**[3] Jury 230 ⋘0**

230 Jury
Even if, historically, a claim was equitable in nature, it is actual remedy sought on each count of claim that will determine whether it is legal or equitable for purposes of Seventh Amendment right to jury trial. U.S.C.A. Const.Amend. 7.

**[4] Bankruptcy 51 ⋘0**

51 Bankruptcy
Even unjust enrichment claim asserted by Chapter 7 trustee had to be regarded as legal in nature, for purposes of Seventh Amendment right to jury trial, where remedy sought by trustee for the allegedly illusory nature of coverage offered by insurer to back extended warranty coverage sold by debtor was money judgment in amount of insurance premiums paid. U.S.C.A. Const.Amend. 7.

**[5] Bankruptcy 51 ⋘0**

51 Bankruptcy
Even assuming that unjust enrichment claim included in Chapter 7 trustee's complaint against insurer that had issued a policy backing extended warranty coverage sold by debtor was considered equitable in nature, insurer would still have Seventh Amendment right to trial by jury, based on fact that trustee had joined this equitable claim with five other claims of legal nature, and that facts relevant to unjust enrichment claim were same facts relevant to trustee's legal claims. U.S.C.A. Const.Amend. 7.

**[6] Jury 230 ⋘0**

230 Jury
When legal claim is joined with equitable claim, right to jury trial on legal claim, including all issues common to both claims, remains intact. U.S.C.A. Const.Amend. 7.

**[7] Jury 230 ⋘0**

230 Jury
Once court decides that claims at issue are legal in nature, it must then determine, for purpose of assessing party's alleged Seventh Amendment right to jury trial, whether Congress has withdrawn jurisdiction over claims from courts of law and assigned it exclusively to non-Article III tribunals sitting without juries, an inquiry which hinges upon whether plaintiff is pursuing private or public rights. U.S.C.A. Const.Amend. 7.

**[8] Jury 230 ⋘0**

230 Jury
While Congress may devise novel causes of action involving public rights free from the strictures of the Seventh Amendment if it assigns their adjudication to tribunals without statutory authority to employ juries as factfinders, it lacks power to strip parties contesting matters of private right of their constitutional right to trial by jury. U.S.C.A. Const.Amend. 7.

**[9] Bankruptcy 51 ⋘0**

51 Bankruptcy
Chapter 11 trustee's claims against insurer that had issued a policy backing extended warranty coverage sold by debtor, for fraud in the inducement, breach of contract, unjust enrichment and promissory estoppel, were private state law causes of action as to which Congress lacked power to eliminate insurer's right to trial by jury. U.S.C.A. Const.Amend. 7.

**[10] Bankruptcy 51 ⋘0**

51 Bankruptcy
Defendant who might otherwise be entitled to jury trial on legal issues in bankruptcy court subjects himself to bankruptcy court's equitable power and loses his right to jury trial by filing a proof of claim.

**[11] Bankruptcy 51 ⋘0**

51 Bankruptcy
Even if party does not file proof of claim, his filing of counterclaims and defenses filed in adversary proceeding brought by trustee that seek affirmative

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- B.R. ----
--- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.)
(Cite as: --- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.))

Page 3

relief from debtor's estate constitute claims against bankruptcy estate and divest him of right to jury trial. U.S.C.A. Const.Amend. 7.

**[12] Bankruptcy 51 ☞0**

51 Bankruptcy
In determining whether party has waived its right to jury trial, bankruptcy courts look past technical title of defense or counterclaim and instead focus on actual substance of pleading to determine whether it is claim against bankruptcy estate. U.S.C.A. Const.Amend. 7.

**[13] Bankruptcy 51 ☞0**

51 Bankruptcy
While insurer's answer to Chapter 11 trustee's complaint included paragraph asserting "affirmative defense of contribution," insurer was not in fact seeking any affirmative recovery from bankruptcy estate, but was simply asserting that it did not owe anything to debtor until debtor had first made payment on extended warranty contracts that policy issued by insurer was intended to back, and insurer did not, by asserting this putative "contribution" claim, waive its Seventh Amendment right to jury trial on trustee's fraud in the inducement, breach of contract, unjust enrichment and promissory estoppel claims against it. U.S.C.A. Const.Amend. 7.

**[14] Bankruptcy 51 ☞0**

51 Bankruptcy
Insurer, by its extensive involvement in proceedings in bankruptcy case in participating in many hearings, filing briefs with respect to many motions, and identifying itself as creditor, did not waive its Seventh Amendment right to jury trial on trustee's fraud in the inducement, breach of contract, unjust enrichment and promissory estoppel claims against it. U.S.C.A. Const.Amend. 7.

Frank/Gecker LLP, Arnstein & Lehr, LLP, for Movant or Plaintiff.
Law Offices of Mark A. Schramm, Hirsch & Westheimer, PC, for Respondent or Defendant.

*MEMORANDUM OPINION*

CAROL A. DOYLE, Bankruptcy Judge.
*1 Frances Gecker ("Trustee"), as chapter 11 trustee of Automotive Professionals, Inc. ("API"), filed this adversary proceeding in bankruptcy court against Marathon Financial Insurance Co., Inc., RRG. Before filing for bankruptcy, API sold vehicle service contracts to consumers, many of which were backed by insurance policies issued by Marathon. The Trustee filed a complaint against Marathon alleging breach of contract, fraud in the inducement, fraudulent transfers, promissory estoppel and unjust enrichment. Marathon filed a timely jury demand, and does not consent to a jury trial in the bankruptcy court. The Trustee filed a motion to strike the jury demand.

The Trustee argues that Marathon is not entitled to a jury trial on the Trustee's requests for equitable relief. She also asserts that, in any event, Marathon has waived its right to a jury trial by filing the equivalent of a counterclaim for contribution against API's estate and by participating in API's bankruptcy case. Marathon counters that it has a constitutional right to a jury trial in the district court because the Trustee's claims are legal. It also contends that it has not waived its right to a jury trial because it has not filed a proof of claim in the bankruptcy case or a counterclaim seeking payment from API's bankruptcy estate.

For the reasons stated below, the court concludes that Marathon has a right to a jury trial with respect to all of the Trustee's claims and that it has not waived that right by filing an affirmative defense labeled "contribution" or participating in API's bankruptcy case.

**I. Background and Facts**

The following facts are undisputed. API is an Illinois corporation that sold vehicle service contracts under which API agreed to pay certain repair costs after the manufacturer's warranty expired.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- B.R. ----
--- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.)
(Cite as: --- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.))

Page 4

API's service contracts were backed by a combination of funds on deposit in various reserve accounts and insurance policies, depending on the law of the state in which each contract was sold. Many of API's service contracts are backed by vehicle service contract reimbursement policies issued by Marathon.

API filed its voluntary chapter 11 bankruptcy petition in April 2007. In June 2007, the Trustee was appointed as chapter 11 trustee. In February 2008, the Trustee and the Official Committee of Unsecured Creditors of API filed a six-count complaint against Marathon. Underlying all six counts are allegations that Marathon made misrepresentations to API and acted fraudulently in connection with the issuance of the Marathon policies. The Trustee alleges, among other things, that Marathon misrepresented that it had obtained reinsurance coverage for API and that it consented to payments from API's reserve accounts that could eliminate any potential liability of Marathon under the policies. The Trustee also alleges that, if Marathon's interpretation of the policies prevails, neither Marathon nor any reinsurance company would ever be liable to API or its customers with respect to the vast majority of API's service contracts backed by Marathon, despite Marathon's representations to the contrary to API, dealers and consumers and despite the millions of dollars in premiums paid to Marathon. Based on these factual allegations, the Trustee asserts claims for fraud in the inducement (Count I), avoidance of fraudulent transfers regarding insurance premiums (Count II), avoidance of fraudulent transfers regarding the issuance of Marathon Policy M34164 (Count III), breach of contract (Count IV), promissory estoppel (Count V), and unjust enrichment (Count VI).

*2 Marathon filed a motion to dismiss Counts I and II of the complaint and to dismiss the creditors' committee as a plaintiff for lack of standing, which is currently pending before the court. Marathon also filed an answer to the complaint. Among its defenses, Marathon asserts the "affirmative defense of

contribution ." First Amended Answer, ¶ 146. Marathon also filed a jury demand and a motion to withdraw the reference in the district court based on its asserted right to a jury trial.

The Trustee then filed the present motion to strike Marathon's jury demand. She argues that Marathon is not entitled to a jury trial with respect to the equitable relief she seeks in the complaint. She also contends that Marathon has waived its right to a jury trial by seeking contribution from API and by actively participating in API's bankruptcy case since its inception.

## II. Seventh Amendment Right to Jury Trial

The first question raised by the Trustee's motion is whether Marathon is entitled under the Seventh Amendment to a trial by jury on any of the Trustee's claims. The Seventh Amendment preserves the right to a jury trial "in Suits at common law, where the value in controversy shall exceed twenty dollars."U.S. Const. Amend. VII. Rule 39(a) of the Federal Rules of Civil Procedure, which applies to bankruptcy cases pursuant to Rule 9015(a) of the Federal Rules of Bankruptcy Procedure, recognizes this right. It provides that a party is entitled to a jury trial unless the court finds that "a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."Fed. Rule Civ. Proc. 39(a) (2007).

The Supreme Court articulated the standard for determining whether the right to a trial by jury exists in an action filed by a bankruptcy trustee in *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The Court applied the following test:

"First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the court of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature."The second stage of this analysis

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- B.R. ----,                                                                                     Page 5
--- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.)
**(Cite as: — B.R. ——, 2008 WL 2358590 (Bkrtcy.N.D.Ill.))**

is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder.

*Id.* (citation omitted).

[1] Thus, in determining whether a litigant has a Seventh Amendment right to a jury trial, the court must decide first whether the remedy sought is legal or equitable in nature, and second, if it is legal, whether Congress has withdrawn jurisdiction by courts of law over the action and assigned it exclusively to a court, such as the bankruptcy court, in which jury trials are unavailable.

**A. The Trustee's Claims are Legal in Nature**

*3 [2] The Trustee concedes that her claims in Counts II and III to avoid fraudulent conveyances and in Count V for promissory estoppel are legal in nature. She contends, however, that Marathon has no right to a jury trial with respect to the equitable relief sought in Counts I (fraud in the inducement), IV (breach of contract), and VI (unjust enrichment). She argues that, in those counts, she seeks disgorgement of premiums paid to Marathon based on the equitable remedies of rescission and restitution.

