IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCES GECKER, not individually but as Chapter 11 trustee of the bankruptcy estate of Automotive Professionals, Inc. | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 08-CV-1550<br>)<br>) |
| MARATHON FINANCIAL INSURANCE CO., INC., RRG, | )<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER ON
MOTION TO WITHDRAW BANKRUPTCY REFERENCE**

This matter is before the Court on the motion of Defendant Marathon Financial Insurance, Inc., RRG ("Marathon") to withdraw the bankruptcy reference [1], pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011. Having considered the briefs of the parties [16, 18] and the arguments of counsel at the status hearing on July 10, 2008, the Court respectfully denies the motion without prejudice for the reasons stated below.

**I.     Background**

This matter has its genesis in the April 2007 Chapter 11 bankruptcy filing of Automotive Professional, Inc. ("API"). The API Chapter 11 action, Case No. 07-6720, is assigned to Chief Judge Doyle. In June 2007, Chief Judge Doyle, after hearing extensive argument, appointed Frances Gecker as Trustee of the API bankruptcy estate.

On February 15, 2008, the Trustee and the Creditors' Committee filed an adversary complaint, Case No. 08 A 00089, against Marathon concerning certain insurance contracts between Marathon and API. On February 29, 2008, Marathon filed a jury demand and it

subsequently has made clear its position that it will not consent to a jury trial in the bankruptcy court.  On March 17, 2008, Marathon filed in this Court its motion for withdrawal of the reference.  Three days later, on March 20, 2008, the Trustee filed in the bankruptcy court a motion to strike Marathon's jury demand.

This Court entered and continued the motion to withdraw the reference to await Chief Judge Doyle's ruling on the motion to strike.  On June 11, 2008, Chief Judge Doyle issued an opinion in which she denied the motion to strike, explaining that (i) all of the Trustee's claims "are legal in nature," (ii) four of those claims are non-core proceedings based on private state law causes of action, and (iii) Marathon has not waived its right to a jury trial.  *In re Automotive Professionals, Inc.*, ___ B.R. ___, 2008 WL 2358590, at *3-*8 (Bankr. N.D. Ill. Jun. 11, 2008).  The parties then submitted additional briefing on the motion to withdraw the reference and the Court heard argument on the motion at a July 10, 2008 status conference.

**II.    Analysis**

Although federal courts have original jurisdiction over all bankruptcy proceedings arising out of Title 11 of the Bankruptcy Code (see 28 U.S.C. § 1334), such cases are automatically referred to the Bankruptcy Court in the first instance.  See 28 U.S.C. § 157(a); *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 951 (7th Cir. 1996).   However, Section 157(d) provides that the district court may "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).[1]  A district court "has broad discretion in determining whether to withdraw a reference based on cause," but "permissive withdrawal is the exception, rather than the rule."  *In re K & R*

---

[1] Section 157(d) further states that the district court "shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  It does not appear that any party contends that "mandatory" withdrawal is appropriate here.

*Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007).  Application of the ordinary rule prevents withdrawal of the reference from becoming "an escape hatch from bankruptcy to district court." *In re HA 2003*, 2004 WL 609799, at *2 (N.D. Ill. Mar. 24, 2004).  Not surprisingly, when withdrawal of the reference is requested on the motion of a party, the courts have imposed on that party the burden of establishing that withdrawal is appropriate.  *Id*.

Congress did not define "for cause shown," but the courts consistently have held that the phrase encompasses a wide range of factors, including whether the claim or proceeding is core or non-core, considerations of judicial economy, convenience, the particular court's knowledge of the facts, promoting the uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial.  *In re K & R Express Sys.*, 382 B.R. at 446; see also *In re Sevko*, 143 B.R. 114, 117 (N.D. Ill. 1992).  The most important factor is whether a proceeding is core or non-core,[2] because "efficiency, uniformity and judicial economy concerns are largely subsumed within it."  *CDX Liquidating Trust v. Venrock Assocs.*, 2005 WL 3953895, at *1 (N.D. Ill. Aug. 10, 2005).  Yet, "the fact that a proceeding is non-core, by itself, does not establish 'cause' to withdraw" (*In re Conseco*, 324 B.R. at 54 n.2), and additional circumstances may be required to justify withdrawal of the reference.