[3] Under *Granfinanciera,* however, even if a claim historically was equitable in nature, the actual remedy sought on each count will determine whether it is legal or equitable for purposes of the Seventh Amendment. 492 U.S. at 43-45. If the plaintiff seeks only purely equitable relief (e.g., setting aside the conveyance of land in trust), the action is considered equitable in nature. *Id.* If the plaintiff seeks a money judgement based on an equitable claim, the claim is generally considered legal in nature. *Id.; see also Grochocinski v. La Salle Bank, N.A. (In re K & R Express Systems, Inc.),* 382 B.R. 443, 447-48 (N.D.Ill.2007) (defendants entitled to jury

trial for breach of fiduciary duty and unjust enrichment claims because trustee sought money damages as the remedy). Even though actions to avoid fraudulent transfers could sometimes be brought in equity in English courts, the Court in *Granfinanciera* held that, on balance, the remedy sought-a money judgment-was legal in nature so the defendant had the right to a jury trial. *Id.* at 43.

Soon after deciding *Granfinanciera,* the Court addressed the Seventh Amendment again in *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990). Consistent with its holding in *Granfinanciera,* the Court concluded in *Chauffeurs* that the action for breach of a union's duty to represent an employee was legal in nature because the claim required proof of a breach of contract and the plaintiffs sought money damages, even though the most analogous cause of action was historically brought in equity. *Id.* at 573.In doing so, the Court reiterated its long-held view that maintaining the right to a jury trial is of such importance in our history and jurisprudence that "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."*Id.* at 565 (citations omitted).

In this case, two of the three counts at issue-breach of contract and fraud in the inducement seeking money damages-are legal claims that would have been brought in courts of law in 1791. *See Chauffeurs,* 494 U.S. at 569-70 (breach of contract is a legal issue); *Buzard v. Houston,* 119 U.S. 347, 352-53, 7 S.Ct. 249, 30 L.Ed. 451 (1886) (fraud in the inducement claim seeking money damages is legal action); *see also*27 Richard A. Lord, *Williston on Contracts* § 69:47 (4th ed.2007) (fraud in the inducement generally enforced at law). In both counts, the Trustee seeks first a money judgment for damages in the amount of $15 million, and only in the alternative a money judgment in the amount of $12.3 million as rescission damages. Tacking on a request for rescission as an alternative remedy does not alter the fundamental nature of the claims

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- B.R. ----
--- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.)
(Cite as: --- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.))

and deprive Marathon of the right to a jury trial. *See Tull v. United States,* 481 U.S. 412, 425, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987) (the right to a jury trial on a legal claim "cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought.").

*4 [4] The third claim at issue in this motion is for unjust enrichment (Count VI). The Trustee alleges that the consideration for the insurance contract was illusory, there was never a meeting of the minds sufficient to form a contract, and therefore no contract ever existed. She seeks restitution of the premiums paid to Marathon. The prayer for relief seeks a declaration that the contract is void and a money judgment of $12.3 million, the amount of premiums that API paid Marathon.

Actions for unjust enrichment seeking restitution are typically described as equitable in nature and provide an alternative form of relief when an action under a contract fails. 26 Richard A. Lord, *Williston on Contracts* § 68:5 (4th ed.2007). Once again, the Trustee seeks a money judgment as the principal remedy in Count VI. *Granfinanciera* suggests that this factor alone is determinative and that the claim is legal. 492 U.S. at 49 n. 7. The Court explained that, even with "classical equitable remedies" like restitution and avoidance, when a money judgment is sought and no other equitable relief is requested, a complete remedy is available at law because dollars are fungible.*Id.* When a money judgment is sought, "any distinction that might exist between 'damages' and monetary relief under a different label is purely semantic, with no relevance to the adjudication of petitioners' Seventh Amendment claim."*Id.*

The Trustee argues that *Chauffeurs* supports her argument that this claim is equitable because the Court recognized that "we have characterized damages as equitable when they are restitutionary."494 U.S. at 570. The Court ultimately concluded, however, that the plaintiff's claim was legal because it sought a money judgment and required proof of breach of a contract-a legal issue. 494 U.S. at 573.

It did not hold that any action for money damages seeking restitution is equitable in nature for purposes of the Seventh Amendment.

The *Granfinanciera* Court's characterization of restitution as a remedy at law is consistent with the history of restitution. In a case decided before *Granfinanciera,* the Seventh Circuit examined the origins of restitution, explaining that remedies known as "restitution" were available in both courts of law and equity before their merger, and that terms such as "restitution" and "unjust enrichment" have slowly changed from distinctive causes of action to measures of damages available in many kinds of actions. *First Nat'l Bank of Waukesha v. Warren,* 796 F.2d 999, 1000-01 (7th Cir.1986). The court noted that actions in which the plaintiff seeks money for its own coffers should not necessarily be considered equitable. *Id.* The court then declined to decide on a petition for writ of mandamus whether the plaintiffs were entitled to a jury trial on their claim of quasi-contract (unjust enrichment) because the plaintiff's rights could be vindicated on appeal after judgment. 796 F.2d at 1006.

*5 Three years later in the same case, the Seventh Circuit affirmed the district court's judgment entered after a jury trial on the unjust enrichment claim. *Federal Deposit Insur. Corp. v. Bank One, Waukesha,* 881 F.2d 390, 392 (7th Cir.1989). Although the Seventh Amendment issue was not raised on appeal, the court noted that unjust enrichment or quasi-contract claims are part of the law of contracts, and that long ago the English courts "shoehorned" restitution into the writ of assumpsit. *Id.* at 392.Assumpsit was an action at law for "money had and received." *Gaines v. Miller,* 111 U.S. 395, 397-98, 4 S.Ct. 426, 28 L.Ed. 466 (1884).

The Fifth Circuit also discussed the evolution of restitution in *Austin v. Shalala,* 994 F.2d 1170, 1176 (5th Cir.1993). The court explained that an action for restitution or quasi-contract-seeking the return of money paid by mistake to one to whom it was not owed-was an action at law tried to a jury in England in 1791. *Id.* It therefore concluded that the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

defendant had the right to a jury trial under *Granfinanciera. Id.* at 1177-78.

Because actions for quasi-contract or unjust enrichment were heard in courts of law in 1791 and the Trustee seeks a money judgment, her claim for unjust enrichment is legal in nature. *See id.; see also Grochochinski v. La Salle Bank,* 382 B.R. at 448 (action for unjust enrichment is legal in nature because money judgment sought); *CDX Liquidating Trust v. Venrock Assoc.,* No. 04C7236, 2005 WL 3953895, at *3 (N.D.Ill. Aug.10, 2005) (though claim for breach of fiduciary duty historically sounded in equity, it is legal in nature for purposes of Seventh Amendment because trustee seeks money damages).

Thus, all six counts of the complaint in this case are legal in nature. Marathon therefore meets the first prong of the *Granfinanciera* test for determining whether it has a right to a jury trial in this case.

[5][6] The court notes that, even if the claim in Count VI for unjust enrichment is considered equitable for purposes of the Seventh Amendment, Marathon would still be entitled to a trial by jury in this case. When a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact."*Curtis v. Loether,* 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *see also Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 422-23 (5th Cir.1998). This rule is necessary to prevent the loss of the right to a jury trial through prior determination by the court of equitable claims. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 473, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *see also Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.,* 299 F.3d 643, 650. In this case, the facts relevant to the fraudulent transfer and promissory estoppel claims (that the Trustee admits are legal) are also relevant to the Trustee's other claims, so Marathon would be entitled to have a jury decide the facts of this case in any event.

**B. Trustee's Claims are Private in Nature**

*6 [7][8][9] Under *Granfinanciera,* once a court decides that the claims at issue are legal in nature, it must determine whether Congress has "withdrawn jurisdiction over [the Trustee's] action by courts of law and assigned it exclusively to non-Article III tribunals sitting without juries...."*Granfinanciera,* 492 U.S. at 49. In other words, the court must decide whether the Seventh Amendment confers on Marathon a right to a jury trial in the face of Congress' decision to allow a non-Article III tribunal to adjudicate the claims against it. *Id.* at 50.This question hinges on whether the plaintiff is pursuing private or public rights. The Court reasoned that, while "Congress may devise novel causes of action involving public rights free from the strictures of the Seventh Amendment if it assigns their adjudication to tribunals without statutory authority to employ juries as factfinders, ... it lacks the power to strip parties contesting matters of private right of their constitutional right to a trial by jury."*Id.* at 51.The Court concluded that a trustee's right to recover a fraudulent conveyance was a private right, even though the action was a core proceeding based on § 548(a) of the Bankruptcy Code. *Id.* at 55;*see also*28 U.S.C. § 157(b)(2)(H).

In this case, the Trustee's claims for fraud in the inducement, breach of contract, promissory estoppel and unjust enrichment, which are neither created under the Bankruptcy Code nor core proceedings, are all private state-law causes of action as to which Congress lacks the power to eliminate the right to trial by jury. *See id.* at 56.Marathon therefore meets the second prong of the *Granfinanciera* test for determining whether it has the right to a jury trial.

**C. Marathon Has Not Waived its Right to a Jury Trial**

The Trustee next argues that, even if Marathon had a right to a jury trial under *Granfinciera,* it waived that right by filing what amounts to a counterclaim for contribution and by its extensive participation

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- B.R. ----

--- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.)

(Cite as: --- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.))

as a creditor in API's bankruptcy case.

[10] The right to a jury trial in bankruptcy exists only as long as the party does not assert a claim against the bankruptcy estate. *Id.* at 57-58. By filing a claim against a bankruptcy estate, a creditor "triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power. In other words, the creditor's claim and [the trustee's action] become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction. As such, there is no Seventh Amendment right to a jury trial." *Langenkamp v. Culp,* 498 U.S. 42, 44-45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (citing *Granfinanciera,* 492 U.S. at 58-59 & n. 14). Thus, if a defendant who might otherwise be entitled to a jury trial on legal issues files a proof of claim in the bankruptcy case, it subjects itself to the bankruptcy court's equitable power and loses its right to a jury trial. *See id.;Grochocinski,* 382 B.R. at 448 ("The law is clear in this circuit that such an action constitutes consent to the equitable jurisdiction of the bankruptcy court and thus effects a 'waiver' of the right to a jury trial.").