Under the well-established standards set forth above, Marathon bears the burden of showing "cause" for invoking the exception instead of applying the rule.  Marathon's task is

---

[2] A core proceeding "invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."  *In re Coe-Truman Techs.*, 214 B.R. 183, 187 (N.D. Ill. 1997).  By contrast, a non-core proceeding is "only marginally related to the bankruptcy."  *In re Conseco*, 324 B.R. at 53.  The distinction is important, because a bankruptcy judge may render a final binding judgment in core proceedings, subject to appeal to the district court (28 U.S.C. § 157(b)(1), (c)(2)), while in non-core proceedings, the bankruptcy judge may only issue recommendations that are subject to *de novo* review in the district court (28 U.S.C. § 157(c)(1)).

aided in that the most significant factor weighs in favor of withdrawing the reference, for Chief Judge Doyle has ruled that at least four of the Trustee's claims are non-core proceedings. *In re Automotive Professionals, Inc.*, 2008 WL 2358590, at *6. Chief Judge Doyle's holding that Marathon has a right to a jury trial (*id*. at *1) and Marathon's insistence that any such a trial be held in the district court (see Marathon's Motion to Withdraw the Bankruptcy Reference [1], at 2) also plainly point in the direction of withdrawal of the reference.

However, several other factors militate against withdrawal of the reference, at least at this stage of the case. The most significant of those factors is judicial economy. Although the case before this Court was not filed until March 2008, the bankruptcy matter in which the adversary proceeding was filed has been pending for more than fifteen months. It is clear from the Court's review of the bankruptcy court docket sheet and the transcript submitted by the parties of the lengthy hearing on the motion to appoint a trustee that Chief Judge Doyle has gained substantial familiarity with the parties, their counsel, and the background issues of the case. She has a significant base of knowledge from which to manage the next steps of the adversary proceeding.

It would be premature to place much stock in predictions as to the likely course of the litigation. In response to the Court's inquiry at the July 10 hearing, the parties offered sharply divergent views as to the likelihood of this case actually proceeding to a jury trial. Nevertheless, at this juncture, it is safe to conclude that a jury trial remains a distant and speculative prospect. In addition, keeping the reference in place while the adversary proceeding takes shape would be more efficient for the parties, because they will have related matters before Chief Judge Doyle in any event.

Based on the foregoing analysis, the Court concludes that the pertinent factors under the "for cause shown" test cut both ways in roughly equal proportions. Logic and precedent dictate

that such a determination should lead to denial of Marathon's motion, given the presumption against permissive withdrawal and the burden on Marathon to overcome that presumption. If a motion to withdraw the reference were a one-time, up-or-down matter, the Court might be more inclined to attach greater significance to the non-core nature of the claims and the right to a jury trial. But courts frequently deny motions to withdraw the reference *without prejudice* to take advantage of the judicial economy that comes with the bankruptcy judge's familiarity with the parties and the issues and to allow the initial aspects of the case, including discovery and the possibility of settlement discussions, to develop. See, *e.g.*, *CDX Liquidating Trust*, 2005 WL 3953895, at *4; *In re Conseco Finance Corp.*, 324 B.R. at 56. At the same time, by denying the motion without prejudice, the Court leaves open the possibility that future developments in the case may result in a "tipping point," after which (i) the factors no longer will weigh in favor of retaining the matter in the bankruptcy court and (ii) any party that so desires may again seek withdrawal of the reference.

While some courts have suggested that the proper time to renew a motion to withdraw the reference is when the case is "ready for trial" (*CDX Liquidating Trust*, 2005 WL 3953895, at *4), it may well be that renewal of the motion would be appropriate at an earlier stage. For example, a district court may be inclined to withdraw the reference prior to the filing of dispositive motions on non-core claims in order to avoid the inefficiency of two different judges ruling on essentially the same motion (see n.2, *supra*). At this time and in this case, however, the Court concludes that judicial economy is better served by retaining the reference and allowing the parties to proceed before Chief Judge Doyle, who already has substantial familiarity with the parties and their relationships.

In short, while the Court recognizes the potential benefits of withdrawing the reference during the pre-trial stages of a case, based on the information that has been presented to date, the Court cannot conclude that Marathon has carried its burden of showing that this is an appropriate instance for applying the exception rather than the rule. Accordingly, the Court respectfully denies the motion to withdraw the reference without prejudice to renewing the motion if and when dispositive motions on non-core claims, or a jury trial, begin to appear on the horizon.

### III.   Conclusion

For the reasons stated above, Marathon's motion to withdraw the reference [1] is denied without prejudice.

Dated: July 21, 2008

_____
Robert M. Dow, Jr.
United States District Judge