*7 [11] In this case, it is undisputed that Marathon has not filed a proof of claim. The Trustee contends, however, that Marathon's assertion of an affirmative defense of contribution is tantamount to filing a claim against the estate. Courts have consistently held that counterclaims and defenses filed in an adversary proceeding seeking affirmative relief from a debtor's estate constitute claims against the bankruptcy estate that divest the defendant of the right to a jury trial. *See, e.g., In re Hedstrom Corp.,* No. 04-38543, 2006 WL 1120572, at * 3 (N.D.Ill. Apr.24, 2006); *In re Mantelmann,* No. 01 C 9915, 2002 WL 922087, at *1 (N.D.Ill. May 6, 2002); *In re Commercial Fin. Serv., Inc.,* 251 B.R. 397, 406-08 (Bankr.N.D.Okla.2000). As the court explained in *Peachtree Lane Assoc., Ltd. v. Granader,* 175 B.R. 232, 237 (N.D.Ill.1994), "the defendant lost its right to a jury trial by filing a counterclaim and thereby seeking a piece of the dis-

puted res, the debtor's estate, which was subject to the bankruptcy court's equitable power to allow and disallow claims." The critical inquiry, therefore, is whether the party seeking a trial by jury has laid claim in any way to a piece of the bankruptcy estate.

The Trustee contends that Marathon's eighth affirmative defense alleging contribution is a claim for a piece of API's estate. The Trustee argues that, if upheld, this defense would diminish API's estate and enrich Marathon just as if Marathon had filed a claim in the bankruptcy case or asserted the affirmative defense of setoff.

The court agrees that a claim for contribution would amount to a claim against the estate, triggering the process of allowance and disallowance of claims and subjecting Marathon to the court's equitable jurisdiction. Under Illinois law, "the right of contribution is one which accrues to one or more individuals who pay the debt to which all are bound. Each one who pays has the right to recover from the others the amount which he has paid in excess of his own proportionate part; the recovery is due to him alone." *Gottschalk v. Gottschalk,* 222 Ill.App. 56 (1921); *see also* 12A Ill. Law & Prac. Contribution § 2 (2008). Thus, if Marathon were seeking contribution from API's estate, it would be asserting a right to recover a portion of the amount that Marathon was liable to pay to a third party.

Based on the substance of Marathon's Eighth Affirmative Defense, however, Marathon is not seeking contribution from API. It alleges:

"Marathon asserts the affirmative defense of contribution. Had API performed its obligations under the Policies, it would have had sufficient reserves to pay claims. API is not entitled to coverage under the Policies until API has returned the reserves improperly utilized both pre and post petition and made such funds available for the payment of claims."

Thus, Marathon asserts that it is not liable under the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- B.R. ----

--- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.)

(Cite as: --- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.))

policies until API uses all of the reserve funds to pay claims under the service contracts. It alleges, in effect, a failure of a condition subsequent-API's use of all reserve funds in the manner required in the contract-to Marathon's duty to pay under the contract.

*8 [12] In determining whether a party has waived its right to a jury trial, courts look past the technical title of a defense or counterclaim and instead focus on the actual substance of the pleading to determine whether it is a claim against the bankruptcy estate. *Container Recycling Alliance v. Lassman,* 359 B.R. 358, 365 (D.Mass.2007) (citing *Commercial Fin. Serv., Inc.,* 251 B.R. at 408 ("[r]egardless of the disguise under which a claim is asserted ..., the Court must look to the substance of the assertion to determine whether the claims allowance process has been invoked.") This approach is consistent with Rule 8(c) of the Federal Rules of Civil Procedure, made applicable to this case by Rule 7008 of the Federal Rules of Bankruptcy Procedure. Rule 8(c)(2) states that "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."F.R.C.P. 8(c)(2).

[13] In this case, even though Paragraph 146 of Marathon's answer states that it "asserts the affirmative defense of contribution," it does not in fact seek contribution from API. As noted above, the right to contribution arises when two or more parties are jointly liable on a debt, and one party has paid more than its share to a third party. Marathon does not allege that it has or will have to pay more than its share of liability to a third party (such as a vehicle service contract purchaser) and is therefore entitled to be reimbursed by API for API's share of liability to the third party. Instead, Marathon asserts that it does not owe API under the contract until API complies with the contract. This is an affirmative defense to the Trustee's claims, not a counterclaim seeking a recovery from API's estate. Marathon therefore did not waive its right to a jury

trial by asserting this affirmative defense.

[14] The Trustee also argues that Marathon has waived its right to a trial by jury by its extensive involvement in proceedings in the bankruptcy case. Marathon has participated in many hearings, filed briefs with respect to many motions, identified itself as a creditor and otherwise been a very active participant in API's bankruptcy case. The Trustee cites no authority, however, for concluding that this participation resulted in a waiver of Marathon's right to a jury trial. Under *Granfinanciera* and *Langenkamp,* because Marathon has not filed a proof of claim or otherwise tried to recover a piece of API's estate, it has not waived its right to a trial by jury in this case.

### Conclusion

For all of the foregoing reasons, the Trustee's motion to strike Marathon's jury demand is denied.

Bkrtcy.N.D.Ill.,2008.

In re Automotive Professionals, Inc.

--- B.R. ----, 2008 WL 2358590 (Bkrtcy.N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

# U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
## Adversary Proceeding #: 08-00089

*Assigned to:* Honorable Judge Carol A. Doyle          *Date Filed:* 02/15/08
*Related BK Case:* 07-06720
*Related BK Title:* Automotive Professionals, Inc.
*Related BK Chapter:* 11
*Demand:* $15000000
*Nature[s] of Suit:*  14 Recovery of money/property - other

  13 Recovery of money/property - 548
     fraudulent transfer

**Plaintiff**
------------------------

| | |
|---|---|
| **Frances Gecker, not individually but as Chapter 11 trustee of bankruptcy estate of Automotive Professionals, Inc.** | represented by **Micah R Krohn**<br>Frank/Gecker LLP<br>325 North LaSalle Street<br>Suite 625<br>Chicago, IL 60610<br>312- 276-1400<br>Fax : 312- 276-0035<br>Email: mkrohn@fgllp.com<br>*LEAD ATTORNEY* |
| **Official Committee of Unsecured Creditors** | represented by **George P Apostolides**<br>Arnstein & Lehr LLP<br>120 S Riverside Plaza<br>Suite 1200<br>Chicago, IL 60606<br>312 876-7102<br>Fax : 312 876-0288<br>Email: gpapostolides@arnstein.com<br>*LEAD ATTORNEY* |

V.

**Defendant**
------------------------

| | |
|---|---|
| **Marathon Financial Insurance Co., Inc., RRG** | represented by **Mark Schramm**<br>Law Offices of Mark A Schramm<br>One East Wacker Drive Suite 2850<br>Chicago, IL 60601<br>312 222-9420<br>Fax : 312 222-9421<br>Email: marsch500@gmail.com |

**Michael J Durrschmidt**

Hirsch & Westheimer PC
700 Louisiana Suite 2550
Houston, TX 77002
713-220-9165
Fax : 713-223-9319
Email: mdurrschmidt@hirschwest.com

| Filing Date | # | Docket Text |
|---|---|---|
| 02/15/2008 | 1 | Adversary case 08-00089. (14 (Recovery of money/property - other)), (13 (Recovery of money/property - 548 fraudulent transfer)): Complaint by Frances Gecker, not individually but as Chapter 11 trustee of bankruptcy estate of Automotive Professionals, Inc., Official Committee of Unsecured Creditors against Marathon Financial Insurance Co., Inc., RRG. Fee Amount $250. Status hearing to be held on 3/27/2008 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit O# 16 Exhibit P# 17 Exhibit Q# 18 Exhibit R# 19 Exhibit S) (Krohn, Micah) (Entered: 02/15/2008) |
| 02/15/2008 | 2 | Summons Link Summons Issued on Marathon Financial Insurance Co., Inc., RRG Answer Due 03/17/2008 (Krohn, Micah) (Entered: 02/15/2008) |
| 02/15/2008 | 3 | Receipt of Complaint(08-00089) [cmp,cmp] ( 250.00) Filing Fee. Receipt number 8330663. Fee Amount $ 250.00 (U.S. Treasury) (Entered: 02/15/2008) |
| 02/20/2008 | 4 | Summons Service Executed on Marathon Financial Insurance Co., Inc., RRG 2/20/2008 (RE: [2] Summons Issued). (Krohn, Micah) (Entered: 02/20/2008) |
| 02/20/2008 | 5 | Amended Summons Service Executed on Marathon Financial Insurance Co., Inc., RRG 2/20/2008 (RE: [2] Summons Issued). (Krohn, Micah) Modified on 2/22/2008 to correct docket text to remove Amended (Green, Charlie). (Entered: 02/20/2008) |
| 02/22/2008 | 6 | CORRECTIVE ENTRY to correct docket text to remove Amended (RE: 5 Summons Service Executed). (Green, Charlie) (Entered: 02/22/2008) |
| 02/29/2008 | 7 | Jury Demand Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG. (Durrschmidt, Michael) (Entered: 02/29/2008) |

| 03/14/2008 | 8 | Notice of Motion and Motion to Dismiss Counts I, II and Comittee Standing of Adversary Proceeding Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG. (Attachments: # 1 Proposed Order) (Durrschmidt, Michael) Modified on 3/17/2008 **Notice of Motion missing, filer notified to file**(Green, Charlie). (Entered: 03/14/2008) |
| --- | --- | --- |
| 03/14/2008 | 9 | Motion for Withdrawal of Reference. Fee Amount $150 Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG. (Attachments: # 1 Proposed Order) (Durrschmidt, Michael) (Entered: 03/14/2008) |
| 03/14/2008 | 10 | Receipt of Motion for Withdrawal of Reference(08-00089) [motion,mwdref] ( 150.00) Filing Fee. Receipt number 8473522. Fee Amount $ 150.00 (U.S. Treasury) (Entered: 03/14/2008) |
| 03/17/2008 | 11 | CORRECTIVE ENTRY Notice of Motion missing, filer notified to file (RE: 8 Motion to Dismiss Certain Counts of Adversary Proceeding, ). (Green, Charlie) (Entered: 03/17/2008) |
| 03/17/2008 | 12 | Answer to Complaint Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG. (Durrschmidt, Michael) (Entered: 03/17/2008) |
| 03/17/2008 | 13 | Corporate Disclosure Statement Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG. (Durrschmidt, Michael) (Entered: 03/17/2008) |
| 03/17/2008 | 14 | Transmittal of Record to The U S District Court. Civil Case Number: 08 C 1550 Assigned to District Court Judge: Dow (RE: 9 Motion for Withdrawal of Reference). (Green, Charlie) (Entered: 03/17/2008) |
| 03/20/2008 | 15 | Notice of Motion Filed by Mark Schramm on behalf of Marathon Financial Insurance Co., Inc., RRG (RE: 8 Motion to Dismiss Certain Counts of Adversary Proceeding, ). Hearing scheduled for 3/27/2008 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Schramm, Mark) (Entered: 03/20/2008) |
| 03/20/2008 | 16 | Notice of Motion and Motion to Strike to Strike Jury Demand Filed by Micah R Krohn on behalf of Frances Gecker, not individually but as Chapter 11 trustee of bankruptcy estate of Automotive Professionals, Inc.. Hearing scheduled for 3/27/2008 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Attachment 1 - In re Mantleman# 4 Attachment 2 - In re Hedstrom# 5 Proposed Order) (Krohn, Micah) (Entered: 03/20/2008) |
| | | |

| 03/25/2008 | <u>17</u> | Appearance Filed by Mark Schramm on behalf of Marathon Financial Insurance Co., Inc., RRG. (Schramm, Mark) (Entered: 03/25/2008) |
| 03/25/2008 | <u>18</u> | Amended Answer to Complaint Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG. (Durrschmidt, Michael) (Entered: 03/25/2008) |
| 03/27/2008 | 19 | Hearing Continued (RE: <u>1</u> Complaint, , ,, <u>8</u> Motion to Dismiss Certain Counts of Adversary Proceeding,, <u>16</u> Motion to Strike, ). Status/ruling to be held on 5/27/2008 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Devine, Tina) (Entered: 03/27/2008) |
| 03/27/2008 | <u>20</u> | Order Scheduling (RE: <u>16</u> Motion to Strike, ). Reply due by: 5/1/2008 Responses due by 4/17/2008. Status hearing to be held on 5/27/2008 at 10:30 AM . Signed on 3/27/2008 (Rodarte, Aida) (Entered: 03/28/2008) |
| 03/27/2008 | <u>21</u> | Order Scheduling (RE: <u>8</u> Motion to Dismiss Certain Counts of Adversary Proceeding,, <u>15</u> Notice of Motion, ). Reply due by: 5/1/2008 Responses due by 4/17/2008. Status/Ruling hearing to be held on 5/27/2008 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. Signed on 3/27/2008 (Gordon, Pamela) (Entered: 03/28/2008) |
| 04/17/2008 | <u>22</u> | Response to (related document(s): <u>16</u> Motion to Strike, ) Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG (Attachments: # <u>1</u> Proposed Order) (Durrschmidt, Michael) (Entered: 04/17/2008) |
| 04/17/2008 | <u>23</u> | Response to (related document(s): <u>8</u> Motion to Dismiss Certain Counts of Adversary Proceeding, ) Filed by Micah R Krohn on behalf of Frances Gecker, not individually but as Chapter 11 trustee of bankruptcy estate of Automotive Professionals, Inc. (Krohn, Micah) (Entered: 04/17/2008) |
| 04/30/2008 | <u>24</u> | Reply in Support to (related document(s): <u>16</u> Motion to Strike, ) Filed by Micah R Krohn on behalf of Frances Gecker, not individually but as Chapter 11 trustee of bankruptcy estate of Automotive Professionals, Inc. (Attachments: # <u>1</u> Attachment 1# <u>2</u> Attachment 2) (Krohn, Micah) (Entered: 04/30/2008) |
| 05/01/2008 | <u>25</u> | Reply to (related document(s): <u>23</u> Response, ) Filed by Michael J Durrschmidt on behalf of Marathon Financial Insurance Co., Inc., RRG (Attachments: # <u>1</u> Proposed Order) (Durrschmidt, Michael) (Entered: 05/01/2008) |
|  |  |  |

| 05/23/2008 | 26 | Hearing set for May 27, 2008 is Stricken (RE: 1 Complaint, , ,, 16 Motion to Strike,, 20 Order Scheduling, 21 Order Scheduling,, 8 Motion to Dismiss Certain Counts of Adversary Proceeding, ). (Devine, Tina) (Entered: 05/23/2008) |
|---|---|---|
| 05/23/2008 | 27 | Hearing Continued (RE: 8 Motion to Dismiss Certain Counts of Adversary Proceeding,, 16 Motion to Strike, ). Hearing scheduled for 6/10/2008 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Devine, Tina) (Entered: 05/23/2008) |
| 05/23/2008 | 28 | Hearing Continued (RE: 1 Complaint, , , ). Status hearing to be held on 6/10/2008 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Devine, Tina) (Entered: 05/23/2008) |
| 06/10/2008 | 29 | Hearing Continued (RE: 8 Dismiss Certain Counts of Adversary Proceeding). Hearing Scheduled for 06/17/2008 at 10:00 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604. (Devine,Tina) (Entered: 06/10/2008) |
| 06/10/2008 | 30 | Hearing Continued (RE: 1 Complaint, , , ). Status hearing to be held on 6/17/2008 at 10:00 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Devine, Tina) (Entered: 06/10/2008) |
| 06/10/2008 | 34 | Order Scheduling that parties shall hold a Rule 7026(f) conference and file a report of same due by 6/16/2008. Signed on 6/10/2008 (Green, Charlie) (Entered: 06/12/2008) |
| 06/11/2008 | 31 | Memorandum Opinion (RE: 16 Motion to Strike, ). (Green, Charlie) (Entered: 06/11/2008) |
| 06/11/2008 | 32 | Order Denying for the Reasons Stated on the Record Motion to Strike (Related Doc # 16). Signed on 6/11/2008. (Green, Charlie) (Entered: 06/11/2008) |
| 06/11/2008 | 33 | Certificate of Service (RE: 32 Order on Motion to Strike, 31 Memorandum Opinion). (Green, Charlie) (Entered: 06/11/2008) |
| 06/13/2008 | 35 | Report Joint Scheduling Conference Report Filed by Micah R Krohn on behalf of Frances Gecker, not individually but as Chapter 11 trustee of bankruptcy estate of Automotive Professionals, Inc., Marathon Financial Insurance Co., Inc., RRG, Official Committee of Unsecured Creditors. (Krohn, Micah) (Entered: 06/13/2008) |
| 06/16/2008 | 36 | Amended Report Joint Scheduling Conference Report Filed by Micah R Krohn on behalf of Frances Gecker, not individually but as Chapter 11 trustee of bankruptcy estate of Automotive Professionals, Inc., Marathon Financial Insurance Co., Inc., RRG, Official Committee of |

| | | |
|---|---|---|
| | | Unsecured Creditors. (Krohn, Micah) (Entered: 06/16/2008) |
| 06/17/2008 | 37 | Hearing Continued (RE: 34 Order Scheduling). Status hearing to be held on 1/15/2009 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Smith, Lester) (Entered: 06/17/2008) |
| 06/17/2008 | 38 | Memorandum Opinion . (Livermore, Corrina) Modified on 6/18/2008 to create related document #8 (Sims, Mildred). (Entered: 06/17/2008) |
| 06/17/2008 | 39 | Order Granting in Part, Continuing Motion to Dismiss Certain Counts of Adversary Proceeding (Related Doc # 8). Signed on 6/17/2008. (Livermore, Corrina) (Entered: 06/17/2008) |
| 06/17/2008 | 40 | Certificate of Service (RE: 38 Memorandum Opinion, 39 Order on Motion to Dismiss Adversary Proceeding). (Livermore, Corrina) (Entered: 06/17/2008) |
| 06/18/2008 | 41 | Order Scheduling . Written Discovery Cutoff and non-expert depositions 1/9/2009. Parties expert disclosures by 1/9/2009. Trustee's expert reports shall be served on Marathon on or before 1/9/2009. Marathon expert reports on trustee on or before 2/9/2009. All expert discovery including depositions be completed on or before 3/10/2009. Motions for Summary Judgment may be filed on or before 4/10/2009. Further Status hearing to be held on 1/15/2009 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. Signed on 6/18/2008 (Green, Charlie) (Entered: 06/18/2008) |
| 06/18/2008 | 42 | CORRECTIVE ENTRY to create related document #8 (RE: 38 Memorandum Opinion). (Sims, Mildred) (Entered: 06/18/2008) |
| 06/23/2008 | 43 | Hearing Continued (RE: 8 Dismiss Certain Counts of Adversary Proceeding). Hearing Scheduled for 07/17/2008 at 10:30 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604. (Smith,Lester) (Entered: 06/23/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/01/2008 16:26:21 | | | |
| PACER Login: | hw0012 | Client Code: | 20070341 |
| Description: | Docket Report | Search Criteria: | 08-00089 Fil or Ent: filed From: 1/3/2008 To: 7/1/2008 Doc From: 0 Doc To: 99999999 Term: |

| | | | included Format: HTML |
|---|---|---|---|
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# EXHIBIT C

Page 1

```
 1          IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                    EASTERN DIVISION

 3

 4    In re:                        )
                                    ) No. 07 B 06720
 5    AUTOMOTIVE PROFESSIONALS, INC., )
                                    ) Chicago, Illinois
 6                                  ) June 6, 2007
                         Debtor.    ) 1:00 p.m.
 7

 8        TRANSCRIPT OF PROCEEDINGS BEFORE THE
              HONORABLE CAROL A. DOYLE
 9

10   APPEARANCES:

11   MR. GEORGE APOSTOLIDES
     on behalf of the agent creditors;
12
     MR. PETER ROBERTS
 3   on behalf of the Herb Chambers Companies;

14   MR. TONY STAMATO
     on behalf of Dealer Financial Services;
15
     MR. STEVEN BOBO
16   MR. ERICH BUCK
     on behalf of Automotive Professionals, Inc.;
17
     MS. KATY GLEASON
18   on behalf of the United States Trustee;

19   MR. THOMAS AUGSPURGER
     on behalf of Goldman Sachs Company.
20

21

22

23

24

25
```

Page 2

```
 1              I N D E X
 2
 .
 4   WITNESS:    DX    CX    REDX   RECX
 5   JIM HAWK          10
                 24    63    74
 6               49    87    85
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

```
 1        THE CLERK: Automotive Professionals,
 2   Incorporated.
 3        MR. APOSTOLIDES: Good afternoon, Your
 4   Honor. George Apostolides on behalf of the agent
 5   creditors.
 6        THE COURT: Good afternoon.
 7        MR. ROBERTS: Would you like to take
 8   appearances, Your Honor?
 9        THE COURT: Well, I think anyone who
10   thinks they're going to actually participate today
11   in the hearing should put the record -- their name
12   on the record for the court reporter, but I don't
13   think we need the whole roomful of people, unless
14   someone has some specific reason that they want to
15   put their appearance on the record.
16        MR. APOSTOLIDES: Judge, Mary Veed from
17   my office is with me today also.
18        THE COURT: Right.
19        MR. ROBERTS: Peter Roberts for the Herb
20   Chambers Companies.
21        THE COURT: Good afternoon.
22        MR. STAMATO: Good afternoon, Your Honor.
23   Tony Stamato on behalf of Dealer Financial Services.
24        THE COURT: Good afternoon.
25        MR. BOBO: Steven Bobo and Erich Buck on
```

Page 4

```
 1   behalf of debtor-in-possession, Automotive
 2   Professionals, Inc.
 3        THE COURT: Okay. Let's see. We, I
 4   think, had Mr. Hawk on the stand --
 5        MR. APOSTOLIDES: Right.
 6        THE COURT: -- and then we broke to
 7   have --
 8             Yes, Mr. Hawk if you can come up.
 9             We had some testimony from
10   Mr. Kayman, and now hopefully we can conclude.
11             Let's see. You're doing cross, I
12   guess, of --
13        MR. APOSTOLIDES: Correct. I'm almost
14   finished with my cross of Mr. Hawk. That's where we
15   left off.
16        THE COURT: Okay.
17        MR. APOSTOLIDES: Judge, there is one
18   issue -- one cleanup issue I wanted to bring to the
19   court's attention. As you may recall on Monday, the
20   parties had not met about exhibits before we
21   started --
22        THE COURT: Right.
23        MR. APOSTOLIDES: -- and so we are moving
24   exhibits into evidence during Mr. Frisbie's direct
25   examination.
```

Page 5

```
 1        THE COURT: Um-hmm.
 2        MR. APOSTOLIDES: At the lunch hour,
 3   Mr. Bobo and I talked about exhibits to which one
 4   party or the other may have objections.
 5        THE COURT: Okay.
 6        MR. APOSTOLIDES: Thus far, none of those
 7   exhibits to which either side has an objection have
 8   been introduced by anybody, and so we've stipulated
 9   to all of the others. So every other exhibit that
10   any of the witnesses have talked about, there is a
11   stipulation between the parties.
12        THE COURT: Okay.
13        MR. BOBO: Your Honor, would it make
14   sense to maybe even just right now because there
15   are, I think, four -- four exhibits, I guess five of
16   yours and one of mine, which happen to be the same
17   one, that people have objections to. Maybe we could
18   just identify what those are and --
19        THE COURT: Okay. And then everything
20   else in both books then would be admitted, correct?
21        MR. BOBO: That's fine with the debtor if
22   that's --
23        THE COURT: And then we can decide as we
24   go through -- I can decide to the extent anyone
25   wants to offer any of the other exhibits, I'll take
```

Page 102

1  about 35 pages I'm unhappy to say, and I've got
2  other things I need to get ready for. But I think
3  we could go to 5:00. How long do you think Mr. --
4       MR. APOSTOLIDES: Andrew.
5       THE COURT: -- Andrew, thank you, will
6  take? In light of -- and bearing in mind that
7  we're, of course, exceeding I think all of the time
8  estimates by everybody so far.
9       MR. BOBO: And that's probably not the
10  only case that ever happens.
11       THE COURT: No.
12       MR. BOBO: You know, maybe we can get him
13  out today.
14       THE COURT: Okay.
15       MR. BOBO: My guess is that if we can't
16  get done with him today, we've got the time Monday,
17  and we can probably -- you know, I would think if we
18  run over a little bit, I don't think we're going to
19  run over a huge amount. That's my guess. I mean,
20  these folks will probably know better than I would.
21       THE COURT: Okay. And, you know, I may
22  actually want to stop closer to quarter to 5:00, but
23  let's just see how it goes.
24       MR. BOBO: Sure.
25       THE COURT: All right. Good. Let's take

Page 103

1  a ten-minute break.
2       MR. BOBO: Okay. Thank you.
3       (Brief recess.)
4       THE CLERK: Recalling Automotive
5  Professionals, Incorporated.
6       MR. BUCK: Your Honor, Mr. Bobo will be
7  back in a moment.
8       THE COURT: Okay.
9       MR. BOBO: Sorry.
10       THE COURT: Okay. So we have Mr. Andrew
11  left, and he's the only witness besides the
12  finishing up with Mr. Kayman; is that correct?
13       MR. BOBO: Yes.
14       MR. APOSTOLIDES: Yes, Judge.
15       THE COURT: Okay. Well, I've been
16  pondering this. You might be guessing from the
17  tenor of my questions that I have some very serious
18  concerns about Mr. Hawk remaining in charge of this
19  company. And I'm not sure I really care what
20  Mr. Andrew has to say, frankly. If I was going to
21  rule based on only Mr. Hawk's testimony and not one
22  word from Mr. Kayman, I would be appointing a
23  Chapter 11 trustee. I just want to let you know
24  that.
25       What I would like to do is rather

Page 104

1  than have Mr. Apostolides go forward with the direct
2  of Mr. whoever it is, I don't know, Mr. Andrew, I
3  wanted to give Mr. Bobo a chance to go first and
4  persuade me that there is anything that he has to
5  say that's going to make any difference. But I am
6  fairly appalled by what's happened in this case
7  pre-petition, and I'm not sure what Mr. Andrew can
8  contribute on that, but taking loans on funds that
9  are put in many different places to be reserved for
10  payment of consumer claims and using those funds to
11  get a loan for the parent; keeping 300,000 of those
12  to buy out a business partner; selling contracts to
13  take in more money after the debtor is sure that
14  it's not going to be able to go forward with these
15  contracts; essentially getting money from consumers
16  to fund its ongoing operations without any --
17  knowing that it cannot live up to those contracts, I
18  don't know what Mr. Andrew can tell me that would
19  convince me that those are not things that
20  constitute gross mismanagement, dishonesty. I won't
21  go so far as fraud. I did use that term before and
22  I shouldn't have used it so loosely with respect to
23  Marathon. And I will -- I, obviously, was using a
24  little hyperbole when I was using the example of a
25  pyramid scheme. But what I think I was reflecting

Page 105

1  was my gut reaction to the testimony that we've had
2  here, and it is very negative.
3       So, Mr. Bobo, I know I'm throwing
4  sort of a bomb at you in this is, you know, you know,
5  react instantaneously. But what I want to do is
6  tell you you're free to put on Mr. Andrew for
7  whatever testimony you think that can change my
8  mind. But that is my tentative view right now, is I
9  don't need to go Monday. And I'm not paying any
10  attention to what Mr. Kayman said. As I said in the
11  beginning, I wasn't sure what Mr. Kayman was going
12  to say that I really care because I care about the
13  debtor and not Mr. Kayman's activities here. So I
14  am disregarding everything that he said, so I
15  would -- it's not depriving you, in my view, of an
16  opportunity to cross-examine Mr. Kayman to rule
17  today because I really don't think his testimony is
18  especially helpful on the issues that matter for me
19  on a Chapter 11 trustee motion.
20       So, Mr. Bobo, do you think you want
21  to put Mr. Andrew on?
22       MR. BOBO: I'm sorry?
23       THE COURT: Do you want to put Mr. Andrew
24  on?
25       MR. BOBO: I do, Your Honor.

Page 106

1    THE COURT: Okay.
2    MR. BOBO: I'd like to take a 20-minute
3  recess first.
4    THE COURT: Twenty minutes? How about
5  ten?
6    MR. BOBO: Well, Your Honor, I mean, your
7  remarks are somewhat precipitous, and I'd like a
8  chance to consider those and consider what I want to
9  talk about, and perhaps even discuss with the client
10  something.
11    THE COURT: Okay.
12    MR. BOBO: I mean, those are pretty
13  severe remarks in the middle of a hearing. I'm not
14  trying to be critical. I'm just --
15    THE COURT: Right.
16    MR. BOBO: -- saying I think it's fair to
17  give me a little chance to reflect on that.
18    THE COURT: All right. I'll give you
19  that then.
20    MR. BOBO: Thank you.
21    (Brief recess.)
22    THE CLERK: Recalling Automotive
23  Professionals, Incorporated.
24    MR. BOBO: Your Honor, thank you for the
25  time to have a chance to chat with my client and

Page 107

1  consider their options and the like. We took your
2  views to heart, and the parties have had a chance to
3  talk briefly, but I believe that both the debtor and
4  the moving parties would be amenable to having Your
5  Honor enter an order under 1104(a)(2), best interest
6  of creditors.
7    THE COURT: Okay. All right. Well,
8  that's fine with me. I think that gets everybody
9  where they want to go. Well, it gets the moving
10  parties where they want to go. And if the debtor
11  wants to agree with that, I think that's probably a
12  good idea.
13    So let's see. Do I have -- I have
14  so many piles of paper here, I couldn't even begin
15  to find it, assuming you do give me an order.
16    MR. APOSTOLIDES: Your Honor, the --
17    THE COURT: Oh, does Ms. Gleason have
18  something?
19    MS. GLEASON: Katy Gleason on behalf of
20  the United States Trustee, Your Honor.
21    THE COURT: I'm assuming that Ms. Gleason
22  concurs in this decision?
23    MS. GLEASON: Yes, Your Honor.
24    MR. BOBO: Why don't we bring it over.
25    MR. APOSTOLIDES: Yeah, Judge. The order

Page 108

1  that Ms. Gleason had prepared and gave to us doesn't
2  have the 1104(a)(2) language --
3    MS. GLEASON: It doesn't have any
4  language, so we just need to add that.
5    THE COURT: Okay.
6    MS. GLEASON: Your Honor, it also
7  provides that we would try to be back in front of
8  Your Honor on the 12th at 10:30 on our motion to
9  have the trustee approved.
10    THE COURT: Okay.
11    MS. GLEASON: And just since I am
12  somewhat new today with this because I'm stepping in
13  for Mr. Friedman, I would just ask that, because I
14  don't know all of the parties, Your Honor, so if I
15  could just speak briefly to the attorneys here.
16    I would ask before you leave if you
17  would like to be involved in the consulting process
18  for the trustee, if you could give me your business
19  card and who you represent, and then you can call me
20  with any people that you would like us to consider.
21    Thank you, Judge.
22    THE COURT: Okay. Great. All right.
23  Good.
24    Well, why don't I leave it to
25  counsel to -- I think counsel for Goldman was

Page 109

1  looking at the order. If anyone else wants to, they
2  can as well. I think all you need to do is write in
3  there pursuant to Section 1104(a)(2), and that
4  should do it. And then the U.S. Trustee will choose
5  a trustee and that should be that.
6    Yes?
7    MR. AUGSPURGER: Your Honor, if I may
8  appear? Thomas Augspurger on behalf of Goldman
9  Sachs Company.
10    THE COURT: Um-hmm.
11    MR. AUGSPURGER: If I could just clarify
12  the purpose of the hearing today and the order
13  that's being entered. The court did make certain
14  statements from the bench with regard to my client,
15  and the language in the order is rather broad at
16  present. I want to be careful that any statements
17  from the bench are understood for what they were
18  intended to be and don't constitute a finding of
19  fact or law with regard to any of the claims in this
20  case or liens or other interests of parties that may
21  have an interest in this proceeding.
22    THE COURT: Well, I only remember
23  mentioning Goldman in terms of the loan that was
24  taken out by Nserv, so I'm not exactly sure what
25  you're concerned about. But I think it's apparent

Page 110

1  that I have not, in fact, ruled on any specific
2  findings of fact and conclusions of law. That's why
3  the debtor is sort of conceding the point at this
4  time so that perhaps I won't do that, and so I'm not
5  intending to.
6      MR. AUGSPURGER:  Very good.
7      THE COURT:  This is by agreement. And I
8  have a roomful of lawyers, and I don't hear anyone
9  objecting, so I'm going to issue an order that
10 requests the U.S. Trustee to appoint a trustee, and
11 it will be by agreement.
12      Okay. Thank you all.
13      Oh, right. Then everything else
14 that's up to today we're going to continue to the
15 12th. I continue -- any other time to work on my
16 opinion, and I hope to have that written opinion
17 out within --
18     MR. BOBO:  So, Your Honor, instead of the
19 11th we're going to be here on the 12th? Is that --
20 and that's fine.
21     THE COURT:  I think we'll go to the 12th.
22     MR. BOBO:  I just want to make sure we're
23 clear.
24     THE COURT:  Right.
25     MR. BOBO:  You'll strike the 11th and --

Page 111

1      THE COURT:  We're going to strike the
2  11th completely --
3      MR. BOBO:  Okay.
4      THE COURT:  -- and maybe that will give
5  me more time to work on the other motions I know
6  that Goldman is interested in as soon as I finish
7  the opinion on the initial motion to dismiss. So
8  we're just going to continue everything but the
9  motion to appoint a trustee to the 12th of June at
10 10:30, okay?
11     MR. APOSTOLIDES:  Okay. Your Honor, as
12 far as submitting the order...
13     THE COURT:  I'm thinking you can just
14 write it in there, and give it to my courtroom
15 deputy, I'll sign it now and we'll get it entered.
16     MR. BOBO:  There are a couple of
17 interlineations, if you don't mind.
18     THE COURT:  That's fine.
19     MR. APOSTOLIDES:  It would be better if
20 we submit a clean one to you.
21     THE COURT:  Okay. That's fine.
22     MR. APOSTOLIDES:  Okay. Thank you.
23     MR. AUGSPURGER:  Thank you, Your Honor.
         (Which were all the proceedings
         had in the above-entitled cause,
25       June 6, 2007.)

Page 112

1
2  I, GARY SCHNEIDER, CSR, RPR, DO HEREBY CERTIFY THAT
   THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
3  PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT D

Page 1

1              IN THE UNITED STATES BANKRUPTCY COURT
                 NORTHERN DISTRICT OF ILLINOIS
2                       EASTERN DIVISION

3

   In the Matter of:              )   No. 07 B 6720
4                                 )
   AUTOMOTIVE PROFESSIONALS,      )
5  INC.,                          )   June 4, 2007
                                  )   9:36 a.m.
6             Debtor.             )   Chicago, Illinois

7                 TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE CAROL A. DOYLE
8

9  APPEARANCES:

10 MR. STEPHEN T. BOBO
   MR. ERICH S. BUCK
11 on behalf of the debtor;

12 MR. GEORGE P. APOSTOLIDES
   MS. MARY CANNON VEED
3  on behalf of Profit Portfolio, et al.;

14 MR. DIMITRI G. KARCAZES
   MR. ALEXANDER M. LAUGHLIN
15 on behalf of Lindsay Management Company;

16 MR. PETER YOUNG
   on behalf of The Gillman Companies;
17

   MR. THOMAS AUGSPURGER
18 on behalf of Goldman Sachs & Co.;

19 MR. ANTHONY G. STAMATO
   on behalf of Dealers Financial Services, LLC;
20

   MR. ERIC LIPPER
21 on behalf of Marathon Financial Insurance Company,
   Inc., a Risk Retention Group;
22

   MR. PETER J. ROBERTS
23 on behalf of Herb Chambers Companies;

24 MR. RICHARD FRIEDMAN
   On behalf of the Office of the US Trustee;
25

Page 2

1  APPEARANCES:  (Continued)
2  MR. GARY GREEN
   on behalf of 1989 Circuit Leasing, Inc.;
3
   MR. JOHN S. DELNERO
4  MR. DANIEL ROSENBERG
   MR. KEN BALDWIN
5  on behalf of the Director of Insurance, State
   of Illinois;
6
   MR. JEFFREY ROSE
7  on behalf of Ohio Indemnity Company;
8  MR. NORMAN NEWMAN
   on behalf of Michael Kayman.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

1              I N D E X
2  WITNESS:                    PAGE:
   DAVID FRISBIE
3    Direct by Mr. Apostolides      33
     Cross by Mr. Bobo             70
4    Cross by Mr. Lipper           80
     Redirect by Mr. Apostolides   84
5
   JAMES H. HAWK
6    Direct by Mr. Bobo            87
     Cross by Mr. Apostolides     177
7
   MICHAEL KAYMAN
8    Direct by Mr. Stamato        226
9
10
11
12
13
14
15
16
17
18
19
20
21
22
24
25

Page 4

1       THE CLERK:  Automotive Professionals,
2  Incorporated.
3       THE COURT:  Okay.  Let's see, we have a pretty
4  big crowd of people here today.  So anyone who wants to
5  put their appearance on the record, if you will come
6  forward, and we'll work from Mr. Friedman's side of the
7  room over.
8       We were waiting -- oh, I thought that we
9  were waiting for someone.  I'm sorry, what is --
10       MR. LIPPER:  I --
11       THE COURT:  We were waiting for someone to
12  participate by phone.  So sorry to keep you waiting.
13       All right, Mr. Friedman.
14       MR. FRIEDMAN:  Richard Friedman, for the U.S.
15  Trustee.
16       MR. GREEN:  Gary Green on behalf of 1989 Circuit
17  Leasing, Inc., a dealer.
18       MR. YOUNG:  Good morning, Your Honor.  Peter
19  Young on behalf of The Gillman Companies.
20       MS. VEED:  Mary Cannon Veed and George
21  Apostolides, Arnstein & Lehr, on behalf of Profit
22  Professionals and other interested parties.
23       MR. ROBERTS:  Good morning, Your Honor.  Peter
24  Roberts of the Herb Chambers Companies.
25       MR. DELNERO:  John Delnero and Daniel Rosenberg

Page 5

1  and Ken Baldwin on behalf of the Director of Insurance.
2       THE COURT:  Good morning.
3       MR. STAMATO:  Good morning, Your Honor.  Tony
4  Stamato on behalf of Dealers Financial Services.
5       THE COURT:  Good morning.
6       MR. BOBO:  Good morning, Your Honor.  Stephen
7  Bobo and Erich Buck on behalf of the Automotive
8  Professionals, the debtor in preparation.
9       THE COURT:  Good morning.
10       MR. LIPPER:  Good morning, Your Honor.  Eric
11  Lipper and Mark Shram for Marathon Financial.
12       THE COURT:  Good morning, that's who for some
13  reason I thought might be trying to call in.  But then
14  I saw you here and --
15       MR. LIPPER:  No, I'm here.
16       THE COURT:  Okay, that's good.
17       MR. NEWMAN:  Good morning, Your Honor.  Norm
18  Newman representing Michael Kayman, assignee.
19       THE COURT:  Good morning.
20       MR. KARCAZES:  Good morning, Your Honor.  Dimitri
21  Karcazes, of Goldberg Kohn, on behalf of Lindsay
22  Management Company.  And with me Alex Laughlin, of the
23  Wiley Rein Law Firm, also representing Lindsay
24  Management.  A pro hac vice application has been filed
25  for the pro hac vice.

1    Q.   Did they also have the Swiss Re related
2  documents?
3    A.   They would never give us, you know, the
4  Swiss Re policy.  They said that was proprietary, that
5  it was secretive between Swiss Re and Marathon.  They
6  showed us a slip and they gave us a letter that -- that
7  seemed to show and connect the dots that everything was
8  there.  So that's all we could get.  It was
9  proprietary.  We were told that we could not review the
10 policy that Marathon received from Swiss Re.  We wanted
11 it, we asked for it numerous times, never got it.
12   Q.   The documents in this exhibit relating to
13 Swiss Re such as the slip and the like?
14   A.   Yes.
15   Q.   Were those documents distributed to the
16 dealers?
17   A.   Yeah.  The Swiss Re placement slip you mean?
18   Q.   Yes.
19   A.   Yes.  We certainly showed it to the dealers.
20   Q.   From time to time, did you get documents
21 thereafter from either Marathon or API related to Swiss
22 Re?
23   A.   Probably got letters, documents,
24 verifications that somebody -- you know, there might be
25 a company that was concerned about Marathon or Swiss

1  Re, a relationship like a bank, a lending institution
2  or something like that.  I might have asked a question
3  which would prompt another showing of the documents or
4  a letter from Mr. Miner or Mr. Kreke from time to time.
5    Q.   You have indicated that you have known
6  Mr. Hawk for 20-some years?
7    A.   Yes, sir.
8    Q.   Now, prior to all these proceedings, have
9  you always found him straightforward to deal with?
10   A.   Prior to February 12th, never had an issue
11 with him.
12   Q.   You found his word to be good?
13   A.   Yes.
14   Q.   Have you ever had dealings with Mr. Andrew
15 as well?
16   A.   Yes.
17   Q.   Have you had any issues with Mr. Andrew over
18 the years?
19   A.   No.
20   Q.   Found him to be straightforward to deal with
21 as well?
22   A.   Not an issue.
23   MR. BOBO:  Your Honor, I don't have any -- no
24 further questions.
25   THE COURT:  All right.

1    MR. LIPPER:  Will the Court permit me to ask a
2  few questions, Your Honor?
3    THE COURT:  Well, I'm not sure.
4    MR. LIPPER:  We do have a response on file with a
5  motion for the appointment of a trustee.
6    THE COURT:  All right.  I guess here's what I
7  don't want to have happen.  I don't want Marathon
8  litigating issues that are not really -- I don't want
9  you litigating your case.  If there is a class action
10 in the district court or whatever, I don't want that
11 litigated here.  If it is truly relevant to the motion
12 before me, I --
13   MR. LIPPER:  I think it's relevant to the issue
14 they've raised.  And I will be very quick, Your Honor.
15   THE COURT:  Okay.
16   MR. APOSTOLIDES:  Judge, I just would like to go
17 on the record that we have that same concern that you
18 just expressed.
19   THE COURT:  All right.
20   MR. LIPPER:  And I want to put on the record I
21 have the same concern the other way as well.
22             CROSS-EXAMINATION
23 BY MR. LIPPER:
24   Q.   Mr. Frisbie, do you have the --
25        There's two books.

1    A.   And I have got them both.
2    Q.   Okay.  One book is going to say, I believe,
3  API Exhibits perhaps.
4    A.   Hold on.  I have API Exhibits, yes, sir.
5    Q.   Do you see the one behind Tab 5?
6    A.   Tab 5, yep.  Yes.
7    Q.   That vehicle service contract is a contract
8  that you would have seen at or about the time you
9  started selling this product, correct?
10   A.   If this is the original one.  I know there
11 were some changes over the years to some of the
12 contracts that we did.  So if this was the original
13 one, yep, that would be the original one.
14   Q.   Well, just so that I understand your
15 background.  Do you hold a license to sell insurance?
16   A.   Yes.
17   Q.   In what states do you hold a license?
18   A.   Connecticut and Rhode Island.
19   Q.   And I assume one of the principal things
20 that you have learned in your practice of selling
21 insurance is that the words of the policy generally
22 control the insurance relationship between the insured
23 and the insuring company, correct?
24   A.   Correct.
25   MR. APOSTOLIDES:  Judge, I'm concerned that we're

# EXHIBIT E

ASHMAN, PROTO, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:07-cv-01508

Lewis et al v. Marathon Financial Insurance Corporation et al

Assigned to: Honorable Robert W. Gettleman

Demand: $75,000

Case in other court: Circuit Court of Cook County, 07 CH 06616

Cause: 28:1446 Petition for Removal

Date Filed: 03/19/2007
Date Terminated: 09/10/2007
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

## Plaintiff

**Bryan Lewis**
*individually and on behalf of all others similarly situated*

represented by **George P. Apostolides**
Arnstein & Lehr, LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606-3913
(312) 876-7100
Email: gapostolides@arnstein.com
*ATTORNEY TO BE NOTICED*

**Mary Cannon Veed**
Arnstein & Lehr, LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606-3913
(312) 876-7850
Fax: 312-876-6237
Email: mcveed@arnstein.com
*ATTORNEY TO BE NOTICED*

## Plaintiff

**Marquardt of Barrington, Inc.**
*on behalf of all others similarly situated*

represented by **George P. Apostolides**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary Cannon Veed**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Marathon Financial Insurance Corporation**

represented by **Eric S Lipper**
Hirsch & Westheimer, P.C.
Bank of America Center
700 Louisiana
Suite 2550
Houston, TX 77002
(713)220-9181
Email: elipper@hirschwest.com
*ATTORNEY TO BE NOTICED*

**Mark A. Schramm**
Law Offices of Mark A. Schramm
1 East Wacker Drive
Suite 2850
Chicago, IL 60601
(312) 222-9420
Email: marsch500@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Swiss Reinsurance America Corporation**

represented by **Stephen W. Schwab**
DLA Piper US LLP IL
203 North LaSalle Street
20th Floor
Chicago, IL 60601
(312) 368-4000
Email: stephen.schwab@dlapiper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carl H. Poedtke, III**
DLA Piper US LLP IL
203 North LaSalle Street
20th Floor
Chicago, IL 60601
(312) 368-7294
Email: carl.poedtke@dlapiper.com
*ATTORNEY TO BE NOTICED*

**Holly M Spurlock**
DLA Piper US LLP IL
203 North LaSalle Street
20th Floor
Chicago, IL 60601
(312) 368-3453
Email: holly.spurlock@dlapiper.com
*ATTORNEY TO BE NOTICED*

**Michael C Kasdin**
DLA Piper US LLP IL

203 North LaSalle Street
20th Floor
Chicago, IL 60601
(312) 368-4000
Email: michael.kasdin@dlapiper.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brokerage Professionals, Inc.**                represented by  **Paige Denise Waters**
Sonnenschein, Nath & Rosenthal, LLP
233 South Wacker Drive
Sears Tower
Chicago, IL 60606
Email: pwaters@sonnenschein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Anthony Andreoli**
Sonnenschein, Nath & Rosenthal, LLP
233 South Wacker Drive
Sears Tower
Chicago, IL 60606
(312)876-8000
Email: tandreoli@sonnenschein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer A. Barrett**
Sonnenschein, Nath & Rosenthal, LLP
233 South Wacker Drive
Sears Tower
Chicago, IL 60606
(312)876-8000
Email: jbarrett@sonnenschein.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hannover Reinsurance (Ireland) Limited**


V.

**Debtor in Possession**

**Automotive Professionals, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/19/2007 | 1 | NOTICE of Removal from Circuit Court of Cook County with copy of complaint and summons, case number (07 CH 06616) filed by Marathon |

| | | Financial Insurance Corporation (Exhibits). (smm) (Entered: 03/20/2007) |
|---|---|---|
| 03/19/2007 | 2 | CIVIL Cover Sheet. (smm) (Entered: 03/20/2007) |
| 03/19/2007 | 3 | ATTORNEY Appearance for Defendant Marathon Financial Insurance Corporation by Mark A. Schramm. (smm) (Entered: 03/20/2007) |
| 03/19/2007 | 4 | MEMORANDUM for clerk by Marathon Financial Insurance Corporation. (smm) (Entered: 03/20/2007) |
| 03/20/2007 | 6 | ATTORNEY Appearance for Defendant Brokerage Professionals, Inc. by Thomas Anthony Andreoli (Andreoli, Thomas) (Entered: 03/20/2007) |
| 03/20/2007 | 12 | MINUTE entry before Judge Robert W. Gettleman :Status hearing held. Plaintiffs are granted leave to file an Amended Complaint by 3/21/2007. Defendants' Response is due by 3/27/2007. Plaintiffs' Reply is due by 4/2/2007. Status hearing continued to 4/9/2007 at 11:00 AM.Mailed notice (rp, ) (Entered: 03/23/2007) |
| 03/21/2007 | 7 | ATTORNEY Appearance for Defendant Swiss Reinsurance America Corporation by Stephen W. Schwab (Schwab, Stephen) (Entered: 03/21/2007) |
| 03/21/2007 | 8 | ATTORNEY Appearance for Defendant Swiss Reinsurance America Corporation by Michael C Kasdin (Kasdin, Michael) (Entered: 03/21/2007) |
| 03/21/2007 | | MAILED Notice of Removal letter to Mary Cannon Veed. (smm) (Entered: 03/21/2007) |
| 03/21/2007 | 9 | *Second* AMENDED complaint by Bryan Lewis, Marquardt of Barrington, Inc. against all defendants (Attachments: # 1 Exhibit A-E)(Apostolides, George) (Entered: 03/21/2007) |
| 03/21/2007 | 10 | NOTICE by Bryan Lewis, Marquardt of Barrington, Inc. re amended complaint 9 (Apostolides, George) (Entered: 03/21/2007) |
| 03/22/2007 | 11 | ATTORNEY Appearance for Plaintiffs Bryan Lewis, Marquardt of Barrington, Inc. by Mary Cannon Veed (Veed, Mary) (Entered: 03/22/2007) |
| 03/23/2007 | 13 | Rule 7.1 Disclosure Statement by Swiss Reinsurance America Corporation (Kasdin, Michael) (Entered: 03/23/2007) |
| 03/23/2007 | 24 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Marathon Financial Insurance Corporation by Eric S Lipper; Order entered granting leave by Judge Robert W. Gettleman. Filing fee $50.00 paid, receipt number 10338531. (ar, ) (Entered: 03/27/2007) |
| 03/26/2007 | 14 | ATTORNEY Appearance for Defendant Swiss Reinsurance America Corporation by Carl H. Poedtke, III (Poedtke, Carl) (Entered: 03/26/2007) |
| 03/27/2007 | 15 | RESPONSE by Defendant Marathon Financial Insurance Corporation (Attachments: # 1 # 2 Exhibit)(Schramm, Mark) (Entered: 03/27/2007) |
| 03/27/2007 | 16 | RESPONSE by Defendant Brokerage Professionals, Inc. (Andreoli, Thomas) (Entered: 03/27/2007) |
| 03/27/2007 | 17 | MOTION by Defendant Marathon Financial Insurance Corporation to dismiss |

| | | (Attachments: # 1 Certificate of Service # 2 Exhibit # 3 Exhibit)(Schramm, Mark) (Entered: 03/27/2007) |
|---|---|---|
| 03/27/2007 | 18 | MOTION by Defendant Swiss Reinsurance America Corporation for protective order *(Entry Of A Restricting Order Pursuant to Local Rule 26.2)* (Attachments: # 1 Appendix # 2 Text of Proposed Order)(Poedtke, Carl) (Entered: 03/27/2007) |
| 03/27/2007 | 19 | *(With Certificate of Service)* NOTICE of Motion by Carl H. Poedtke, III for presentment of motion for protective order 18 before Honorable Robert W. Gettleman on 4/3/2007 at 09:15 AM. (Poedtke, Carl) (Entered: 03/27/2007) |
| 03/27/2007 | 20 | MOTION by Defendant Swiss Reinsurance America Corporation to dismiss *Pursuant to F.R.C.P. 12(b)(6)* (Attachments: # 1 Appendix)(Poedtke, Carl) (Entered: 03/27/2007) |
| 03/27/2007 | 21 | MEMORANDUM by Swiss Reinsurance America Corporation in support of motion to dismiss 20 (Poedtke, Carl) (Entered: 03/27/2007) |
| 03/27/2007 | 22 | *(With Certificate of Service)* NOTICE of Motion by Carl H. Poedtke, III for presentment of motion to dismiss 20 before Honorable Robert W. Gettleman on 4/3/2007 at 09:15 AM. (Poedtke, Carl) (Entered: 03/27/2007) |
| 03/27/2007 | 23 | RESPONSE by Defendant Swiss Reinsurance America Corporation *And Opposition To Plaintiff's Motion For Mandatory Injunction On An Emergency Basis* (Poedtke, Carl) (Entered: 03/27/2007) |
| 03/28/2007 | 25 | *AMENDED* NOTICE of Motion by Carl H. Poedtke, III for presentment of motion to dismiss 20 , motion for protective order 18 before Honorable Robert W. Gettleman on 4/4/2007 at 09:15 AM. (Poedtke, Carl) (Entered: 03/28/2007) |
| 03/28/2007 | 26 | ATTORNEY Appearance for Defendant Swiss Reinsurance America Corporation by Holly M Spurlock (Spurlock, Holly) (Entered: 03/28/2007) |
| 04/02/2007 | 27 | ATTORNEY Appearance for Defendant Brokerage Professionals, Inc. by Jennifer A. Barrett (Barrett, Jennifer) (Entered: 04/02/2007) |
| 04/02/2007 | 28 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Brokerage Professionals, Inc. (Barrett, Jennifer) (Entered: 04/02/2007) |
| 04/02/2007 | 29 | MOTION by Defendant Brokerage Professionals, Inc. for extension of time to file answer (Barrett, Jennifer) (Entered: 04/02/2007) |
| 04/02/2007 | 30 | NOTICE of Motion by Jennifer A. Barrett for presentment of motion for extension of time to file answer 29 before Honorable Robert W. Gettleman on 4/4/2007 at 09:15 AM. (Barrett, Jennifer) (Entered: 04/02/2007) |
| 04/02/2007 | 31 | MOTION by Defendant Swiss Reinsurance America Corporation for protective order *(AMENDED MOTION)* (Attachments: # 1 Text of Proposed Order) (Schwab, Stephen) (Entered: 04/02/2007) |
| 04/02/2007 | 32 | *(With Certificate of Service)* NOTICE of Motion by Stephen W. Schwab for presentment of motion for protective order 31 before Honorable Robert W. Gettleman on 4/4/2007 at 09:15 AM. (Schwab, Stephen) (Entered: 04/02/2007) |

| 04/02/2007 | 33 | REPLY by Plaintiffs Bryan Lewis, Marquardt of Barrington, Inc. (Attachments: # 1 Exhibit Exhibits A-H)(Apostolides, George) (Entered: 04/02/2007) |
| 04/02/2007 | 34 | NOTICE by Bryan Lewis, Marquardt of Barrington, Inc. re reply 33 (Apostolides, George) (Entered: 04/02/2007) |
| 04/04/2007 | 35 | MINUTE entry before Judge Robert W. Gettleman :Defendant Brokerage Professionals' motin for extension of time to 4/24/2007 to answer 29 or otherwise plead is granted.Mailed notice (gds, ) (Entered: 04/05/2007) |
| 04/06/2007 | 36 | RESPONSE by Bryan Lewis, Marquardt of Barrington, Inc.in Opposition to MOTION by Defendant Swiss Reinsurance America Corporation for protective order *(AMENDED MOTION)* 31 (Apostolides, George) (Entered: 04/06/2007) |
| 04/06/2007 | 37 | NOTICE by Bryan Lewis, Marquardt of Barrington, Inc. re response in opposition to motion 36 (Apostolides, George) (Entered: 04/06/2007) |
| 04/06/2007 | 38 | ATTORNEY Appearance for Defendant Brokerage Professionals, Inc. by Paige Denise Waters (hp, ) (Entered: 04/10/2007) |
| 04/09/2007 | 39 | MINUTE entry before Judge Robert W. Gettleman :Status hearing held. Motion 17 is withdrawn. Motion 20 is withdrawn. Motion 18 is deemed moot. Motion 31 is granted in part and counsel are to submit a proposed draft order. Dates for answer to current complaint are stricken. Plaintiff is given leave to file an amended complaint. Defendants are to produce contract documents by 4/18/07. Status hearing continued to 4/19/2007, at 10:30 A.M.Mailed notice (smm) (Entered: 04/18/2007) |
| 04/19/2007 | 40 | MINUTE entry before Judge Robert W. Gettleman :Status hearing held on 4/19/2007.Status hearing set for 5/11/2007 at 10:00 AM.Mailed notice (gds, ) (Entered: 04/20/2007) |
| 05/04/2007 | 41 | MOTION by Plaintiffs Bryan Lewis, Marquardt of Barrington, Inc.From Informal Protective Order (Veed, Mary) (Entered: 05/04/2007) |
| 05/04/2007 | 42 | NOTICE of Motion by Mary Cannon Veed for presentment of motion for miscellaneous relief 41 before Honorable Robert W. Gettleman on 5/4/2007 at 01:30 PM. (Veed, Mary) (Entered: 05/04/2007) |
| 05/04/2007 | 43 | NOTICE of Motion by Mary Cannon Veed for presentment of motion for miscellaneous relief 41 before Honorable Robert W. Gettleman on 5/4/2007 at 01:30 PM. (Veed, Mary) (Entered: 05/04/2007) |
| 05/04/2007 | 44 | NOTICE of Motion by Mary Cannon Veed for presentment of motion for miscellaneous relief 41 before Honorable Robert W. Gettleman on 5/9/2007 at 09:00 AM. (Veed, Mary) (Entered: 05/04/2007) |
| 05/04/2007 | 45 | NOTICE of Correction regarding notice of motion 42 . (air, ) (Entered: 05/07/2007) |
| 05/07/2007 | 46 | SUGGESTION of Bankruptcy as to Automotive Professionals, Inc. by Automotive Professionals, Inc. (Attachments: # 1 Exhibit A)(Bobo, Stephen) (Entered: 05/07/2007) |
| 05/09/2007 | 47 | Marathon Disclosure Statement by Marathon Financial Insurance Corporation |

| | | (Lipper, Eric) (Entered: 05/09/2007) |
|---|---|---|
| 05/09/2007 | 48 | MINUTE entry before Judge Robert W. Gettleman :Status hearing held on 5/9/2007. Status hearing date of 5/11/2007 is re-set to 5/15/2007 at 10:00 AM.Mailed notice (gds, ) (Entered: 05/11/2007) |
| 05/10/2007 | 50 | PROTECTIVE Order Signed by Judge Robert W. Gettleman on 5/10/2007. (td, ) (Entered: 05/15/2007) |
| 05/14/2007 | 49 | MINUTE entry before Judge Robert W. Gettleman :Status hearing is re-set to 5/30/2007 at 11:00 AM.Mailed notice (gds, ) (Entered: 05/14/2007) |
| 05/29/2007 | 51 | MINUTE entry before Judge Robert W. Gettleman :Status hearing is re-set to 6/12/2007 at 09:45 AM.Telephone notice (gds, ) (Entered: 05/29/2007) |
| 06/12/2007 | 52 | MINUTE entry before Judge Robert W. Gettleman :Status hearing held on 6/12/2007.Status hearing set for 6/28/2007 at 09:30 a.m.Mailed notice (gds, ) (Entered: 06/13/2007) |
| 06/29/2007 | 53 | MINUTE entry before Judge Robert W. Gettleman :Status hearing is re-set to 7/12/2007 at 09:30 a.m.Mailed notice (gds, ) (Entered: 06/29/2007) |
| 07/12/2007 | 54 | MINUTE entry before Judge Robert W. Gettleman :Status hearing held on 7/12/2007.Status hearing set for 9/5/2007 at 09:30 AM.mailed notice (gds, ) (Entered: 07/13/2007) |
| 08/30/2007 | 55 | MOTION by Plaintiffs Bryan Lewis, Marquardt of Barrington, Inc. to dismiss *and excuse notice* (Apostolides, George) (Entered: 08/30/2007) |
| 08/30/2007 | 56 | NOTICE of Motion by George P. Apostolides for presentment of motion to dismiss 55 before Honorable Robert W. Gettleman on 9/5/2007 at 09:30 AM. (Apostolides, George) (Entered: 08/30/2007) |
| 09/04/2007 | 57 | TRANSCRIPT of proceedings for the following dates: 3/20/07, 4/4/07, 4/9/07 and 4/19/07; Before the Honorable Robert W. Gettleman. (Vol. 1 through 4) (57-1 through 57-4)(air, ) (Entered: 09/05/2007) |
| 09/10/2007 | 58 | MINUTE entry before Judge Robert W. Gettleman :Plaintiffs'motion 55 is granted and this matter is dismissed without prejudice and without costs pursuant to FRCP 41(a)(2). Notice of the dismissal to FRCP 23(e)(1)(B) is excused. Civil case terminated. Mailed notice (vcf, ) (Entered: 09/20/2007) |
| 09/10/2007 | 59 | ORDER on motion to dismiss and excuse notice Signed by Judge Robert W. Gettleman on 9/10/2007.(vcf, ) (Entered: 09/20/2007) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/01/2008 10:43:03 | | |
| **PACER Login:** | hw0012 | **Client Code:** | 20070341 |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-01508 |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |